UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION INC., on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BIOVAIL CORPORATION, BIOVAIL LABORATORIES. INC., BIOVAIL LABORATORIES INTERNATIONAL SRL, and SMITHKLINE BEECHAM CORP. and GLAXOSMITHKLINE, PLC,<br><br>Defendants. | C.A. No. 08-cv-2431 |
| ROCHESTER DRUG COOPERATIVE, INC., on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BIOVAIL CORPORATION, BIOVAIL LABORATORIES, INC., BIOVAIL LABORATORIES INTERNATIONAL SRL, SMITHKLINE BEECHAM CORP. and GLAXOSMITHKLINE PLC,<br><br>Defendants. | C.A. No.08-cv-2462 |

| | |
|---|---|
| AMERICAN SALES COMPANY, INC., | : |
| Plaintiff, | : C.A. No. 08-cv-2464 |
| v. | : |
| BIOVAIL CORPORATION, BIOVAIL LABORATORIES, INC., BIOVAIL LABORATORIES INTERNATIONAL SRL, and SMITHKLINE BEECHAM, D/B/A GLAXOSMITHKLINE, PLC, | : |
| Defendants. | : |

## [Proposed] CASE MANAGEMENT ORDER NO. 1

**WHEREAS**, *Meijer, Inc. and Meijer Distribution, Inc. v. Biovail Corp. et al.*, was filed on May 23, 2008, seeking damages for alleged injuries sustained by direct purchasers of Wellbutrin XL;

**WHEREAS,** *American Sales Company, Inc. v. Biovail Corp. et al.* was filed on May 27, 2008, making similar allegations;

**WHEREAS**, *Rochester Drug Cooperative v. Biovail Corp. et al.* was filed on May 27, 2008, making similar allegations;

**WHEREAS**, an action involving a future direct purchaser, or a proposed class of direct purchasers, of Wellbutrin XL may subsequently be filed or transferred to this Court;

**WHEREAS**, in order to promote judicial economy and avoid duplication, Plaintiffs in the above-captioned actions have requested the Court to provide for appointment of Interim Class Counsel for the proposed

2

classes of direct purchasers pursuant to Fed. R. Civ. P. 23(g)(3), and to consult with all other counsel about consolidation and coordination of other Direct and Indirect Purchaser Cases.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Pursuant to Rule 23(g) and after reviewing all the relevant factors, the Court designates Roda & Nast, PC as Interim Liaison Class Counsel and Hagens Berman Sobol Shapiro LLP; Kaplan Fox & Kilsheimer LLP; and Berger & Montague, P.C. as Interim Lead Class Counsel for the proposed class of Direct Purchasers. Lead and Liaison Counsel shall act as a group.

2. Lead/Liaison Counsel shall notify the Clerk of Court of any action brought on behalf of a direct purchaser, or a proposed class of direct purchasers, of Wellbutrin XL that has been subsequently filed or transferred to this Court.

3. This Order shall apply to each related case that is subsequently filed in this Court or transferred to this Court unless a party objecting to the consolidation files an Objection to Consolidation within fifteen (15) days of notice of this Order and the Court modifies the terms of this Order.

4. The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

5. Lead/Liaison Counsel shall consult with all other counsel about consolidation and coordination provisions, including but not limited to the following proposals:

   a. The Meijer, Inc. filing, civil action number 08-cv-2431, shall be designated the Lead Direct Purchaser Case. The Consolidated Class Action Complaint filed in civil action numbers 08-cv-2431, 08-cv-2462, and 08-cv-2464, is designated as the Master Complaint for the Direct Purchaser Actions, including for any subsequently filed or transferred cases involving a future direct purchaser, or proposed class of direct purchasers, of Wellbutrin XL. A Lead Direct Purchaser Case file will be established for the Direct Purchaser Actions and a docket sheet shall be maintained for that file which shall include all filings subsequently coordinated with the Lead Direct Purchaser Case.

   b. The clerk shall make the initial determination to consolidate new filings in this Court and the cases transferred to this Court from other courts, subject to review by the Court, *sua sponte*, or upon the timely filing of objections by an existing party to the case or parties to any newly filed or transferred case.

   c. Every pleading filed in the Lead Cases related to the Direct Purchaser Actions shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: WELLBUTRIN XL ANTITRUST LITIGATION | Case No. 2:08-cv-2431 |
| | **[DOCUMENT TITLE]** |
| THIS DOCUMENT RELATES TO: | **Hon. Mary A. McLaughlin** |
| Direct Purchaser Actions | |

    d.    Every pleading filed in the Lead Cases related to the Direct <u>and</u> Indirect Purchaser Actions shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: WELLBUTRIN XL ANTITRUST LITIGATION | Case No. 2:08-cv-2431 (Direct) |
| | Case No. 2:08-cv-2433 (Indirect) |
| THIS DOCUMENT RELATES TO: | **[DOCUMENT TITLE]** |
| ALL ACTIONS | **Hon. Mary A. McLaughlin** |

    e.    When a pleading or other court paper filed is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the

5

document shall indicate the action(s) to which the document is intended to be applicable.

 f. The docket sheet entry will reflect the fact that any particular filing relates to one or more, but less than all, of the plaintiffs. It is the obligation of counsel for the party undertaking such a filing to insure that any orders entered pursuant to such a filing reflect this limitation.

 g. Subsequently filed or transferred actions that assert claims on behalf of direct purchasers of Wellbutrin XL shall be consolidated with the Lead Case. When a case that relates to the subject matter of these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

  i. Note an appropriate entry on the docket sheet of the Lead Case, and draft a proposed order of consolidation;

  ii. Mail a copy of this order when entered and any subsequent case management orders to the attorneys for the plaintiffs and any new defendants designated in the newly filed or transferred case.

6. Lead Counsel shall consult with direct purchaser counsel and recommend to the Court a suggested Plaintiffs' Executive Committee for the direct purchaser cases.

6

7. All Plaintiffs' Counsel in the Direct Purchaser Actions shall keep contemporaneous time records and submit them in a timely manner in a procedure to be approved by the Court.

8. The Direct Purchaser Plaintiffs shall, if the Court deems it appropriate by later court order, coordinate activities with any end-payor Indirect Purchaser Wellbutrin XL Actions that have been, or may be filed, in this district.

**IT IS SO ORDERED.**

Dated: _____

_____
Mary A. McLaughlin
United States District Judge