Neal R. Marder (SBN: 126879)
Stacey N. Knox (SBN: 192966)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750
Email: nmarder@winston.com
  Attorneys for Defendant
  ANCHEN PHARMACEUTICALS, INC.

Charles M. Stern (State Bar No. 43870)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310-788-4400
Facsimile: 310-788-4471
Email: charles.stern@kattenlaw.com
  Attorneys for Plaintiff
  BIOVAIL LABORATORIES, INC.

FILED
CLERK, U.S. DISTRICT COURT
JUL 20 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CENTRAL JUSTICE CENTER

| | |
|---|---|
| BIOVAIL LABORATORIES, INC., a corporation of Barbados,<br><br>  Plaintiff,<br><br>  vs.<br><br>ANCHEN PHARMACEUTICALS, INC., a California corporation<br><br>  Defendant. | Case No. SACV 04-1468-JVS-(RCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to the Honorable James V. Selna |

DOCKETED ON CM
JUL 22 2005
BY _____ 021

1
STIPULATED PROTECTIVE ORDER

1   Plaintiff BIOVAIL LABORATORIES INC., a corporation of Barbados, and
2 Defendant ANCHEN PHARMACEUTICALS, INC., a California Corporation, have
3 stipulated to this Protective Order by their undersigned counsel.

4   The parties represent that pre-trial discovery in this case will necessarily focus
5 on matters that are confidential and proprietary to the on-going business of the parties,
6 and may require the production of the parties' respective research and development
7 efforts, clinical trials, proprietary product formulations, methods of manufacture, lists
8 of actual and potential customers, customer lists and material non-public financial
9 information and projections.

10   Such information falls within recognized categories of information which may
11 be protected from public disclosure through confidentiality designations under a
12 protective order. *See* Fed. Rule Civ. Proc. 26(c)(7) (allowing protection of "trade
13 secret or other confidential research, development or commercial information").

14   The parties further represent that public disclosure of such material poses a
15 substantial risk of great economic harm in that discovery of a party's trade secrets and
16 other proprietary commercial information would put the party at a competitive
17 disadvantage and would be a windfall to the discovering (competing) party.

18   For the foregoing reasons, good cause exists for entry of this Order to facilitate
19 pre-trial disclosure while assuring the safety of these sensitive disclosures. *See* Fed.
20 R. Civ. P. 26(c).

21   This Order shall apply to pre-trial out-of-court discovery and pre-trial filings
22 with the Court. The parties agree to confer in good faith, in consultation with the
23 Court, in establishing procedures for the use of materials designated as confidential in
24 any evidentiary hearing or trial, which may include a request to close the Courtroom
25 when confidential information may be revealed in the course of such hearing or trial.
26 In the absence of an agreement of the parties or further order of the Court, no
27 Confidential materials may be used in any public hearing or trial.
28

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of pre-trial proceedings in this action.

1. The word "document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation all original written, recorded or graphic matters and all copies thereof.

2. This Order shall govern the handling of certain documents produced in this action and designated "Confidential Pursuant to Court Order" as further set forth herein.

3. The parties may obtain confidential treatment, as defined in this Order, for such documents by typing or stamping "Confidential" (or words of similar import) on each page or to the front cover of the electronic version of the documents for which confidential treatment is desired. Pages so designated shall hereinafter be referred to as "Confidential Documents." Any Confidential Document or confidential information contained therein shall be used solely for the purpose of preparing for and conducting pretrial and trial proceedings in this action where counsel agree to be bound by the terms of this protective order. Nothing in this Order prevents a party from applying to the Court for permission to use confidential information in other court or agency proceedings. Nothing in this Order precludes the parties from agreeing to produce certain documents on a "trial counsel eyes only" basis, which shall be disclosed only to trial counsel of record, in the event that a party believes, in good faith, that the documents provided would reveal especially sensitive information, such as pricing, royalty rates, or future plans, that could cause irreparable harm if disclosed to persons other than trial counsel. Nothing in this Order precludes a party from redacting information from documents produced, so long as unredacted documents are made

available to trial counsel of record.

