*KARAS, S.*

SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/06

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

BIOVAIL LABORATORIES
INTERNATIONAL SRL,

    Plaintiff/Counterclaim-Defendant,

    v.

WATSON LABORATORIES, INC.,

    Defendant/Counterclaim-Plaintiff,

    v.

SMITHKLINE BEECHAM CORPORATION,
dba GlaxoSmithKline,

    Counterclaim-Defendant.

Case No. 1:05-cv-07799-KMK

**STIPULATED PROTECTIVE
ORDER**

WHEREAS Plaintiff/Counterclaim-Defendant Biovail Laboratories International SRL ("Biovail"), Defendant/Counterclaim-Plaintiff Watson Laboratories, Inc. ("Watson") and Counterclaim-Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GlaxoSmithKline") (collectively, the "Parties") are parties to the above-referenced patent infringement case;

WHEREAS Biovail, Watson and GlaxoSmithKline compete in the pharmaceutical industry, and discovery in this civil action, Case No. 1:05-cv-07799-KMK (hereinafter, the "Litigation") will involve the disclosure of certain documents, things and information (collectively, "material(s)") in the possession, custody or control of the Parties, or non-parties, that constitute or contain trade secrets and/or other confidential research, development, proprietary, technical or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7);

WHEREAS such materials must be protected in order to preserve the legitimate business interests of the Parties or non-parties;

WHEREAS the Parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of the Litigation and preventing unnecessary dissemination or disclosure of such confidential materials; and

WHEREAS the Parties have established good cause for entry of this Protective Order;

THEREFORE, for good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), all discovery and other materials exchanged by the Parties or non-parties, or filed with the Court, in this Litigation shall be subject to the following conditions:

## I.    SCOPE OF PROTECTIVE ORDER

1.    This Protective Order shall apply to, and govern, all materials (or portions thereof) that are subject to discovery or otherwise produced, served or filed in this Litigation that are owned, possessed, or controlled by a Party or a non-party (the "Designating Party") and that the Designating Party, in good faith, believes constitute or contain the Designating Party's trade secrets and/or other confidential research, development, proprietary, technical or commercial information ("Confidential Discovery Material"), as set forth under Federal Rule of Civil Procedure 26(c)(7). This Protective Order shall also encompass any information that can be derived therefrom, and all copies, photographs, excerpts and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

2.    The protections and obligations of this Protective Order shall extend to any non-party from whom materials are sought, which materials the non-party believes constitute or contain Confidential Discovery Material. Any such non-party may secure the protections, and therefore be obligated under, this Protective Order by agreeing in writing to produce any

2

Confidential Discovery Material pursuant to this Protective Order and to be bound by it. No further order of the Court shall be necessary to extend the protections of this Order to any non-party.

## II.    CONFIDENTIALITY DESIGNATIONS (TWO-TIER)

3.    Each Party and any non-party shall have the right to designate as confidential and subject to this Protective Order any Confidential Discovery Material that is entitled to protection under Federal Rule of Civil Procedure 26(c)(7), by marking such Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." It shall be the duty of the Party or non-party who seeks to invoke protection under this Protective Order to give notice, in the manner set forth below in Section III of the Confidential Discovery Material designated to be covered by this Protective Order (the "Designated [CONFIDENTIAL or HIGHLY CONFIDENTIAL] Material"). The duty of the other Parties and of all other persons bound by this Protective Order to maintain the confidentiality of Confidential Discovery Material so designated shall commence with such notice.

