[Counsel listed on signature page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WELLBUTRIN XL ANTITRUST LITIGATION | CASE NO. 2:08-CV-2431 (direct)<br>CASE NO. 2:08-CV-2433 (indirect) |
| THIS DOCUMENT RELATES TO ALL CASES | **[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**Hon. Mary A. McLaughlin** |

  Based upon the representations and submissions of the parties, the Court's records and files in this matter, and good cause appearing therefore, the Court enters the following Protective Order to govern the discovery and use of confidential materials in this action.  IT IS HEREBY ORDERED that:

  1. HIGHLY CONFIDENTIAL INFORMATION, as defined herein, disclosed by a plaintiff, a defendant, or a third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used solely for purposes of this action.

  2. Each page of each document produced pursuant to discovery in this action shall bear, by producing party, a unique identifying number.  If a third party produces documents without labeling them with unique identifying numbers, the party that requested the third party's documents shall label the third-party documents and distribute them to all parties to this litigation.

  3. As used herein, HIGHLY CONFIDENTIAL INFORMATION refers to information that a producing party claims in good faith to be its confidential business information or commercial information within the meaning of Fed. R. Civ. P. 26(1)(G).

Information to be treated under this Protective Order as HIGHLY CONFIDENTIAL INFORMATION shall include:

    a.    Initial and pretrial disclosure and information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with a "HIGHLY CONFIDENTIAL" legend.

    b.    Information revealed by inspection of things or premises under Fed. R. Civ. P. 34 under terms to be agreed upon by the parties through good-faith negotiations in connection with any such inspection. Designation by stamping or labeling as HIGHLY CONFIDENTIAL need not be made with respect to all materials provided for inspection by a producing party's counsel until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by the producing party's counsel shall, consistent with the instructions of the producing party, be treated as HIGHLY CONFIDENTIAL INFORMATION at the time of the inspection.

    c.    Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, for thirty (30) days (or less, if the time to designate is shortened either by agreement of the parties or by Court order) following receipt of the transcript by counsel for the producing party, but not thereafter, unless, before the 30-day period has expired, counsel for the producing party notifies counsel for the receiving party in writing that HIGHLY CONFIDENTIAL INFORMATION is set forth in the transcript and specifies in writing which portions of the transcript disclose such information, or unless, during the deposition, counsel for the producing party or any other party designates portions of the transcript to be HIGHLY CONFIDENTIAL INFORMATION; and

    d.    Information disclosed by any party or nonparty in *Biovail Laboratories, Inc. v. Abrika LLLP*, Case No. 04-CV-61704 (S.D. Fla.) (Altonaga, J.), *Biovail Laboratories,*

*Inc. v. Anchen Pharmaceuticals, Inc.*, Case No. 8:04-CV-01468 (C.D. Cal.) (Selna, J.), *Biovail Laboratories Inc. v. Impax Laboratories*, Case No. 2:05-CV-01085 (E.D. Pa.) (Brody, J.), *Biovail Laboratories Int'l SRL v. Watson Laboratories, Inc.*, Case No. 1:05-CV-07799 (S.D.N.Y.) (Karas, J.) (the "underlying patent litigations"), whether such information was disclosed through discovery, correspondence, court filings, court hearings, or otherwise, and which was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or ATTORNEY EYES ONLY in the underlying litigation(s).

    4.  A variety of designations were used for confidential information in the underlying patent litigations, depending on the varying terms of the protective orders from those underlying patent litigations. To the extent that any documents, discovery responses, transcripts, pleadings, or other materials that were designated by the parties to the underlying litigations are re-produced for (or the information in them is incorporated into materials for) the present litigations, information that was previously designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY EYES' ONLY" under the underlying patent litigation protective orders shall be treated as if it was designated as "HIGHLY CONFIDENTIAL" under this Order. No party shall be required to apply new unique identifying numbers or confidentiality legends to materials from the underlying patent litigations that already have such numbers or legends.

