UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WELLBUTRIN XL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Direct Purchaser Action | Case No.: 2:08-cv-2431<br><br>**GSK'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS REGARDING OTHER ANTIDEPRESSANTS**<br><br>**Hon. Mary A. McLaughlin** |

## GSK'S MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants SmithKline Beecham Corporation and GlaxoSmithKline plc (collectively, "GSK") move for an order compelling Direct Purchaser Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and Rochester Drug Co-operative, Inc. (collectively, "Plaintiffs") to produce discovery regarding antidepressant drugs other than Wellbutrin XL and its generic equivalents in response to GSK's First Request for Production of Documents served on June 19, 2009. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Date:  February 18, 2010

                                  Respectfully submitted,

                By:  _____/s/ Chong S. Park_____

                      John M. Desmarais (admitted *pro hac vice*)
                      Michael P. Stadnick (admitted *pro hac vice*)
                      KIRKLAND & ELLIS LLP
                      601 Lexington Avenue
                      New York, New York  10022
                      Telephone:  (212) 446-4800
                      Facsimile:  (212) 446-4900

                      Chong S. Park (admitted *pro hac vice*)
                      KIRKLAND & ELLIS LLP
                      655 15th Street, NW, 12th Floor
                      Washington, DC  20005
                      Telephone:  (202) 879-5000
                      Facsimile:  (202) 879-5200

                      Arthur Makadon
                      Edward D. Rogers
                      Susanna R. Greenberg
                      BALLARD SPAHR ANDREWS &
                      INGERSOLL, LLP
                      1735 Market Street, 51st Floor
                      Philadelphia, Pennsylvania  19103
                      Telephone:  (215) 665-8500
                      Facsimile: (215) 864-8999

                      *Attorneys for Defendant SmithKline Beecham Corp.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WELLBUTRIN XL ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>Direct Purchaser Action | Case No.: 2:08-cv-2431<br><br>**GSK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS REGARDING OTHER ANTIDEPRESSANTS**<br><br>**Hon. Mary A. McLaughlin** |

Defendants SmithKline Beecham Corporation and GlaxoSmithKline plc (collectively, "GSK") hereby move pursuant to Fed. R. Civ. P. 37 to compel Direct Purchaser Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and Rochester Drug Co-operative, Inc. (collectively, "Plaintiffs") to produce certain discovery concerning antidepressant drugs other than Wellbutrin XL and its generic equivalents.

**I.      INTRODUCTION**

In order to prevail on their antitrust claims under the Sherman Act, Plaintiffs must prove, among many other things, that Defendants possessed monopoly power or restrained trade in a relevant product market.  *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). Monopoly power is "the power to control prices or exclude competition" in a relevant product market consisting of "commodities reasonably interchangeable by consumers for the same purposes."  *United States v. E.I. du Pont De Nemours & Co.*, 351 U.S. 377, 391, 395 (1956). Accordingly, antitrust plaintiffs often seek to define a narrow relevant product market and thereby facilitate a demonstration of monopoly power or restraint of trade.

1

Here, Plaintiffs allege a very narrow relevant product market consisting only of Wellbutrin XL and its AB-rated generic equivalents while excluding other antidepressants. Plaintiffs further allege that Defendants wrongfully exercised monopoly power and/or restrained trade in that narrow market.  Defendants dispute Plaintiffs' allegations on all counts.

Not surprisingly then, Defendants seek discovery regarding Plaintiffs' purchase, pricing and sale of other antidepressants to assess the commercial realities of the market in which Wellbutrin XL competes, including the reasonable interchangeability of other drugs to treat depression.  Plaintiffs have already conceded the relevance of such discovery.  Indeed, Plaintiffs have requested from Defendants the *same discovery* that they now refuse to provide ― i.e., discovery relating to demand, market share, competition, substitutability, and comparisons "between or among Wellbutrin XL *and all other drugs used to treat the same conditions as Wellbutrin XL.*" *See, e.g.*, Ex. 1 at No. 49 (Direct Pls.' First Doc. Req.) (emphasis added). Nevertheless, Plaintiffs have flatly refused ― on relevance grounds ― to provide any discovery relating to antidepressants other than Wellbutrin XL and generic Wellbutrin XL.  This is inappropriate.  GSK and this Court are not required to blindly accept Plaintiffs' market definition allegations, and GSK is entitled to discovery relevant to assessing the validity of these allegations.  Accordingly, GSK respectfully moves the Court to compel discovery from Plaintiffs regarding antidepressant drugs other than Wellbutrin XL and its generic equivalents.

