## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: WELLBUTRIN XL ANTITRUST LITIGATION | Case No. 2:08-cv-2431 |
| | **DIRECT PURCHASER PLAINTIFF ROCHESTER DRUG COOPERATIVE, INC.'S OBJECTIONS AND RESPONSES TO GSK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| THIS DOCUMENT RELATES TO: | |
| Direct Purchaser Actions | |
| | **Hon. Mary A. McLaughlin** |

Pursuant to Fed. R. Civ. P. 34, Direct Purchaser Plaintiff Rochester Drug Co-Operative, Inc. ("Plaintiff") hereby responds to Defendants' SmithKline Beecham Corporation and GlaxoSmithKline plc's (collectively "GSK") First Request for Production of Documents (the "Document Requests").

## GENERAL OBJECTIONS

The following General Objections apply to and are hereby incorporated by reference in response to each document request.

1.     Plaintiff objects to the instructions and definitions purportedly made a part of the Document Requests to the extent they are vague, indefinite, ambiguous, or to the extent they seek to impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Pennsylvania.

2.     Plaintiff objects to the definition of "you", "your", "plaintiff", "plaintiffs" and "Direct Purchaser Plaintiffs" as overbroad and vague. For purposes of responding to these Document Requests, these shall be interpreted as a named Plaintiff in this action.

3.     Plaintiff objects to the instructions and definitions purportedly made part of the Document Request to the extent they seek to require Plaintiff to search for and produce documents not within Plaintiff's possession, custody or control.

4.     Plaintiff objects to the Document Requests to the extent they seek information that is unreasonably and needlessly broad in scope, or otherwise not relevant to any claim or defense in this case or reasonably calculated to lead to the discovery of admissible evidence, or the burden of whose collection and production is greater than the benefit thereof.

5.     Plaintiff objects to the Document Requests to the extent they seek information immune from discovery by virtue of the attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege or immunity. Any inadvertent production of such protected information shall not be deemed a waiver of any privilege with respect to such information or any work product that may attach thereto.

6.     Plaintiff objects to the Document Requests to the extent that they seek information already in the possession of or otherwise available to Defendants, including but not limited to information in the possession of Defendants or in public records which are accessible to all parties.

7.     Plaintiff objects to the Document Requests to the extent a request is not limited by time.

8.     Plaintiff objects to the Document Requests to the extent that Defendants assert Plaintiff's responses thereto constitute an adoption or acceptance of terms or definitions that Defendants have employed.  In responding to the Request, Plaintiff does

not adopt, embrace or accept any term or definition employed by Defendant.  These responses are made based upon Plaintiff's interpretation of words contained in the Request, unless a specific definition or instruction has been agreed upon.

9.      Plaintiff objects to the Document Requests to the extent they seek documents and information concerning purchases or sales of pharmaceutical products, either prescription or over the counter, other than brand name Wellbutrin XL and generic Wellbutrin XL, as being overly broad and unduly burdensome.  Information on named Plaintiff's purchases of other drugs is not relevant to the claims or defenses in this case, is not reasonably calculated to lead to discovery of admissible evidence, and is more burdensome than beneficial to collect and produce.

10.     Plaintiff objects to the Document Requests to the extent they request information concerning the resale of pharmaceutical products by named Plaintiffs as being overbroad, unduly burdensome, and irrelevant as a matter of law.  Moreover, because Plaintiff, who is the master of its complaint, has alleged an overcharge theory of damages and is not seeking any damages relating to lost sales, profits, or other "downstream" or "net" injury, such information is not relevant to the claims or defenses in this case and is not reasonably calculated to lend to the discovery of admissible evidence.

11.     Plaintiff objects to the definition of "Antidepressant" included in the Request as overly broad, vague, ambiguous, and unduly burdensome.

12.     Plaintiff's responses notwithstanding objection are not intended to waive or prejudice any objections Plaintiff has raised.  Plaintiff expressly reserves the right to

3

object at trial on relevance or any other grounds to the admission or use of any

interrogatory response provided herein for any purpose, including impeachment.

13.     All responses given below incorporate the above General Objections and

no response given by Plaintiff shall be deemed to constitute a waiver of any such

objections.

14.     Plaintiff expressly reserves the right to object at trial on relevance or any

other ground to the admission of any document produced pursuant to the Document

Requests.