4. Documents made available for inspection and the information contained therein shall be treated as "Confidential Documents" under this Order until such time as copies of those documents shall be turned over, at which time only those portions of the documents bearing the "Confidential" stamp (and the Confidential information contained therein) shall continue to be entitled to receive "Confidential" treatment pursuant to the terms of this Order.

5. Nothing in this Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, even though the same information or documents may have been produced in discovery in this lawsuit and designated as Confidential.

6. Documents or portions thereof may be designated "Confidential" pursuant to the terms of this Order:

   (a) If the portion of the document discloses proprietary and confidential trade secrets or confidential research, development or commercial information, the disclosure of which to competitors, customers or employees would cause substantial harm to current legitimate business interests, or discloses information invasive of the legitimate privacy interests of individuals (for example, private medical information of subjects in a clinical study); or

   (b) if the Court shall rule such documents to be Confidential after appropriate notice and for good cause shown.

7. Deposition testimony may be designated Confidential by any participating party or third party or witness (a) during the deposition, hearing or trial, in which case the transcript of the designated testimony

shall be bound in a separate, sealed volume and marked "Confidential" by the reporter, or (b) within thirty (30) days after receipt of the transcript, in which case a separate transcript marked "Confidential" shall be requested and paid for by the designating party. The disclosing party may require that persons not authorized to review Confidential information be excluded from the deposition or any testimonial proceeding where Confidential information is likely to be revealed.

8. Documents, deposition transcripts, and other information may be designated as "Confidential" pursuant to Paragraph 3 above, after they have been produced without having been so designated, in the following manner:

   (a) Counsel for the Parties to whom such documents, testimony, or other information has been disclosed must be advised in writing of the new designation;

   (b) To the extent possible, the newly designated documents and the information contained therein shall be used only as allowed by this order; and

   (c) Counsel for the Designating Party will provide counsel for the party receiving notice with another copy of the documents, deposition transcripts, or other information, which bears the proper designation.

9. Except by prior Court Order or with the prior written consent of the designating party, documents and transcripts designated as "Confidential" hereunder (and the Confidential information contained therein) shall be disclosed only to the following persons:

   (a) the Court and its official personnel, provided that such Confidential documents shall be filed under seal pursuant to the procedures set forth in L.R. 79-5.1

5
STIPULATED PROTECTIVE ORDER

(b) personnel of any of the outside law firms of record representing any of the parties to this action to the extent necessary to provide representation to the party in connection with this action; court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids solely in providing litigation support services to outside counsel;

(c) any person of whom sworn testimony is taken, except that such person may not retain any such materials;

(d) jury consultants involved solely in providing litigation support services to outside counsel;

(e) independent experts (i.e., an individual not an employee or otherwise an agent of a party, who is retained or consulted by counsel solely for the purpose of assisting in this action), but only after following procedures set forth in paragraph 11 below; and

(f) any other person permitted to receive confidential information by order of the Court or by written agreement of the Parties. The parties agree that Kenneth Cancellara and Dina Khairo of Biovail Corporation are qualified under this section to review confidential information produced pursuant to this Order.

10. Before the disclosure of any confidential information to any person covered by subparagraphs 9(d), (e) or (f) hereof, such person shall be cautioned against the disclosure of said information to anyone else and shall be advised that the said information is the subject of a Court Order and such person shall acknowledge his/her agreement to abide by this Order and to be subject to the jurisdiction of this Court by signing a declaration in the form attached as Exhibit A, a copy of which shall be provided to counsel for all parties and non-parties who have produced

1     Confidential information under this Order.

2   11.   Prior to the production of confidential information to any independent expert under subparagraph 9(e), the party retaining the expert shall provide notice of the intended disclosure at least eight (8) business days before any disclosure. The notice shall be made by serving an executed declaration in the form attached as Exhibit A, along with a written statement setting forth that person's present residence address, business address, employer, job title and any past or present association with any party, and a curriculum vitae. If any party objects to the disclosure of confidential information to that person within seven (7) business days after receiving such notice, no such disclosure shall be made to that person without prior approval of the Court or the objecting party. Any objection shall state with particularity the basis for the objection. Although the objecting party shall have the ultimate burden of showing why that person should not have access to confidential information, the party seeking to disclose such information shall have the initial burden of moving the Court for permission to disclose information to such person. Pending resolution of any such motion, no disclosure of Protected Information shall be made to that person.