4.    Each Party and all other persons bound by the terms of this Protective Order shall use any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Party or non-party other than itself only for the purpose of preparing for or conducting this Litigation, and shall not use any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material governed by this Protective Order for any other purpose. By way of example only, and without limitation, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" material shall not be used: (a) to prepare or prosecute any future or pending patent application for the receiving Party relating to bupropion; (b) in connection with any filing to, or communication with, the U.S. Food & Drug Administration or any similar agency relating to Watson's ANDA or bupropion product; or (c) in connection with any submission to, or communication with, the United States

3

Pharmacopeia or any similar organization. The attorneys of record for the Parties shall exercise reasonable care to ensure that the materials governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons. All confidential materials produced during the course of discovery here shall be used only for the purpose of conducting and preparing for this Litigation including appeals and shall not be given, or made available or communicated to or summarized in any way to anyone except persons specified in Paragraph 17, below, who have read and are bound by the terms of this Protective Order.

     5.     If any Party: (a) is subpoenaed in another action; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a party to this Litigation, seeking material that was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by someone other than that party, the Party shall give prompt actual written notice, by hand or facsimile transmission, within three (3) business days or receipt of such subpoena, demand or legal process, to those who produced or designated the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall object to its production by setting forth the existence of this Protective Order. Should the person seeking access to the material take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, it shall be the responsibility of the Party who produced the Confidential Material to intervene and respond. Nothing herein shall be construed as requiring the Party who produced the Confidential Material or anyone else covered by this Protective Order to challenge or appeal any order requiring production of material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**A.    "CONFIDENTIAL" Material**

6.    Under this Protective Order, Confidential Discovery Material may be marked as "CONFIDENTIAL" if, and only if, the Designating Party would not disclose the material to the public in the normal course of business.

7.    "CONFIDENTIAL" Material shall include: (a) all copies, extracts and complete or partial summaries prepared from material designated as "CONFIDENTIAL"; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such "CONFIDENTIAL" material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such "CONFIDENTIAL" material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such "CONFIDENTIAL" material; and (e) deposition testimony designated in accordance with Paragraphs 15-16 below.

**B.    "HIGHLY CONFIDENTIAL" Material**

8.    Under this Protective Order, Confidential Discovery Material may be designated as "HIGHLY CONFIDENTIAL" if, and only if, that Confidential Discovery Material is "CONFIDENTIAL" material as set forth in Paragraphs 6 and 7 above and contains or discloses information relating to, referencing, or pertaining to proprietary, technical or financial information (e.g., internal sales figures, costs, pricing, profits, and future sales projections), the disclosure of which, on good faith, the Designating Party believes may have an adverse effect on the Designating Party; could harm the Designating Party's business advantage (e.g., business plans, marketing plans, production capacity, launch information, customer lists, and technical information); or otherwise contains or discloses information relating to, referencing, or pertaining to a trade secret or other confidential research, development or commercial information.

5

9. "HIGHLY CONFIDENTIAL" material shall include: (a) all copies, extracts, and complete or partial summaries prepared from material designated as "HIGHLY CONFIDENTIAL"; (b) portions of deposition transcripts and exhibits thereto that contain, summarize or reflect the content of any such "HIGHLY CONFIDENTIAL" material; (c) portions of briefs, memoranda or any other writings filed with the Court and exhibits thereto that contain, summarize or reflect the content of any such "HIGHLY CONFIDENTIAL" material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such "HIGHLY CONFIDENTIAL" material; and (e) deposition testimony designated in accordance with Paragraphs 15-16 below.

## III. DESIGNATING MATERIALS AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL"

### A. Documents and Things

10. "CONFIDENTIAL" Material: The Designating Party may designate any material (including, but not limited to, exhibits, briefs, memoranda, discovery responses or other information, material or discovery) constituting or containing Confidential Discovery Material by stamping or labeling each page of that material with either the legend "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" at the time the document or thing, or a copy thereof, is provided to the receiving Party.

11. "HIGHLY CONFIDENTIAL" Material: The Designating Party may designate certain material for the higher level of confidentiality set forth in Paragraphs 8 and 9 above, by stamping or labeling each page of that material "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." The provisions of this Order that apply to material designated as "CONFIDENTIAL" also shall apply to material marked "HIGHLY CONFIDENTIAL."