    5.  Access to information designated as HIGHLY CONFIDENTIAL shall be limited to the following persons:

      a.  Outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees or contractors of those attorneys whose functions require access to HIGHLY CONFIDENTIAL INFORMATION;

      b.  One in-house attorney for each named representative of the purported Direct and Indirect Purchaser Classes, whose names shall be disclosed in advance to any party or third party producing HIGHLY CONFIDENTIAL INFORMATION, and stenographic, clerical, and legal assistant employees or contractors of those attorneys whose functions require access to

HIGHLY CONFIDENTIAL INFORMATION, provided that they shall first execute an Agreement To Abide By Protective Order in the form of Exhibit A attached hereto.

        c.      Three in-house counsel for each defendant and their affiliates, whose names shall be disclosed in advance to any party or third party producing HIGHLY CONFIDENTIAL INFORMATION, and stenographic, clerical, and legal assistant employees or contractors of those attorneys whose functions require access to HIGHLY CONFIDENTIAL INFORMATION, provided that they shall first execute an Agreement To Abide By Protective Order in the form of Exhibit A attached hereto.

        d.      Outside experts or consultants retained by the receiving party or its counsel, such as independent technical experts, accountants, statisticians, economists, or other consultants, whose advice and consultation are being or will be used by such party or its counsel in connection with this action, including their stenographic or clerical personnel, provided that disclosure to such experts or consultants and their stenographic and clerical personnel shall be made only according to the conditions of Paragraph 6 below;

        e.      The Court and authorized staff;

        f.      Court reporters, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any party;

        g.      Outside jury consultants, participants in jury studies (provided they sign non-disclosure agreements and are not permitted to take any confidential materials with them when they are done with the jury study), and trial consultants (including, but not limited to, graphics consultants); and

        h.      Any other person that all parties and any producing third party have agreed to in advance in writing, according to Paragraph 8 below.

    6.    a.      Counsel desiring to disclose HIGHLY CONFIDENTIAL INFORMATION to experts or consultants pursuant to Subparagraph 5.d. shall first obtain a signed Agreement To Abide By Protective Order in the form of Exhibit A attached hereto from

4

each such expert or consultant who would require access to HIGHLY CONFIDENTIAL INFORMATION.

        b.     No party shall disclose another party's HIGHLY CONFIDENTIAL INFORMATION to any expert or consultant who has previously spent any time in the past four years working on commercial matters, research and development, or regulatory issues for companies involved in the development, manufacturing, marketing or sale of pharmaceutical products until after the expiration of a ten (10) business day period commencing with the service by email upon counsel for the producing party of a copy of the signed Agreement To Abide By Protective Order, a curriculum vitae (including employment history) of the expert or consultant, including a list of publications, and a list of the expert's or consultant's clients in any ongoing consultations and any consultations within the last four years relating to the pharmaceutical field or industry.  During the ten (10) day period after such service, counsel for the producing party may object to the anticipated disclosure (which would otherwise be permitted to occur after the expiration of the 10-day waiting period) only for good cause.  A receiving party may reasonably request a shortening of the time period within which the consent sought pursuant to this paragraph is to be granted or denied, which request for a shortened time period shall not be unreasonably denied by the producing party.  In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within two (2) business days, the party requesting the shortened time period may request appropriate relief from the Court.  The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

        c.     In the event of any objection to a proposed expert's access to HIGHLY CONFIDENTIAL INFORMATION, there shall be no disclosure of HIGHLY CONFIDENTIAL INFORMATION to such expert or consultant, except by further order of the Court or by agreement of the parties.  If the parties are unable to reach any agreement over the disclosure of

HIGHLY CONFIDENTIAL INFORMATION to the expert or consultant, either party may request by motion that the Court issue an order on the question of whether disclosure is permitted. The party opposing the disclosure of HIGHLY CONFIDENTIAL INFORMATION to an expert or consultant bears the burden of persuasion on any motion brought under this Paragraph. In the event of the filing of any such motion, there shall be no disclosure of HIGHLY CONFIDENTIAL INFORMATION to the expert or consultant, pending resolution of the motion by the Court.

       d.     Nothing in this Paragraph shall be deemed a disclosure for purposes of Rule 26(b)(4)(A) or shall modify any of the restrictions in Fed. R. Civ. P. 26(b)(4)(B).