## II.   FACTUAL BACKGROUND

In their Complaint, Plaintiffs alleged that the relevant product market consists only of Wellbutrin XL and its AB-rated generic equivalents.  Consolidated Compl., 2:08-cv-2431, D.I. 21 at ¶ 176.  In response, GSK denied these narrow relevant market allegations.  GSK's Answer to Consolidated Compl., 2:08-cv-2431, D.I. 84.  GSK thereafter propounded discovery seeking documents and information regarding pricing, purchase, sale, competition and detailing relating

to antidepressants ― drugs for the treatment of depression, including Wellbutrin XL and generic Wellbutrin XL. *See* Ex. 2 at Nos. 7-10, 12, 19 (GSK's Reqs. to Direct Pls.).

Following Plaintiffs' refusal to produce any discovery regarding antidepressants other than Wellbutrin XL and generic Wellbutrin XL, *see, e.g.,* Ex. 3 (RDC's Objs. and Resps. to GSK's First Req. for Produc. of Docs.), GSK sent a written request seeking production of responsive documents regarding other antidepressants. Ex. 4 (11/6/09 Letter from E. Bernard to P. Kohn/J.Radice). GSK subsequently conducted a meet and confer with Plaintiffs' counsel on November 17, 2009. *See* Ex. 5 (11/20/09 Letter from E. Bernard to P. Kohn/J.Radice). GSK explained the relevance of discovery regarding other antidepressants to this litigation ― i.e., that, among other things, such discovery is highly relevant to the definition of the relevant product market, including competition, demand, and substitutability within the market for Wellbutrin XL.

Plaintiffs ― without providing any support ― have claimed that discovery regarding other antidepressants is irrelevant and have thus unilaterally limited the production of responsive documents to documents relating to Wellbutrin XL and AB-rated generic equivalents.[1] After months of meet and confer negotiations and correspondence between the parties, Plaintiffs have failed to produce the requested discovery and the parties remain at an impasse. Therefore, this issue is ripe for resolution by the Court.

**III.   ARGUMENT**

Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R.

---

[1] Plaintiffs have also objected to providing any testimony on drugs beyond Wellbutrin XL and its generic equivalents. *See*, *e.g.,* Ex. 6 at "Objections to Definitions," ¶ 3 (RDC's Objections to 30(b)(6) Notice).

3

CIV. P. 26(b)(1). The Federal Rules define "relevant information" broadly, including all information that "appears reasonably calculated to lead to discovery of admissible evidence." *Id.* It is well-established that information is discoverable if there is *any possibility* that it is relevant to some claim or defense present in the litigation. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance under Rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") "The concept of broad discovery is especially true in the antitrust context." *In re Auto. Refinishing Paint Antitrust Litig.,* MDL No. 1426, 2003 U.S. Dist. LEXIS 26945, at *4 (E.D. Pa. Oct. 14, 2003).

The discovery sought by GSK is directly relevant to Plaintiffs' alleged definition of the relevant product market. Plaintiffs must establish that a relevant product market exists and that Defendants possessed monopoly power in that market. *See Grinnell*, 384 U.S. at 570. Relevant market determinations in antitrust litigation are made based upon "a factual inquiry into the commercial realities faced by consumers." *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 436 (3d Cir. 1997). "[T]he outer boundaries of a relevant market are determined by reasonable interchangeability of use." *Id.* at 437; *see also E.I. du Pont,* 351 U.S. at 395. "Interchangeability implies that one product is roughly equivalent to another for the use to which it is put; while there may be some degree of preference for the one over the other, either would work effectively." *Queen City Pizza,* 124 F.3d at 436 (internal citation omitted). In assessing the reasonable interchangeability, a court should consider "price, use and qualities" of the products. *Id.* (citing *Tunis Bros. Co. v. Ford Motor Co*., 952 F.2d 715, 722 (3d Cir. 1991)).