15.     Where Plaintiff states that it will produce responsive documents, that does

not indicate that any such documents exists, but if such documents do exist Plaintiff will

produce such documents at a mutually convenient time and place.

16.     Plaintiff reserves the right to supplement or amend these responses and

objections.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

All documents relating to your purchases of Wellbutrin XL, including but not
limited to inventory logs, price lists, contracts, purchase orders, bills of lading, invoices,
bills, canceled checks, receipts, and all other documents or data reflecting the amounts of
Wellbutrin XL you purchased, the prices you paid for the Wellbutrin XL you purchased,
and all applicable rebates, allowances, offsets, chargebacks, or discounts relating to the
Wellbutrin XL you purchased.

### Response No. 1

Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible

evidence.  Notwithstanding the foregoing, Plaintiff will produce transaction-level data,

including chargeback data, itemizing each of its purchases of Wellbutrin XL.

4

**Request No. 2**

All documents relating to your purchases of generic forms of Wellbutrin XL, including but not limited to inventory logs, price lists, contracts, purchase orders, bills of lading, invoices, bills, canceled checks, receipts, and all other documents or data reflecting the amounts of generic forms of Wellbutrin XL you purchased, the prices you paid for the generic forms of Wellbutrin XL you purchased, and all applicable rebates, allowances, offsets, chargebacks, or discounts relating to the generic forms of Wellbutrin XL you purchased.

**Response No. 2**

Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible

evidence.  Notwithstanding the foregoing, Plaintiff will produce transaction-level data,

including chargeback data, itemizing each of its purchases of generic Wellbutrin XL.

**Request No. 3**

All documents relating to your sales of Wellbutrin XL, including but not limited to pharmacy logs, customer lists, price lists, contracts, purchase orders, bills of lading, invoices, bills, checks received, receipts, and all other documents or data reflecting the amounts of Wellbutrin XL you sold and the prices charged for Wellbutrin XL you sold, including all applicable rebates, discounts, chargebacks, offsets, and allowances, the amount of any insurance or other health benefit co-payment(s) that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) that provided coverage, and the total amount the customer paid.

**Response No. 3**

Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection No.10.

**Request No. 4**

All documents relating to your sales of generic forms of Wellbutrin XL, including but not limited to pharmacy logs, customer lists, price lists, contracts, purchase orders,

bills of lading, invoices, bills, checks received, receipts, and all other documents or data reflecting the amounts of generic forms of Wellbutrin XL you sold and the prices charged for generic forms of Wellbutrin XL you sold, including all applicable rebates, discounts, chargebacks, offsets, and allowances, the amount of any insurance or other health benefit copayment(s) that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) that provided coverage, and the total amount the customer paid.

**Response No. 4**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection No. 10.

**Request No. 5**

All documents relating to the resale of Wellbutrin XL by your direct or indirect customers, including all available information for each sale such as the date and location of the transaction, the name of the customer, the quantity of Wellbutrin XL sold, the price charged per unit, the amount of any discounts, coupons, or rebates that the customer received.

**Response No. 5**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Requests to the extent it seeks document or information that is protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection No. 10.

**Request No. 6**

All documents relating to the resale of generic forms of Wellbutrin XL by your direct or indirect customers, including all available information for each sale such as the date and location of the transaction, the name of the customer, the quantity of generic

forms of Wellbutrin XL sold, the price charged per unit, the amount of any discounts, coupons, or rebates that the customer received.

**Response No. 6**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Requests to the extent it seeks document or information that is protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection No. 10.

**Request No. 7**

All price lists and other documents identifying the prices you charge for all of the Antidepressants you sell.

**Response No. 7**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection Nos. 9, 10, and 11.

**Request No. 8**

All documents identifying the prices you pay for all of the Antidepressants you sell, including all applicable rebates, discounts, chargeback, offsets, and allowances.

**Response No. 8**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection Nos. 9 and 11.  Notwithstanding the foregoing, Plaintiff will produce

documents sufficient to identify the prices it has paid, and the chargebacks it has

received, for Wellbutrin XL and generic Wellbutrin XL.