12.   If any counsel files with or submits to the Court (a) documents or transcripts afforded confidential treatment pursuant to this Order or (b) papers disclosing the confidential information contained in such documents or transcripts, such documents, transcripts or papers shall be filed under seal in accordance with L.R. 79-5.1. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, which shall also contain the following legend:

Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

7

STIPULATED PROTECTIVE ORDER

> *"Confidential"* "Pursuant to L.R. 79-5.1, This envelope contains documents that are subject to an Order governing the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of this Court."

Any document that is filed under seal shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for parties until further order of this Court.

13. Whenever a party objects to the treatment of a document or transcript as confidential as defined herein, it shall so notify the party requesting such confidential treatment in writing. Within 14 calendar days of receipt of said notice, the party requesting confidential treatment may apply to the Court for a ruling that the document or transcript shall be treated in the manner described in this Order. If no such application is made within 14 calendar days of such notification, the document in question shall thereafter be deemed not to be subject to Confidential treatment. If such application is made, the document or transcript shall be afforded the treatment described in this Order until the Court rules on such application. In any such application, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection under the terms of the Protective Order.

14. At the conclusion of this litigation (including any appeals), all documents or transcripts designated "Confidential" and any copies thereof, shall either be returned to the producing party, or counsel shall certify to the destruction of said documents. This Order shall continue to be binding after the conclusion of this litigation, except that there shall be no

8
STIPULATED PROTECTIVE ORDER

1  restriction on documents or transcripts that are (a) used as exhibits and/or
2  offered into evidence not under seal in the pretrial activities or trial of
3  this action, and (b) not covered by any subsequent and inclusive
4  confidentiality order.

5  15. Production of any confidential material by a non-producing party in
6  response to an apparently lawful subpoena, motion or order of or in any
7  court or other governmental agency shall not be deemed a violation of
8  any of the terms of this Order. However, the party receiving such
9  subpoena, motion or order shall first promptly notify the producing party
10 and prior to production, if it can be done without placing the non-
11 producing party in violation of the subpoena, motion or order, shall give
12 the producing party the opportunity to secure confidential treatment,
13 whether by protective order or otherwise, for such materials upon terms
14 comparable to those applicable to such materials under the terms of this
15 Order and/or to seek to block the production.

16 16. Non-parties, including witnesses, who provide discovery in this action
17 may invoke the provisions of this Order.

18 17. Subject to subparagraph (g) below, the inadvertent or unintentional
19 disclosure of information, documents or things which the Producing
20 Party believes are subject to attorney-client privilege, attorney work
21 product, or any other claim of immunity from production shall not
22 constitute a waiver of the respective privilege or immunity, provided that
23 the Producing Party shall promptly upon discovery of the inadvertent or
24 unintentional disclosure notify the Receiving Party in writing that the
25 information, document or thing is subject to such a privilege or
26 immunity.
27 (a) Without prejudice to the right of any party to apply to Court for
28      further protection or disclosure relating to discovery, inadvertent

*Winston & Strawn LLP*
*333 South Grand Avenue, 38th Floor*
*Los Angeles, CA 90071-1543*

9
STIPULATED PROTECTIVE ORDER

production of documents or information shall be handled as follows: Immediately upon receiving notice from the Producing Party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the Receiving Party shall not further review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.