6

12.    The inadvertent failure by a producing Party to designate specific material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such material. Upon notice to the receiving Party of such failure to designate, the receiving Party shall cooperate to restore the confidentiality of the inadvertently disclosed material. With respect to all material provided for inspection by the Designating Party's counsel, designation by stamping or labeling as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by the Designating Party's counsel shall be treated as though designated as "HIGHLY CONFIDENTIAL" at the time of the inspection.

**B.    Deposition Transcripts and Exhibits**

13.    A Party or non-party may designate testimony (or portions thereof) provided in a deposition and deposition exhibits as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" subject to this Protective Order either (1) during the deposition or (2) by written notice to the reporter and all counsel of record provided within fourteen (14) days after the deposition transcript is received by the Designating Party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party. Until expiration of that fourteen (14) day period, the entire deposition and all exhibits thereto will be treated as "HIGHLY CONFIDENTIAL" under this Protective Order. If no Party or non-party timely designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any material provided in a deposition, then none of the transcript or exhibits (unless previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") will be treated as confidential; if a timely designation is made,

7

the confidential portions and exhibits, and all copies of those portions and exhibits, shall be treated as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material pursuant to the terms of this Protective Order. A Designating Party is not required to re-designate deposition exhibits previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to retain the protection of this Confidential Discovery Material under this Protective Order.

14.     Deposition transcripts containing testimony with Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER" or a similar statement. Any deponent may review the transcript from his/her own deposition that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to ensure that it is accurate and complete, but no deponent, other than individuals authorized in Section IV below, may retain or copy any portion of a deposition transcript that contains Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material without written permission of the Designating Party.

**C.     Deposition Testimony**

15.     At any deposition session, when counsel for a Party or non-party deems that the answer to a question will result in the disclosure of Confidential Discovery Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure or the Local Civil Rules of the Court, to direct that the testimony shall be treated as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material and subject to this Protective Order.

16.     Counsel for the Party or the non-party whose Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is involved also may request that all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 17 below, who may have

8

access to such Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

## IV. PERSONS TO WHOM "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL MAY BE DISCLOSED

17.     Subject to the conditions set forth below, Confidential Discovery Material may be disclosed only as follows:

a.     Materials designated as "CONFIDENTIAL" pursuant to this Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be disclosed only to the following persons:

(1)     The Court and its official personnel, including Court reporters;

(2)     Any outside attorney who has filed an appearance in this Litigation and serves as Outside Counsel to any Party to this Litigation, together with his/her law firms' active members, associate attorneys, paralegals, legal assistants and office staff working on this Litigation ("Counsel of Record"); and

(3)     Three designated business persons or in-house counsel on behalf of Biovail; three designated business persons or in-house counsel on behalf of Watson; and three designated business persons or in-house counsel on behalf of GlaxoSmithKline as follows:

(i)     For Watson: [to be agreed upon by the parties]

(ii)     For Biovail: [to be agreed upon by the parties]

(iii)     For GlaxoSmithKline: [to be agreed upon by the parties]

9

Each designation is subject to the approval of the other Party, such approval not to be unreasonably withheld, and may only be changed if the designated person(s) are no longer employed (either voluntarily or involuntarily) or no longer associated in any way with the respective Parties to this Litigation. However, before any such designated business person or in-house counsel may have access to any Designated CONFIDENTIAL Material, he/she must execute a copy of the Confidentiality Undertaking, attached hereto as Exhibit A, which shall be circulated to counsel for all Parties to this Litigation;

(4)     A deponent at a deposition, where such person was the author or specified recipient of the Confidential Discovery Material or is a present officer, director or employee for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials;

(5)     Outside experts or consultants retained by the non-designating party to assist in this Litigation (and the expert's or consultant's staff, stenographic and clerical employees whose duties and responsibilities require access to such materials), who are not past or present full-time employees of that non-designating Party or any other Party or of an affiliate of that non-designating Party or any other Party, provided that any such expert or consultant executes a Confidentiality Undertaking in the form attached as Exhibit A hereto and satisfies all other conditions set forth in Section V below;