    7.     This Paragraph number is not used.

    8.     With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that a question or line of questioning calls for the disclosure of HIGHLY CONFIDENTIAL information, before such disclosure, counsel may designate on the record that the disclosure is HIGHLY CONFIDENTIAL. Whenever matter so designated is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may request that persons not entitled under this Order to receive such information be excused. The list of persons to whom HIGHLY CONFIDENTIAL INFORMATION may be disclosed, identified in Paragraph 5, may be expanded or modified by mutual agreement in writing by counsel for the designating party and the receiving party or parties without the need to modify this Order.

    9.     HIGHLY CONFIDENTIAL INFORMATION shall not be made public by the receiving party, shall be used only by persons permitted access to such information under Paragraph 5 of this Order, and shall be used consistently with the limits on use set forth in Paragraphs 1, 10, and 15 of this Order.

    10.    Any HIGHLY CONFIDENTIAL INFORMATION, and any copies, excerpts, or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for

purposes of this litigation and may not be used for any other purpose, including without limitation any business or commercial purpose or other litigation.

11.     The recipient of any HIGHLY CONFIDENTIAL material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

12.     In every submission or filing with the Court, every document (including motions, memoranda, deposition transcripts, or other items) containing HIGHLY CONFIDENTIAL INFORMATION shall be filed with the Clerk under seal in an envelope or container on the face of which shall be stamped:

> **CONFIDENTIAL**
>
> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ____, 2009, shall not be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

Submissions filed under seal shall not be available for inspection except by the Court and authorized persons as set forth in Paragraph 5 of this Order.

13.     The acceptance of HIGHLY CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the HIGHLY CONFIDENTIAL INFORMATION has been properly designated as such.  Any receiving party may at any time request that the designating party withdraw the HIGHLY CONFIDENTIAL designation with respect to any document, object, or information.  Such request shall be made to counsel for the designating party and shall particularly identify the designated HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends has been inappropriately designated and the reasons supporting its contention.  If the designating party does not agree to remove the HIGHLY CONFIDENTIAL designation within ten (10) business days, then the party

contesting the designation may request by motion that the Court redesignate the information as appropriate. The burden of demonstrating that the information is HIGHLY CONFIDENTIAL shall be on the designating party. Notwithstanding the foregoing, should a dispute concerning the propriety of a designation arise during the course of a deposition, the requirement of ten-days' prior written notice shall be inoperative, and Court intervention may be sought immediately.

14. This Protective Order shall not prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive HIGHLY CONFIDENTIAL INFORMATION, as identified herein, if the examination concerns HIGHLY CONFIDENTIAL INFORMATION to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by the document itself or by foundation testimony. This Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of HIGHLY CONFIDENTIAL INFORMATION, so long as such examination shall be in a manner that does not disclose the details of the HIGHLY CONFIDENTIAL INFORMATION. HIGHLY CONFIDENTIAL INFORMATION of a producing party may be used to examine, during depositions and at trial (or other court hearing), any person who is at the time of examination employed by or affiliated with the producing party, any person who was employed with the producing party during the relevant period of this litigation, or any person who was retained by the producing party (*e.g.*, outside counsel or experts) in connection with the underlying patent litigations and who had access to the confidential information as part of that previous retention.

15. HIGHLY CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion hearing, and during depositions, and may be offered in evidence at trial or at any hearing, unless otherwise ordered by the Court, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to Paragraphs 5, and 14 but may not be used for any other purpose except as expressly provided herein or by further Order of the Court.

16. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

17. Should a producing party in the course of this litigation inadvertently or mistakenly disclose HIGHLY CONFIDENTIAL INFORMATION without designating it as such, the producing party shall, promptly after discovering the inadvertent or mistaken disclosure, notify all receiving parties of the proper designation. Immediately upon receiving such notice, the receiving party shall begin treating the information in accordance with the manner in which it has been redesignated. To the extent that such information has previously been shared by the receiving party with persons who are not authorized to have access to the information as redesignated, the receiving party shall take appropriate steps to retrieve the information and to ensure that this Order is being complied with in all respects.

18. Should any HIGHLY CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such HIGHLY CONFIDENTIAL INFORMATION and to bind such person to the terms of this Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Protective Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party; and (d) request such person to sign the Agreement To Abide By Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its execution by the party to whom HIGHLY CONFIDENTIAL INFORMATION was disclosed.

19. Nothing in this Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-

product immunity, or any other applicable immunity or privilege, nor shall this Order be construed to require disclosure in instances where such disclosure would breach an agreement with another to, or violate a court order to, maintain such information in confidence. Any party that refuses to disclose any information based on the existence of an agreement with another or a court order to maintain its confidentiality shall identify the existence of the agreement or order in response to any request for the information. The parties agree to work in good faith to resolve any third-party confidentiality issues.

20. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to claim of immunity or privilege, upon request the information for which a claim of inadvertent production is made shall be returned or destroyed within seven (7) days of such request. Moreover, any notes or summaries referring or relating to any such inadvertently or mistakenly produced information subject to claim of immunity or privilege shall be destroyed. Within seven (7) days of the producing party's request for return or destruction of the inadvertently or mistakenly produced documents, the producing party shall provide a privilege log corresponding to the inadvertently or mistakenly produced documents. The party returning the inadvertently or mistakenly produced information may, as appropriate, move the Court for an Order compelling production of such information relying on the information presented in the privilege log, but the pendency of any such a motion or any dispute regarding the legitimacy of the claim of privilege or work product shall not entitle the moving party to retain or use the information. All of the protections of FRE 502, including but not limited to FRE 502(d), apply to inadvertently or mistakenly produced privileged or work product materials. If a party subsequently re-produces in redacted form a document that had previously been inadvertently produced and then was returned or destroyed in its entirety based on a request under this

Paragraph, the subsequently-reproduced, redacted version of the document shall bear the same Bates number as the originally-produced document, along with an "-R" suffix.

21. The restrictions and obligations set forth in this Protective Order relating to HIGHLY CONFIDENTIAL INFORMATION shall not apply to any information that (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party; or (c) is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of HIGHLY CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

22. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nothing herein shall prevent any party from disclosing its own HIGHLY CONFIDENTIAL INFORMATION in any manner that it considers appropriate.

23. This Protective Order shall survive the termination of this action. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.

24. After final termination of this action, the counsel designated in Paragraph 5 hereof may each retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, and deposition transcripts and transcripts of Court proceedings. Additionally, any HIGHLY CONFIDENTIAL INFORMATION that is incorporated into the emails, notes, internal memorandum, and other work product of outside counsel of record may be retained. After final termination of this action, counsel for the receiving party either shall return to the producing party all additional HIGHLY CONFIDENTIAL INFORMATION in their possession, custody, or control or in the custody of any authorized agents, experts, and consultants, or shall certify in writing to the producing party that such information has been

destroyed. As to HIGHLY CONFIDENTIAL INFORMATION reflected in computer databases or backup tapes, the receiving party shall delete all such HIGHLY CONFIDENTIAL INFORMATION or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the HIGHLY CONFIDENTIAL INFORMATION. Any materials retained as permitted by this Paragraph shall be treated in accordance with the terms of this Protective Order so long as they continue to exist.

25. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this action.

26. In the event any person or entity subject to the terms of this Protective Order is served with a subpoena or request for production of HIGHLY CONFIDENTIAL material covered by this Protective Order, it will give sufficient notice to the producing party to allow the producing party a reasonable opportunity to intervene to oppose such production. In no event shall the person receiving the subpoena or other process produce HIGHLY CONFIDENTIAL material of any producing party in response to the subpoena or other process unless and until such person has: (i) received written authorization from counsel for the producing party to produce said HIGHLY CONFIDENTIAL material or (ii) been ordered to do so by a court of competent jurisdiction.