GSK is thus entitled to discovery regarding the purchase and sale of other antidepressants including, but not limited to, documents describing how Plaintiffs select which antidepressants to

stock and sell and documents regarding the pricing, competition and demand for antidepressants. Such documents may shed light on the commercial realities of the market and the reasonable interchangeability of Wellbutrin XL with other drugs used to treat depression, including the extent to which Plaintiffs regard antidepressants as substitutable for one another.  Plaintiffs cannot simply allege a market and then refuse to produce discovery that does not support their artificially narrow market definition.  By doing so, Plaintiffs improperly seek to preclude GSK from disputing these market allegations and thus impose a narrow market definition on GSK, as well as the Court, at an early stage in the litigation.

GSK's requests are also consistent with the scope of discovery sought by Plaintiffs. Plaintiffs themselves have sought discovery from Defendants regarding antidepressants other than Wellbutrin XL and its generic equivalents ― in fact, the *exact* discovery GSK seeks in this motion.  *See* Ex. 1 at Nos. 49-55 (Direct Pls.' First Doc. Req. (requesting under the heading "*Documents Concerning The Antitrust Product Market of Wellbutrin XL*" documents concerning demand, competition, substitutability, and comparisons "between or among Wellbutrin XL *and all other drugs used to treat the same conditions as Wellbutrin XL.*")) (emphasis added). Plaintiffs should be required to produce to GSK that which they sought (and received) from GSK.  Fairness and the Federal Rules dictate that Plaintiffs cannot "have their cake and eat it too."

## IV.   CONCLUSION

For the foregoing reasons, GSK respectfully requests the Court order Plaintiffs to produce discovery regarding antidepressant drugs other than Wellbutrin XL and its generic equivalents.

Date:  February 18, 2010

                              Respectfully submitted,

           By:       /s/ Chong S. Park

                    John M. Desmarais (admitted *pro hac vice*)
                    Michael P. Stadnick (admitted *pro hac vice*)
                    KIRKLAND & ELLIS LLP
                    601 Lexington Avenue
                    New York, New York  10022
                    Telephone:  (212) 446-4800
                    Facsimile:  (212) 446-4900

                    Chong S. Park (admitted *pro hac vice*)
                    KIRKLAND & ELLIS LLP
                    655 15th Street, NW, 12th Floor
                    Washington, DC  20005
                    Telephone:  (202) 879-5000
                    Facsimile:  (202) 879-5200

                    Arthur Makadon
                    Edward D. Rogers
                    Susanna R. Greenberg
                    BALLARD SPAHR ANDREWS &
                    INGERSOLL, LLP
                    1735 Market Street, 51st Floor
                    Philadelphia, Pennsylvania  19103
                    Telephone:  (215) 665-8500
                    Facsimile: (215) 864-8999

                    *Attorneys for Defendant SmithKline Beecham Corp.*

# CERTIFICATE OF SERVICE

I, Susanna R. Greenberg, certify that on the 18th of February, 2010, GSK's Motion to Compel Discovery from Plaintiffs Regarding Other Antidepressants, a memorandum of law in support thereof, and a proposed order, were served upon all counsel of record identified on the attached service list, via email and by operation of the electronic filing system of the United States District Court For The Eastern District of Pennsylvania.

| | |
|---|---|
| Joseph F Roda<br>Dianne M. Nast (DMN 1791)<br>Jennifer S. Snyder<br>**RODANAST, P.C.**<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Telephone: (717) 892-3000<br>Fax: (717) 892-1200 | Thomas M. Sobol<br>David S. Nalven<br>Debra Gaw Josephson<br>**HAGENS BERMAN SOBOL**<br>           **SHAPIRO LLP**<br>One Main Street<br>Cambridge, MA 02142<br>Telephone: (617) 482-3700<br>Fax: (617) 482-3003 |
| David F. Sorensen<br>Eric L. Cramer<br>Peter Kohn<br>Daniel Simons<br>Sarah Schalman-Bergen<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Fax: (215) 875-4604 | Linda P. Nussbaum<br>John D. Radice<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Fax: (212) 687-7714 |
| M. Sean Royall<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2100 McKinney Avenue<br>Suite 1100<br>Dallas, TX 75201-6912 | |

                                                      /s/ Susanna R. Greenberg

## **CERTIFICATE OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Civ. R. 26.1(f), GSK certifies that it has met and conferred by telephone or in writing with the Plaintiffs on November 6, 2009 (letter), November 17, 2009 (telephone) and November 20, 2009 (letter) in unsuccessful attempts to obtain the requested documents without seeking Court intervention.

                                                                /s/ _Elizabeth T. Bernard___
                                                               Elizabeth T. Bernard