**Request No. 9**

All documents relating to how you decide which Antidepressants to sell and how
to price Antidepressants, including whether or not to stock both brand-name and generic
versions of a given Antidepressant, whether or not to stock more than one generic version
or label of a given brand-name product, whether or not to stock a brand-name product but
not its generic counterpart, whether or not to stock a generic Antidepressant but not its
brand name counterpart, how much to charge for generic and brand-name oral
contraceptives, and how much to differentiate between the prices charged for generic and
brand-name versions of a given Antidepressant product.

**Response No. 9**

Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection Nos. 9, 10, and 11.  Notwithstanding the foregoing, Plaintiff will produce non-

privileged documents related to its decision to purchase Wellbutrin XL and generic

Wellbutrin XL to the extent any exist.  Still by way of further response, Plaintiff

respectfully refers Defendants to its response to Plaintiff's response No. 5.

**Request No. 10**

All documents relating to competition among Antidepressants, including, but not
limited to, Wellbutrin XL, Wellbutrin SR, Wellbutrin, and their AB-rated generic
counterparts.

**Response No. 10**

Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Plaintiff further objects to this Request because the term "competition" is

vague and ambiguous.  In addition, Plaintiff respectfully refers Defendants, in particular,

to General Objection No. 5.  Plaintiff also objects to this Request as premature to the extent that the information sought may be the subject of expert reports and testimony, which will be disclosed in accordance with the Orders of the Court and the applicable rules.  Notwithstanding the foregoing, Plaintiff will produce non-privileged documents to the extent any exist.  Plaintiff gives notice that it will afford the term "competition" its customary meaning in connection with defining antitrust product markets and evaluating the presence or absence of monopoly power.

**Request No. 11**

All documents relating to generic forms of Wellbutrin XL.

**Response No. 11**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 12**

All documents relating to the impact that drug product detailing of Antidepressants has on your business, including but not limited to the practice of providing free drug product samples to medical professionals who in turn provide those free samples to their patients.

**Response No. 12**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the ground that the phrase "on your business" is vague and ambiguous. In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection Nos. 9, 10, and 11.  Notwithstanding the foregoing, Plaintiff will

produce non-privileged documents, to the extent any exist, relating to any impact that

drug product detailing has on its purchases of branded and generic Wellbutrin XL.

**Request No. 13**

      All documents relating to insurance coverage and reimbursements, copayments, third party payor coverage, and other health benefit coverage for Wellbutrin XL, including, but not limited to, communications with insurance companies, health maintenance organizations, managed care organizations, third party payors, pharmacy benefit managers, state and federal governments, and others.

**Response No. 13**

      Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection Nos. 9, 10, and 11.

**Request No. 14**

      All documents concerning any assignment of rights or other transfer of interests relating to your participation in this Litigation.

**Response No. 14**

      Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible

evidence. In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection No. 5.  Notwithstanding the foregoing, Plaintiff will produce non-privileged

documents concerning any assignment of rights or other transfer of interests relating to its

participation in this action to the extent they exist.

**Request No. 15**

      All documents relating to or reflecting your communications with third parties, including, but not limited to, Plumbers and Pipefitters Local 572 Health and Welfare Fund and IBEW-NECA Local 505- Health and Welfare Plan, that relate to Wellbutrin XL, your participation in this Litigation, or any of the Defendants in this Litigation.

**Response No. 15**

      Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection No. 5.

**Request No. 16**

      All documents relating to damages you claim to have suffered, including
calculations of the total amount of damages claimed and how such damages were
calculated.

**Response No. 16**

      Plaintiff objects to this Request as premature contention discovery because

Defendants have neither produced documents nor witnesses from which the specification

called for by this Request can be provided.  Plaintiff also objects to this Request as

premature to the extent that the information sought may be the subject of expert reports

and testimony, which will be disclosed in accordance with the Orders of the Court and

the applicable rules.  In addition, Plaintiff respectfully refers Defendants, in particular, to

General Objection No. 5.  Notwithstanding the foregoing, Plaintiff will produce non-

privileged documents responsive to this Request in conformity with Fed. R. Civ. P. 26

and any case management orders entered by the Court concerning the subject matter of

this Request.  Plaintiff also respectfully refers Defendants to its answer to Interrogatory

No. 5.