(b) The Receiving Party shall, within three (3) business days from the date said written notice is received, return to the Producing Party any document or thing identified by the Producing Party as subject to such privilege or immunity, and all copies thereof, and shall destroy all notes, summaries, compilations or other documents concerning or that include information disclosed in same that may have been prepared by the Receiving Party. The Receiving Party shall not seek an order compelling production of inadvertently disclosed documents on the ground that the Producing Party has waived or is estopped from asserting the privilege or immunity based on the inadvertent production. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of privilege or immunity, nor shall anything herein prevent the Receiving Party from challenging the privileged status of any inadvertently or unintentionally produced information, document or thing or asserting that it should be producible for any reasons other than a waiver caused by the inadvertent or unintentional production.

(c) If the Receiving Party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the Receiving

|   |     |     |
|---|-----|-----|
| 1 |     | Party shall provide the Outside Counsel for the Producing Party with a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged within fourteen (14) days after receipt of the Producing Party's request for return. |
| 6 | (d) | Outside Counsel for the Producing Party shall respond in writing to Receiving Party's Outside Counsel's timely challenge to the privilege or immunity claim within seven (7) days from receipt of the challenge. |
| 10 | (e) | In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the Receiving Party has fourteen (14) days from receipt of the Producing Party's written response to the privilege challenge to file a motion seeking an order compelling production of the inadvertently produced documents or information. In the event that a motion is made, the Producing Party shall have the burden of proving that the produced documents or information are privileged. |
| 18 | (f) | Within five (5) days of the Receiving Party's timely filing of a motion seeking an order compelling production of the inadvertently produced documents or information, the Producing Party shall file under seal with the Court a copy of the inadvertently produced documents or information for in camera inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court shall be provided to the moving party. |
| 26 | (g) | Notwithstanding any other provision of this Protective Order, once a document or information has been identified for use in a deposition, cited in a pleading or discovery response, used as an |

Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

11
STIPULATED PROTECTIVE ORDER

exhibit to a pleading filed with the Court, identified for use at trial or disclosed to the Court, a party may not invoke the provisions of this paragraph 10 to seek recovery of the document or information.

18. To the extent that any discovery material has been produced by any party or non-party prior to the entry of this Order, the Producing Party may retroactively designate such material as confidential pursuant to the terms of this Order.

19. Notice under this Protective Order shall be to the parties as indicated on the signature page below.

20. This Order may be modified, amended or vacated by further order of the Court upon the motion of any party for good cause shown.

SO ORDERED.

Dated: 7/20/2005

_____
United States ~~District~~ Judge
*MAGISTRATE*

Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

| | |
|---|---|
| 1  Approved as to form: | |
| 2  Dated: July 13, 2005 | KATTEN MUCHIN ROSENMAN LLP |
| 3 | |
| 4 | By: _____ |
| 5 | Charles M. Stern (State Bar No. 43870) |
| | KATTEN MUCHIN ROSENMAN LLP |
| 6 | 2029 Century Park East, Suite 2600 |
| | Los Angeles, CA 90067-3012 |
| 7 | Telephone: 310-788-4400 |
| | Facsimile: 310-788-4471 |
| 8 | |
| | Eric C. Cohen (Illinois SBN 04373685) |
| 9 | Charles Krikorian (Illinois SBN 6229638) |
| 10 | KATTEN MUCHIN ROSENMAN LLP |
| | 525 West Monroe Street |
| 11 | Chicago, Illinois 60661-3693 |
| | Telephone: 312-902-5200 |
| 12 | Facsimile: 312-902-1061 |
| 13  Dated: _____, 2005 | WINSTON & STRAWN LLP |
| 14 | |
| 15 | |
| 16 | By: _____ |
| | Neal R. Marder (Cal. Bar No. 126879) |
| | Stacey N. Knox (Cal. Bar No. 192966) |
| 17 | WINSTON & STRAWN LLP |
| | 333 South Grand Avenue, 38th Floor |
| 18 | Los Angeles, California 90071-1543 |
| | Telephone: 213-615-1700 |
| 19 | Facsimile: 213-615-1750 |
| 20 | John E. Mooney |
| | Don J. Mizerk |
| 21 | Natalie G. Mitchell |
| | WINSTON & STRAWN LLP |
| 22 | 35 West Wacker Drive |
| | Chicago, Illinois 60601 |
| 23 | Telephone: (312)558-5600 |
| | Facsimile: (312)558-5700 |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