(6)     Translators, third-party photocopy or imaging services contractors, or other third-party contractors producing or preparing graphic or visual aids or

10

demonstrative or other exhibits, who are involved solely in providing litigation support services to Counsel of Record (as defined above in Subparagraph 17(a)(2));

    (7) Jury consultants or trial consulting services (collectively, "jury consultant") involved solely in providing litigation support services to Counsel of Record (as defined above in Subparagraph 17(a)(2));

    b. Materials designated as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be disclosed only to the persons designated in Subparagraphs 17(a)(l), (a)(2), (a)(4), (a)(5), (a)(6) and (a)(7) above, subject to any conditions set forth in this Protective Order.

## V. PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL" MATERIALS TO AN EXPERT OR CONSULTANT

  18. Before counsel for a non-designating party may disclose material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to an outside expert or consultant described in Paragraph 17(a)(5), above, that counsel shall give advance notice as follows: Counsel for the non-designating Party seeking to make the disclosure shall provide written notice (by, at minimum, facsimile followed by a copy sent the same day by e-mail) to counsel for the Designating Party or non-party, and all other Parties to this Litigation, of the name, address, business affiliation and curriculum vitae of the person(s) to whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking attached hereto as Exhibit A. Counsel for the non-designating Party need not specifically identify the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material intended to be disclosed.

19. The Designating Party shall have seven (7) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the Designating Party expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing (by, at minimum, facsimile followed by a copy sent the same day by e-mail) to counsel for the Party seeking to make the disclosure and all other Parties to the Litigation.

20. If the Parties or Party and non-party are unable to resolve any objection, and the Party seeking to make the disclosure indicates that it still intends to disclose the material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the person or persons in question, the Designating Party or non-party must file a motion with the Court (and serve such motion on all Parties to this Litigation) seeking a protective order to prevent the disclosure of such material to such person or persons. Such motion must be filed with the Court within fifteen (15) business days of receiving the initial notification under Paragraph 18, above, unless agreed otherwise in writing between or among the counsel involved. The burden of demonstrating good cause for the requested relief shall lie with the objecting Party or non-party (*i.e.*, the Designating Party). A failure to object or file a motion within the requisite time limit shall be deemed a waiver of the objection. Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the Party seeking to make the disclosure and the Party or non-party objecting to the disclosure (*i.e.*, the Designating Party), no disclosure shall be made to the objected-to person or persons.

12

## VI.  PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL" MATERIAL TO PERSONS NOT COVERED BY PARAGRAPH 17

21.  Before counsel for a non-designating Party may disclose Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to any person, and in any manner, not authorized by Section IV above, that counsel must give advance notice (by facsimile followed by a copy sent the same day by e-mail) to the Designating Party, and all other Parties to this Litigation, of the name, address, and business affiliation of the person to whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking attached hereto as Exhibit A.

22.  The Designating Party shall have seven (7) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the Designating Party expires, or, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing (by, at minimum, facsimile followed by a copy sent the same day by e-mail) to the counsel for the Party seeking to make the disclosure and all other Parties to this Litigation. Failure by the Designating Party to object within the requisite time limits shall be deemed a waiver of the objection.

23.  If the Parties are unable to resolve any objection, and the Party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to the person or persons in question, the Party seeking disclosure must file and serve a motion with the Court seeking an order allowing the disclosure to take place. The burden of demonstrating good cause for allowing access to the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall lie with the Party seeking disclosure (i.e., the non-designating Party). Upon a timely objection and motion, and during the

13

periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the Party seeking to make the disclosure and the Party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

## VII. FILING "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" MATERIAL

24.     Any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The Party filing any paper that contains, summarizes, or reflects any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall file such paper in a sealed envelope, or other appropriately sealed container, that indicates: (a) the case caption; (b) the name of the document if it can be disclosed publicly, otherwise an appropriate title by which the document may be identified on the public docket; (c) the name, address and telephone number of the person filing the document; and (d) the legend "CONFIDENTIAL — FILED UNDER SEAL" or a similar statement.