27. All notices, disclosures, and requests (including but not limited to the those required under Paragraphs 6, 13, and 20) required or permitted by this Protective Order shall be served by email by the close of the business day (5:00 p.m. MT), with confirmation by regular mail to the counsel of record if the email includes voluminous attachments or the sender of the email has any reason to believe that the email did not go through. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the close of the business day that the email was received.

28. The recipient of any HIGHLY CONFIDENTIAL material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

29. This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**STIPULATED AND AGREED TO BY:**

DATED: June 17, 2009

/s/ Joseph F. Roda
Joseph F. Roda
Dianne M. Nast (DMN 1791)
Erin C. Burns
**RODANAST, P.C.**
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000
Fax: (717) 892-1200

David F. Sorensen
Eric L. Cramer
Peter Kohn
Daniel Simons
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604

Thomas M. Sobol
David S. Nalven
Debra Gaw Josephson
**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Main Street
Cambridge, MA 02142
Telephone: (617) 482-3700
Fax: (617) 482-3003

Linda P. Nussbaum
John D. Radice
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Fax: (212) 687-7714

*Counsel to Direct Purchaser Plaintiffs*

/s/ Kenneth Wexler
Kenneth A. Wexler
Jennifer Fountain Connolly
Amber M. Nesbitt
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
Email: kaw@wexlerwallace.com
   jfc@wexlerwallace.com
   amn@wexlerwallace.com

*Attorneys for Indirect Purchaser Plaintiff Plumbers and Pipefitters Local 572 Health and Welfare Fund*

David J. Cohen (PA 74070)
Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 496-8282
Facsimile: (215) 496-0999
Email: dcohen@smbb.com
   phoward@smbb.com

*Attorneys for Indirect Purchaser Plaintiffs Plumbers and Pipefitters Local 572 Health and Welfare Fund and IBEW-NECA Local 505 Health and Welfare Plan*

James G. Stranch, III
J. Gerard Stranch, IV
Branstetter Stranch & Jennings PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
Email: jims@branstetter.com
   gerards@branstetter.com

*Attorneys for Indirect Purchaser Plaintiffs Plumbers and Pipefitters Local 572 Health and Welfare Fund and Mechanical Contractors United Association Local 119 Health and Welfare Plan*

J. Cecil Gardner
Kimberly Calametti Walker
The Gardner Firm
1119 Government Street
Post Office Drawer 3103
Mobile, AL 36652
Telephone: (251) 433-8100
Facsimile: (251) 433-8181
Email: jcg@thegardnerfirm.com
   kwalker@thegardnerfirm.com

*Attorneys for Indirect Purchaser Plaintiffs IBEW-NECA Local 505 Health and Welfare Plan and Mechanical Contractors United Association Local 119 Health and Welfare Plan*

Joe R. Whatley, Jr.
Richard P. Rouco
Whatley Drake & Kallas, LLC
2001 Park Place N., Suite 1000
Birmingham, AL  35203
Telephone:  (205) 328-9576
Facsimile:  (205) 328-9669
Email:  jwhatley@wdklaw.com
         rrouco@wdklaw.com

*Attorneys for Indirect Purchaser Plaintiff IBEW-NECA Local 505 Health and Welfare Plan*

Marvin A. Miller
Lori A. Fanning
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  (312) 332-3400
Facsimile:  (312) 676-2676
Email: MMiller@millerlawllc.com
        LFanning@millerlawllc.com

Joseph Burns
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL  60603
Telephone:  (312) 372-1646
Facsimile:  (312)580-7175
Email:  jburns@jbosh.com