**Request No. 17**

      All sworn testimony given by you, or any of your agents or representatives in
their capacity as such, in any litigation relating to prescription drugs or prescription drug
benefits.

**Response No. 17**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that such testimony is subject to confidentiality and protective orders in the case or cases in which such testimony was provided.  Notwithstanding the foregoing, Plaintiff is currently reviewing the protective orders and will seek to take whatever actions to comply with them are required to be able to produce any such testimony concerning Wellbutrin XL or generic Wellbutrin XL.

**Request No. 18**

All documents relating to each instance in which a government entity or agency has accused, charged, or convicted you of a crime or other violation of law.

**Response No. 18**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff will produce all non-privileged responsive documents concerning any conviction concerning fraud or dishonesty to the extent such documents exist.

**Request No. 19**

All documents relating to any contract, agreement, or understanding with a third party in which you or the third party agreed to purchase, sell, manufacture, supply, or distribute any pharmaceutical product on an exclusive basis.

**Response No. 19**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection Nos. 9 and 10.  Notwithstanding the foregoing, Plaintiff will produce all non-

privileged responsive documents, to the extent they exist, relating to any contract, agreement, or understanding with a third party pertaining to Plaintiff's purchase of branded or generic Wellbutrin XL on an exclusive basis.

**Request No. 20**

All documents relating to your allegation that GSK and/or Biovail filed sham infringement actions against generic manufacturers.

**Response No. 20**

Plaintiff objects to this Request on the ground that it is premature contention discovery, because Defendants have neither produced documents nor witnesses from which the specification called for by this Request can be fully provided.  Plaintiff also objects to this Request on the ground that it seeks to compel premature disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2) and/or impermissibly seeks to compel disclosure of work product of non-testifying experts.  Plaintiff respectfully refers Defendants, in particular, to General Objection No. 5.  Notwithstanding the foregoing, Plaintiff respectfully refers Defendants to Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosures, which enumerate documents, data compilations and tangible things that are in the possession, custody or control of  Plaintiff that Plaintiff may use to support its claims.

**Request No. 21**

All documents relating to your allegation that GSK and/or Biovail improperly listed U.S. Patent No. 6,143,327 in the Orange Book.

**Response No. 21**

Plaintiff objects to this Request on the ground that it is premature contention discovery, because Defendants have neither produced documents nor witnesses from which the specification called for by this Request can be fully provided.  Plaintiff also

objects to this Request on the ground that it seeks to compel premature disclosures of

expert testimony under Fed. R. Civ. P. 26(a)(2) and/or impermissibly seeks to compel

disclosure of work product of non-testifying experts.  Plaintiff respectfully refers

Defendants, in particular, to General Objection No. 5.  Notwithstanding the foregoing,

Plaintiff respectfully refers Defendants to Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial

Disclosures, which enumerate documents, data compilations and tangible things that are

in the possession, custody or control of  Plaintiff that Plaintiff may use to support its

claims.

**<u>Request No. 22</u>**

All documents concerning your allegation that GSK and/or Biovail filed a sham
Citizen Petition.

**<u>Response No. 22</u>**

Plaintiff objects to this Request on the ground that it is premature contention

discovery because Defendants have neither produced documents nor witnesses from

which the specification called for by this Request can be fully provided.  Plaintiff also

objects to this Request on the ground that it seeks to compel premature disclosures of

expert testimony under Fed. R. Civ. P. 26(a)(2) and/or impermissibly seeks to compel

disclosure of work product of non-testifying experts.  Plaintiff respectfully refers

Defendants, in particular, to General Objection No. 5.  Notwithstanding the foregoing,

Plaintiff respectfully refers Defendants to Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial

Disclosures, which enumerate documents, data compilations and tangible things that are

in the possession, custody or control of  Plaintiff that Plaintiff may use to support its

claims.

**Request No. 23**

All documents relating to this Litigation and your decision to participate in this Litigation.

**Response No. 23**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection No. 5.  Notwithstanding the foregoing, Plaintiff respectfully refers Defendants to Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosures, which enumerate documents, data compilations and tangible things that are in the possession, custody or control of Plaintiff that Plaintiff may use to support its claims.  In addition, Plaintiff will produce all non-privileged documents concerning its decision to commence this action, to the extent any exist.