13
STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | Approved as to form: |
| 2 | Dated: _____, 2005    KATTEN MUCHIN ROSENMAN LLP |
| 4 | |
| 5 | By: _____ |
| | Charles M. Stern (State Bar No. 43870) |
| | KATTEN MUCHIN ROSENMAN LLP |
| 6 | 2029 Century Park East, Suite 2600 |
| | Los Angeles, CA 90067-3012 |
| 7 | Telephone: 310-788-4400 |
| | Facsimile: 310-788-4471 |
| 8 | |
| | Eric C. Cohen (Illinois SBN 04373685) |
| 9 | Charles Krikorian (Illinois SBN 6229638) |
| 10 | KATTEN MUCHIN ROSENMAN LLP |
| | 525 West Monroe Street |
| 11 | Chicago, Illinois 60661-3693 |
| | Telephone: 312-902-5200 |
| 12 | Facsimile: 312-902-1061 |
| 13 | Dated: July 13, 2005    WINSTON & STRAWN LLP |
| 16 | By: _____ |
| | Neal R. Marder (Cal. Bar No. 126879) |
| | Stacey N. Knox (Cal. Bar No. 192966) |
| 17 | **WINSTON & STRAWN LLP** |
| | 333 South Grand Avenue, 38th Floor |
| 18 | Los Angeles, California 90071-1543 |
| | Telephone: 213-615-1700 |
| 19 | Facsimile: 213-615-1750 |
| 20 | John E. Mooney |
| | Don J. Mizerk |
| 21 | Natalie G. Mitchell |
| | **WINSTON & STRAWN LLP** |
| 22 | 35 West Wacker Drive |
| | Chicago, Illinois 60601 |
| 23 | Telephone: (312)558-5600 |
| | Facsimile: (312)558-5700 |

(Left margin: Winston & Strawn LLP, 333 South Grand Avenue, 38th Floor, Los Angeles, CA 90071-1543)

13
**STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| BIOVAIL LABORATORIES, INC., a corporation of Barbados<br><br>Plaintiff,<br><br>vs.<br><br>ANCHEN PHARMACEUTICALS, INC., a California corporation<br><br>Defendant. | Case No. SACV 04-1468-JVS (RCx)<br><br><br><br>Assigned to the Honorable James V. Selna |

**DECLARATION**

I, _____, declare under penalty of perjury that:

(a) My present residential address is _____.

(b) My present employer is _____ and the address of my present employer is _____.

(c) My present occupation or job description is _____.

(d) I have received and carefully read the Stipulated Protective Order dated _____, 2005, and understand its provisions. I agree to abide and be bound by its provisions, and hereby subject myself to the jurisdiction of the Court for purposes of this action.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____          _____
Date                                                                    Signature

14
LA:150667.1                          STIPULATED PROTECTIVE ORDER

*Winston & Strawn LLP*
*333 South Grand Avenue, 38th Floor*
*Los Angeles, CA 90071-1543*

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) F.R.C.P. 5(b)
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, 38th Floor, Los Angeles, CA 90071-1543. On July 14, 2005, I **caused to be served** the within document:

## STIPULATED PROTECTIVE ORDER

X   I sent such document from facsimile machine 213-615-1750 on July 14, 2005. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelop(s) addressed to the parties listed below.

X   by placing the document(s) listed above in a sealed envelopes with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by *causing* the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐   by sending them via Federal Express.

Charles M. Stern (State Bar No. 43870)
KATTEN MUNCHIN ZAVIS
ROSENMAN
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310-788-4400
310-788-4471 (fax)

Eric C. Cohen (Illinois SBN 04373685)
Charles Krikorian (Illinois SBN 6229638)
KATTEN MUNCHIN ZAVIS
ROSENMAN
525 West Monroe Street
Chicago, Illinois 60661-3693
312-902-5200
312-902-1061 (fax)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on July 14, 2005, at Los Angeles, California.

Rachelle H. Guillory

LA:150762.1

PROOF OF SERVICE