25.     Briefs or other documents filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material and/or to which CONFIDENTIAL or HIGHLY CONFIDENTIAL material is attached shall be served on the Parties in both a redacted and an unredacted form. The redacted form of the filings can be shared with designated in-house counsel and/or in-house business persons (as set forth in Paragraph 17(a)(3) above) for the receiving Party. Counsel for any Party that in good faith believes that certain critical information that has been redacted should be disclosed to the Party's designated in-house counsel and/or business persons, shall notify counsel for the Redacting Party, and all other Parties to the Litigation, in writing (by, at a minimum, facsimile followed by a copy sent the same day by e-mail) making such request and identifying the redacted information that the Party seeks to un-redact. Counsel for the Redacting Party shall respond to any such request by the close of

14

business (5:00 p.m.) on the second (2nd) business day following the date on which the request is received. If the Parties are unable to resolve any such request, and the Party seeking to make the disclosure indicates that it still intends to disclose the redacted information to its designated in-house counsel and/or business persons, the Party seeking the disclosure shall contact the Court to seek the Court's intervention to allow the disclosure to take place.

26.     The Parties also are obligated to comply with any applicable Local Civil Rules or the electronic case filing guidelines of the United States District Court for the Southern District of New York in connection with the filing of any material under seal. *and* *a* *file* *for* *public*
*Filing* *redacted* *versions* *of*
*my* *submissions.*

## VIII.   MISCELLANEOUS

### A.     Additional Protection

27.     This Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing of good cause, such additional protection with respect to the confidentiality of material as that Party or non-party may consider appropriate.  Nor shall any Party be precluded from: (a) claiming that any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is not entitled to the protection of this Protective Order; (b) applying to the Court for an Order permitting the disclosure or use of material otherwise prohibited by this Protective Order; or (c) applying for an Order modifying this Protective Order in any respect. No Party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

### B.     Material Not Subject to the Protective Order

28.     This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Discovery Material for any purpose.

29.     The restrictions set forth in this Protective Order shall not apply to the use or disclosure by a Party of material designated as "CONFIDENTIAL" or "HIGHLY

15

CONFIDENTIAL" that the Party lawfully obtained independent of this Litigation, or which: (a) was, is, or will become public knowledge in a manner other than through a violation of this Order; (b) is lawfully obtained from a third party that has authority to provide such material and without restriction as to disclosure; or (c) the receiving Party can establish that the material was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving Party without the use of Confidential Discovery Material.

### C.    Removal of Protection

30.    If a Party objects to the classification of any material or transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party shall, in writing (by, at minimum, facsimile followed by a copy sent the same day by e-mail), so inform the Designating Party, specifying the material or transcript over which an objection is raised and the reasons supporting the objection. Once informed of an allegedly improper designation, the Designating Party shall have five (5) business days (from the receipt of the notice by facsimile and/or e-mail, whichever is earlier) to respond in writing and provide its bases for the asserted designation. Failure to provide a written response within the required five- (5) business day period is deemed a waiver of any claim to protection for that particular material or transcript under this Protective Order.

31.    Within three (3) business days after the Designating Party serves the bases for the asserted designation(s) (by facsimile and/or e-mail, whichever is earlier), the Parties must conduct a good faith conference to discuss the continued validity of the asserted designation(s).

32.    To the extent the Parties are unable to reach an agreement concerning an appropriate designation, the objecting Party may file and serve an appropriate motion within seven (7) business days after conferring with the Designating Party as set out in Paragraph 31 above. In the event a motion is filed, the designated material shall continue to be treated as

16

CONFIDENTIAL or HIGHLY CONFIDENTIAL until the designation issue is resolved by an order of the Court or by agreement of the Parties.