Dianne M. Nast
Erin C. Burns
Roda Nast, P.C.
801 Estelle Drive
Lancaster, PA  17601
Telephone:  (717) 892-3000
Facsimile:  (717) 892-1200
Email:  dnast@rodanast.com
        eburns@rodanast.com

*Attorneys for Indirect Purchaser Plaintiff Painters District Council No. 30 Health and Welfare Fund*

15

Kendall S. Zylstra
Jacob A. Goldberg
Faruqui & Faruqui, LLP
Kendall S. Zylstra
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA 19006
Telephone: (215) 914-2460
Facsimile: (215) 914-2462
Email: kzylstra@faruqilaw.com
      jgoldberg@faruqilaw.com

Nadeem Faruqi
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: Nfaruqi@faruqilaw.com

***Attorneys for Indirect Purchaser Plaintiff Mechanical Contractors United Association Local 119 Health and Welfare Plan***

Michael J. Boni
Joanne Zack
Joshua D. Snyder
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 820-0200
Facsimile: (610) 820-0206
Email: mboni@bonizack.com
      jzack@bonizack.com
      jsnyder@bonizack.com

Christopher M. Burke
Kristen M. Anderson
Scott & Scott, LLP
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: cburke@scott-scott.com
      kanderson@scott-scott.com

David R. Scott
Scott & Scott, LLP
PO Box 192
108 Norwich Avenue
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email: drscott@scott-scott.com

***Attorneys for Indirect Purchaser Plaintiff Bricklayers and Masons Local Union No. 5 Ohio Health and Welfare Fund***

/s/  Michael P. Stadnick

| | |
|---|---|
| Arthur Makadon<br>Edward Rogers<br>Susanna Greenberg<br>BALLARD SPAHR ANDREWS & INGERSOLL, LLP<br>51st Floor<br>1735 Market Street<br>Philadelphia, Pennsylvania  19103<br>Telephone:  (215) 864-8122<br>Facsimile:  (215) 864-9751 | *Of Counsel:*<br>John M. Desmarais<br>Michael P. Stadnick<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York  10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br><br>David Gersch<br>James W. Cooper<br>Daniel Pariser<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, NW<br>Washington, DC  20004<br>Telephone:  (202) 942-5125<br>Facsimile:  (202) 942-5999 |

***Attorneys for Defendants SmithKline Beecham Corp. and GlaxoSmithKline plc***


/s/  Amanda Tessar

| | |
|---|---|
| Daniel J. Boland, Esq.<br>Thomas E. Zemaitis, Esq.<br>Pepper Hamilton, LLP<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>Facsimile: (215) 981-4750 | *Admitted Pro Hac Vice*:<br>M. Sean Royall, Esq.<br>GIBSON DUNN & CRUTCHER LLP<br>2100 McKinney Avenue<br>Dallas, TX 75201<br>Telephone: (214) 698-3256<br>Facsimile: (214) 571-2923<br><br>Monique M. Drake, Esq.<br>Amanda Tessar<br>GIBSON DUNN & CRUTCHER LLP<br>1801 California Street<br>Denver, CO 80202<br>Telephone: (303) 298-5957<br>Facsimile: (202) 313-2815 |

***Attorneys for Biovail Corp., Biovail Laboratories, Inc., and Biovail Laboratories International SRL***

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June __, 2009  _____
The Honorable Mary A. McLaughlin
United States District Judge

100676688_2.DOC

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WELLBUTRIN XL ANTITRUST LITIGATION | CASE NO. 2:08-CV-2431 (direct)<br>CASE NO. 2:08-CV-2433 (indirect) |
| THIS DOCUMENT RELATES TO ALL CASES | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

      I have read the Protective Order applicable to the above-captioned action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for purposes of the enforcement of the Protective Order. I understand, in particular, that any HIGHLY CONFIDENTIAL INFORMATION, and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose. I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, including being held in contempt of court and liability for monetary damages. A copy of my curriculum vitae is attached hereto.

AGREED TO AND ACCEPTED:

Dated:

                                                                _____

100676688_2.DOC