**Request No. 24**

All documents relating to any manner of payment or compensation you have received or expect to receive as a result of your participation in this Litigation.

**Response No. 24**

Plaintiff states that it has not received any payment or compensation to date as a result of its participation in this litigation, and the only manner of payment or compensation it expects to receive is its pro-rata share of any proceeds resulting from a judgment in this matter.  By way of further response, if Plaintiff's counsel applies for and the Court grants an incentive award, Plaintiff would also expect to receive the award as granted by the Court.  Plaintiff further responds that will produce all  non-privileged documents responsive to this Request, if any exist.

**Request No. 25**

All documents relating to any of the following individuals or entities: Plumbers and Pipefitters Local 572 Health and Welfare Fund and IBEW-NECA Local 505- Health and Welfare Plan, Cardinal Health, Inc., and Frank W. Kerr Co.

**Response No. 25**

Plaintiff objects to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection No. 5.

**Request No. 26**

All expert reports, other materials or documents which were reviewed or relied upon, in whole or in part, by any expert you expect to call or may call to testify in this Litigation at any time, including but not limited to class certification proceedings, summary judgment proceedings, and trial.

**Response No. 26**

Plaintiff objects to this Request as premature.  Plaintiff also objects to this Request as calling for the production of documents protected from disclosure by the stipulation of the parties.  Notwithstanding the foregoing, Plaintiff will produce non-privileged documents responsive to this Request in conformity with Fed. R. Civ. P. 26 and any case management orders entered by the Court concerning the subject matter of this Request, to the extent not inconsistent with the stipulation of the parties.

**Request No. 27**

All documents you intend to use in support of your allegations in this Litigation.

**Response No. 27**

Plaintiff objects to this Request as premature contention discovery because Defendants have neither produced documents nor witnesses from which the specification called for by this Request can be fully provided.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objection No. 5.  Notwithstanding the foregoing, Plaintiff respectfully refers Defendants to Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosures, which enumerate documents, data compilations and tangible things that are in the possession, custody or control of  Plaintiff that Plaintiff may use to support its claims.  Plaintiff will supplement its response to this Request in accordance with the pretrial orders issued by the Court.

**Request No. 28**

All documents you referred to, described, or relied upon in your responses to Defendant SmithKline Beecham's First Set of Interrogatories To Direct Purchaser Plaintiff.

**Response No. 28**

Plaintiff will produce all responsive documents.

**Request No. 29**

All documents not mentioned above that relate to Wellbutrin XL or this Litigation.

**Response No. 29**

Plaintiff objects to this Request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection No. 5.  Notwithstanding the foregoing, Plaintiff respectfully refers Defendants

to Plaintiff's Response Nos. 1 through 28 herein.

Respectfully yours,

**s/ Peter Kohn**

| | |
|---|---|
| Joseph F. Roda | David F. Sorensen |
| Dianne M. Nast | Eric L. Cramer |
| Jennifer S. Snyder | Peter Kohn |
| **RODANAST, P.C.** | Daniel Simons |
| 801 Estelle Drive | Sarah Schalman-Bergen |
| Lancaster, PA 17601 | **BERGER & MONTAGUE, P.C.** |
| Telephone: (717) 892-3000 | 1622 Locust Street |
| Fax: (717) 892-1200 | Philadelphia, PA 19103 |
| | Telephone: (215) 875-3000 |
| | Fax: (215) 875-4604 |
| | |
| Thomas M. Sobol | Linda P. Nussbaum |
| David S. Nalven | John D. Radice |
| Debra Gaw Josephson | **KAPLAN FOX & KILSHEIMER LLP** |
| **HAGENS BERMAN SOBOL** | 850 Third Avenue |
| **SHAPIRO LLP** | 14th Floor |
| One Main Street | New York, NY 10022 |
| Cambridge, MA  02142 | Telephone: (212) 687-1980 |
| Telephone: (617) 482-3700 | Fax: (212) 687-7714 |
| Fax: (617) 482-3003 | |

*Counsel for Direct Purchaser Plaintiffs*

Dated: July 20, 2009

## CERTIFICATE OF SERVICE

I hereby certify that I am one of plaintiffs' attorneys and that on this date, I caused copies of the papers annexed hereto to be served on all counsel of record in this proceeding via first class mail and email.

**/s/ David S. Nalven**