33.    For any motion filed with the Court arising under this Section C ("Removal of Protection"), the Party asserting the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation bears the burden of establishing the appropriateness of any such designation.

34.    Failure to file a motion within the requisite period set out above (*i.e.*, seven (7) business days after conferring with the Designating Party) shall constitute waiver of the right to file any such motion.

**D.    Protection of Documents on Other Privilege Grounds**

35.    This Protective Order is intended to provide a mechanism for the handling of Confidential Discovery Material for which there is no objection to disclosure or production other than confidentiality as a trade secret or other confidential research, development, proprietary, technical or commercial information.  Each Party reserves the right to object to any production or disclosure of any material it deems Confidential on any other ground it may deem appropriate, including without limitation, the attorney-client privilege or work product immunity.

**E.    Inadvertent Disclosure**

36.    Inadvertent production of material protected by and subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).  Inadvertent production of such protected material shall be handled as follows, but is without prejudice to the right of any Party to apply to the Court for further protection or disclosure relating to discovery:

a.    Immediately after receiving written notice from the producing Party that material subject to the attorney-client privilege, work product immunity or otherwise immune from discovery has been inadvertently produced, the receiving Party shall not copy or

17

disseminate such material, and, subject to Subparagraph 35(b) below, the receiving Party shall return such material and any copies to the producing Party as soon as possible but not later than within fourteen (14) days.

   b.  Upon written notification by the producing Party of an inadvertent production and request for return of all originals and copies, the receiving Party shall return the inadvertently produced material (and return or certify in writing to the destruction of all copies thereof) within fourteen (14) days of receiving the producing Party's written request for return, unless the receiving Party has a good faith basis for asserting that the material is not protected by any privilege or immunity. If the receiving Party believes it has a good faith basis for challenging the privilege or immunity claim, the receiving Party need not return such material until ordered to do so by a final order of the District Court. Within fourteen (14) days after receipt of the producing Party's request for return, counsel for the receiving Party shall provide counsel for the producing Party with a written explanation of the good faith basis for refusing to return the inadvertently produced material. In the event that the inadvertently produced material is not returned based upon the receiving Party's timely written explanation of the good faith basis for refusing to return the material, the producing Party has fourteen (14) days from receipt of the receiving Party's written explanation to file a motion with the Court seeking an order compelling the return of the inadvertently produced material. Failure of the producing Party to file such a motion within fourteen (14) days from receipt of the receiving Party's written explanation waives any claim of privilege or immunity as to the inadvertently produced material at issue.

   c.  Once inadvertently produced material has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise

disclosed to the Court, the producing Party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this three- (3) week period shall constitute a waiver of any and all applicable privileges or immunities with respect to the inadvertently produced material only.

        d.    Should any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the same under this Order, then the disclosing Party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing Party shall: (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request that such person sign the Confidentiality Undertaking in the form attached hereto as Exhibit A. The executed Confidentiality Undertaking shall be promptly served by overnight mail upon the Designating Party.

### F.    Disposition of Confidential Discovery Material Following Conclusion of Litigation

37.    Upon final termination of this Litigation, unless otherwise agreed to in writing by counsel for the Designating Party, each Party shall within sixty (60) days assemble and return or destroy all Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, including all copies, extracts and summaries thereof, to the Party or non-party from whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material was obtained, except that counsel may retain copies of pleadings and materials that are of record in the Litigation, subject to the confidentiality provisions of this Protective Order. All counsel shall make written certification of compliance herewith and shall deliver the same to counsel for the Party or the non-party who produced the documents not more than sixty (60) days after the final termination of this Litigation.

19

38.     No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel for each Designating Party, or by an Order of this Court for good cause shown. The termination of this Litigation shall not automatically terminate the directives or obligations of this Protective Order.

39.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to their clients in this Litigation and, in the course thereof, relying generally on examination of Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated, unless permitted in Paragraph 17 above.

40.     No Party shall be responsible to another Party for any use made of material that was produced and not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

41.     This Protective Order shall continue to be binding after the conclusion of this Litigation and the Court shall retain limited jurisdiction over the Parties hereto for purposes of enforcing any obligations imposed hereby.

42.     In the event any material or transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder is used in any court proceeding in this Litigation or any appeal therefrom, such material or transcript shall not lose its status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" through such use. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any material or transcript used in the course of any court proceedings and shall incorporate such procedures, as appropriate, in the pretrial order.

43.     All counsel for the Parties who have access to material or transcripts designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order acknowledge that they are bound by this Protective Order to submit to the jurisdiction of this Court for purposes of enforcing this Order.

**G.     Violation of Protective Order**

44.     Any violation of this Protective Order may constitute a contempt of Court and be punishable as such, and may subject the offending Party or non-party to such additional and further remedies as may be available to the aggrieved Party or non-party.

**H.     Effect upon Execution of Protective Order**

45.     Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by all of the Parties, it will be treated as though it has been "So Ordered."

**I.     Retained Jurisdiction**

46.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

**J.     Miscellaneous Provisions**

47.     The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

48.     Adherence to this Protective Order in no way constitutes an admission by any Party that any information provided in this Litigation and not subject to this Protective Order is not proprietary or confidential.

21

49.     This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person, nor obligate any Party or person to provide any discovery to which it asserts objections.

50.     It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this Litigation. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause. In the event such an application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

BIOVAIL LABORATORIES
INTERNATIONAL SRL,

By: _____

Donna M. Praiss (DP-7182)
Estelle J. Tsevdos (*pro hac vice*)
Shawn Patrick Regan (SR-0925)
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1000

Thomas G. Slater, Jr. (*pro hac vice*)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200

*Attorneys for Plaintiff/Counterclaim-Defendant Biovail Laboratories International SRL*

WATSON LABORATORIES, INC.,

By: Paul Molino

William A. Rakoczy (WR-2717)(*pro hac vice*)
Paul J. Molino (PM-2566)(*pro hac vice*)
Amy D. Brody (AB-2729) (*pro hac vice*)
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
Telephone: (312) 222-6301

Barry S. White (BW-8322)
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 558-0800

*Attorneys for Defendant/Counterclaim-Plaintiff Watson Laboratories, Inc.*

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE,

By: _____

Dennis J. Mondolino (DJM-2211)
Jason A. Lief (JAL-7742)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
Telephone: (212) 547-5400

*Attorneys For Counterclaim-Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline*

SO ORDERED this 27th day of July , 2006.

_____
U.S.D.J.

23

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL, : | |
| : | |
| Plaintiff/Counterclaim-Defendant, : | |
| : | |
| v. : | Case No. 1:05-cv-07799-KMK |
| : | |
| WATSON LABORATORIES, INC., : | |
| : | **EXHIBIT "A" TO STIPULATED** |
| Defendant/Counterclaim-Plaintiff, : | **PROTECTIVE ORDER** |
| : | |
| v. : | |
| : | |
| SMITHKLINE BEECHAM CORPORATION, : d/b/a GlaxoSmithKline, | |
| : | |
| Counterclaim-Defendant. : | |

## CONFIDENTIALITY UNDERTAKING

I, _____, being duly sworn, state that:

(a)  My present residential address is _____

_____.

(b)  My present employer is _____

_____and the address of my present employer

is_____.

(c)  My present occupation or job description is _____

_____

(d)  I have received and carefully read the Stipulated Protective Order in the above captioned case, entered by the Court on _____, 2006.  I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms.  Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

_____

SUBSCRIBED and SWORN to before me

this _____ day of _____, 200__.

Notary Public

My Commission Expires _____

56839.000008 NEW_YORK 223329v4