UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In re: WELLBUTRIN XL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Direct Purchaser Actions | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:08-cv-2431<br><br>**DIRECT PURCHASER PLAINTIFF ROCHESTER DRUG CO-OPERATIVE INC.'S OBJECTIONS TO BIOVAIL'S 30(b)(6) DEPOSITION NOTICE AND TO GSK'S CROSS-NOTICE OF DEPOSITION**<br><br>Hon. Mary A. McLaughlin |
|---|---|---|

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Rochester Drug Co-operative, Inc. ("RDC") hereby makes the following objections to: (1) Biovail's 30(b)(6) Deposition Notice to Direct Purchaser Plaintiff Rochester Drug Co-operative, Inc, dated January 8, 2010 ("Biovail's Notice"), and to (2) GSK's 30(b)(6) Cross-Notice of Deposition of Direct Purchaser Plaintiff Rochester Drug Co-operative, Inc., dated January 14, 2010 ("GSK's Notice") (collectively, "the Notices").

## GENERAL OBJECTIONS

RDC makes the following General Objections to the Notices pursuant to Federal Rule of Civil Procedure 30(b)(6), which General Objections, as well as the Objections to Definitions, are hereby incorporated by reference and made part of the objections to each topic for deposition and to the definitions. Any specific objection is made in addition to these General Objections, and the failure to restate a General Objection does not constitute a waiver of that or any other objection.

1.  RDC objects to the noticed time, date and location of the deposition. Counsel for RDC has previously discussed the location with counsel for Biovail, and understands that Defendants have no objection to the deposition taking place in Rochester. The precise location

and date are still being discussed, but it will not occur on February 10. Provided that the parties resolve issues raised by RDC's general and specific objections in connection with a good faith meet and confer process, RDC will designate and produce, if appropriate, a witness on one or more of the topics at a mutually agreeable time, date, and location.

2. RDC objects to each topic for deposition to the extent that it seeks to impose requirements or obligations on RDC in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and/or any stipulation or agreement of the parties.

3. RDC objects to each topic for deposition to the extent that it calls for information protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or immunity. Nothing contained in these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

4. RDC objects to each topic for deposition to the extent it calls for information that is confidential and/or proprietary information of any individual or entity other than RDC.

5. RDC objects to each topic for deposition insofar as it is unduly burdensome, overly broad, oppressive, and/or seeks information irrelevant to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

6. RDC objects to each topic insofar as it is overly broad, vague and ambiguous. To the extent Defendants seek information concerning specific events, communications, and/or documents, RDC requests that Defendants specifically identify the nature of the information sought sufficiently prior to the deposition so that RDC can designate and produce an appropriate witness.

7. RDC objects to each topic for deposition to the extent it calls for expert discovery or other information in advance of the dates set out in applicable scheduling orders of the Court.

8. RDC objects to each topic for deposition to the extent it is duplicative of other discovery taken this case, or which discovery is more easily available through less burdensome means.

9. RDC objects to each topic for deposition to the extent it calls for information outside of RDC's possession, custody, or control and to the extent the topics purport to require RDC to create or obtain information not already in RDC's possession, custody or control.

10. RDC objects to each topic for deposition to the extent it seeks litigation contentions and legal theories, or calls for legal conclusions or presents pure issues of law.

11. RDC objects to each topic for deposition to the extent that it calls for information that is publicly available or available from Defendants themselves.

12. RDC objects to each topic for deposition to the extent it seeks the same information requested by one or more other noticed topics, in the present Notices or in the future. To the extent RDC agrees to offer a witness to testify about any information, it will do so only once, regardless of the number of topics to which the information is responsive.

13. By agreeing to offer a witness in response to any particular topic, RDC makes no representation that any responsive information exists or is relevant to any issues in this action.

14. RDC reserves the right at any time to revise, correct, add to, supplement, or clarify any of the objections or responses contained herein.

## OBJECTIONS TO DEFINITIONS

1. RDC objects to all the definitions insofar as they seek to impose duties or obligations on RDC beyond those permitted by the Federal Rules of Civil Procedure, any

applicable local rule, or applicable law.

2. RDC objects to all the definitions insofar as they are vague and ambiguous, overly broad, seek to impose undue burden or expense on RDC, call for expert opinion or legal conclusions, or information subject to the attorney client, work product, or other applicable privilege.

3. In addition, RDC objects to the definition of "Prescription Antidepressant Medication" as inaccurately referencing the complaint, and attempting to obtain testimony on drugs beyond Wellbutrin XL and its generic equivalents.

4. In addition, RDC objects to the definition of "you," "your," and "your company" as overly broad and unduly burdensome.

## OBJECTIONS TO THE REQUESTED TOPICS

### TOPIC NO. 1:

Your efforts to date to identify, collect, and produce documents in response to Defendants' Requests for the Production of Documents to the Direct Purchaser Plaintiffs.

### OBJECTIONS TO TOPIC NO. 1:

RDC incorporates its General Objections. RDC further objects to this Topic insofar as it seeks communications or information protected by the attorney-client, work product, or other privilege.

### TOPIC NO. 2:

Purchases of Wellbutrin XL or any generic versions of extended-release bupropion hydrochloride by you from any source, including but not limited to: (a) the terms of sale for such purchases, such as product purchased, price (including but not limited to list prices, net prices, rebates, and discounts), volume, dollars paid, dosage, and date(s) of purchase, (b) whether the terms of sale relating to these purchases were governed by any written or oral

contract or agreement, (c) any custom or special terms associated with such purchases, (d) how those terms were negotiated, (e) the suppliers from whom you purchased Wellbutrin XL or any generic version of extended-release bupropion hydrochloride, and (f) your reactions and responses to changes in the price of Wellbutrin XL or any generic version of extended-release bupropion hydrochloride.

**OBJECTIONS TO TOPIC NO. 2:**

RDC incorporates its General Objections. In addition, RDC previously has produced documents and data on its purchases of Wellbutrin XL and its generic equivalents, and refers Defendants to that prior production. RDC also objects insofar as this topic is seeking inappropriate "downstream" discovery, i.e., relating to RDC's own sales, prices or profits, as contrary to Supreme Court precedent and numerous decisions prohibiting such "downstream" discovery.

**TOPIC NO. 3:**

Purchases of Prescription Antidepressant Medication other than Wellbutrin XL or any generic versions of extended-release bupropion hydrochloride from January 1, 2003 to the present by you from any source, including but not limited to: (a) the terms of sale for such purchases, such as product purchased, price (including but not limited to list prices, net prices, rebates, and discounts), volume, dollars paid, dosage, and date(s) of purchase, (b) whether the terms of sale relating to these purchases were governed by any written or oral contract or agreement, (c) any custom or special terms associated with such purchases, (d) how those terms were negotiated, (e) the suppliers from whom you purchased such Prescription Antidepressant Medication, and (f) your reactions and responses to changes in the price of such Prescription Antidepressant Medication.

**OBJECTIONS TO TOPIC NO. 3:**

RDC incorporates its General Objections. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation. RDC also objects insofar as this topic is seeking inappropriate "downstream" discovery, i.e., relating to RDC's own sales, prices or profits, as contrary to Supreme Court precedent and numerous decisions prohibiting such "downstream" discovery.

## TOPIC NO. 4:

The Prescription Antidepressant Medication you claim you would have purchased but for the Defendants' alleged conduct, including the types, volumes, prices, and other terms of such transactions.

## OBJECTIONS TO TOPIC NO. 4:

RDC incorporates its General Objections. In addition, RDC previously has produced documents and data on its purchases of Wellbutrin XL and its generic equivalents, and refers Defendants to that prior production.

## TOPIC NO. 5:

The relative characteristics of different types and dosages of Prescription Antidepressant Medication, and the uses to which those products are put.

## OBJECTIONS TO TOPIC NO. 5:

RDC incorporates its General Objections. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation, and insofar as it calls for expert opinion. RDC also objects insofar as this topic is seeking inappropriate "downstream" discovery, i.e., relating to RDC's own sales, prices or profits, as contrary to Supreme Court precedent and numerous decisions prohibiting such "downstream" discovery.

## TOPIC NO. 6:

Any budgets, forecasts, or strategies with respect to your purchases or sales of Prescription Antidepressant Medication, including the purposes for which you purchased Prescription Antidepressant Medication.

## OBJECTIONS TO TOPIC NO. 6:

RDC incorporates its General Objections. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation. RDC also objects insofar as this topic is seeking inappropriate "downstream" discovery, i.e., relating to RDC's own sales, prices or

profits, as contrary to Supreme Court precedent and numerous decisions prohibiting such "downstream" discovery.

### TOPIC NO. 7:

Any communications or agreements between you and any pharmacy benefits manager ("PBM") or other consultant or advisor concerning purchases or sales of Prescription Antidepressant Medication, including any negotiations of prices, rebates, credits, discounts, allowances or any other terms of trade for the purchase or sale of Prescription Antidepressant Medication.

### OBJECTIONS TO TOPIC NO. 7:

RDC incorporates its General Objections. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation. RDC also objects insofar as this topic is seeking inappropriate "downstream" discovery, i.e., relating to RDC's own sales, prices or profits, as contrary to Supreme Court precedent and numerous decisions prohibiting such "downstream" discovery.

### TOPIC NO. 8:

Any communications or agreements between you and any manufacturer, wholesaler, distributor, or other supplier of Prescription Antidepressant Medication concerning purchases of Prescription Antidepressant Medication by you, including any negotiations of prices, rebates, credits, discounts, allowances or any other terms of trade for the purchase of Prescription Antidepressant Medication.

### OBJECTIONS TO TOPIC NO. 8:

RDC incorporates its General Objections. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation.

### TOPIC NO. 9:

Your contention that RDC is a Direct Purchaser Plaintiff that purchased Wellbutrin XL directly from Defendants and/or their affiliates during the Class Period, as pled in paragraph 15 of the Complaint.

**OBJECTIONS TO TOPIC NO. 9:**

RDC incorporates its General Objections. In addition, RDC objects to this topic insofar as its call for a legal conclusion. RDC also refers Defendants to documents and data previously produced regarding RDC's purchases.

**TOPIC NO. 10:**

Your contention that Biovail injured RDC in its business or property, as pled in paragraph 188 of the Complaint.

**OBJECTIONS TO TOPIC NO. 10:**

RDC incorporates its General Objections. In addition, RDC objects to this topic insofar as its calls for premature expert discovery and/or a legal conclusion.

**TOPIC NO. 11:**

Any information relating to purchases of or payments for Wellbutrin XL made by you directly from any of the Defendants, at any time from the period January 1, 2004 to the present.

**OBJECTIONS TO TOPIC NO. 11:**

RDC incorporates its General Objections. In addition, RDC directs Defendants to the documents and data it has previously produced.

**TOPIC NO. 12:**

Any communications between you and any named Plaintiffs, other putative class members, your lawyers or their representatives relating to Prescription Antidepressant Medication or class certification issues.

**OBJECTIONS TO TOPIC NO. 12:**

RDC incorporates its General Objections. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation. RDC further objects to this topic insofar as it seeks communications protected by the attorney-client, work product, or other applicable privilege.

8

**TOPIC NO. 13:**

The electronic data processing systems and programs that were used by you or on your behalf to record, store, compute, analyze or retrieve any information relating to purchases or sales of Prescription Antidepressant Medication by you.

**OBJECTIONS TO TOPIC NO. 13:**

RDC incorporates its General Objections. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation.

**TOPIC NO. 14:**

Any information relating to your contention that a class should be certified in this litigation pursuant to Federal Rule of Civil Procedure 23, including your allegations in paragraphs 189 to 198 of the Complaint that: (a) your claims are typical of the claims of the members of the class, (b) you will fairly and adequately protect the interests of the class, (c) the prosecution of separate actions would create a risk of inconsistent or varying adjudications, (d) questions of law and fact common to members of the class predominate over questions that may affect only individual members, (e) class action treatment is the superior method for the fair and efficient adjudication of this litigation, and (f) your allegations in paragraph 188 and elsewhere in the Complaint regarding the alleged injuries suffered by you and other putative class members.

**OBJECTIONS TO TOPIC NO. 14:**

RDC incorporates its General Objections. In addition, RDC objects to this topic insofar as its calls for premature expert discovery and/or a legal conclusion.

**TOPIC NO. 15:**

Your claim that you have suffered an injury to your business or property as a result of the Defendants' allegedly anticompetitive conduct, as well as the amount of damages that you claim and the basis for your computation of such damages.

**OBJECTIONS TO TOPIC NO. 15:**

RDC incorporates its General Objections. In addition, RDC objects to this topic insofar as its calls for premature expert discovery and/or a legal conclusion.

**TOPIC NO. 16:**

Your corporate organization, the locations in which you do business and your principal place(s) of business, including the identity of each parent, subsidiary, division, affiliate, department, unit or other subdivision; and the identities of persons who were officers, directors, or managers of each such parent, subsidiary, division, affiliate, department, unit or other subdivision.

**OBJECTIONS TO TOPIC NO. 16:**

RDC incorporates its General Objections.

**TOPIC NO. 17:**

The identity of persons who may have knowledge or information relating to any fact alleged in the Complaint or underlying the subject matter of this litigation, and the identity of any person who has provided input into or direction on your purchases or sale of Prescription Antidepressant Medication.

**OBJECTIONS TO TOPIC NO. 17:**

RDC incorporates its General Objections. In addition, RDC objects to this topic as overly broad and unduly burdensome. In addition, RDC objects that this topic seeks testimony on products not at issue in the litigation. RDC also objects insofar as this topic is seeking inappropriate "downstream" discovery, i.e., relating to RDC's own sales, prices or profits, as contrary to Supreme Court precedent and numerous decisions prohibiting such "downstream" discovery. RDC further objects to this topic insofar as it seeks communications protected by the attorney-client, work product, or other applicable privilege. In addition, RDC objects to this topic insofar as its calls for premature expert discovery and/or a legal conclusion.

## OBJECTIONS TO GSK'S CROSS-NOTICE

**TOPIC NO. 1:**

Your contention that GSK injured RDC in its business or property, as pled in paragraph 188 of the Complaint.

**OBJECTIONS TO TOPIC NO. 1:**

RDC incorporates its General Objections. In addition, RDC objects to this topic insofar as its calls for premature expert discovery and/or a legal conclusion.

DATED: Feb. 3, 2010                               Respectfully submitted,

                                                  BERGER & MONTAGUE, P.C.

                                         By:     _____
                                                  David F. Sorensen, Esquire
                                                  1622 Locust Street
                                                  Philadelphia, PA 19103
                                                  Telephone: (215) 875-5705
                                                  Fax: (215) 875-5707

                                                  Counsel for RDC

## CERTIFICATE OF SERVICE

I, David F. Sorensen, hereby certify that on the 3rd day of February 2010, I served a true and correct copy of **DIRECT PURCHASER PLAINTIFF ROCHESTER DRUG CO-OPERATIVE INC.'S OBJECTIONS TO BIOVAIL'S 30(b)(6) DEPOSITION NOTICE AND TO GSK'S CROSS-NOTICE OF DEPOSITION** upon the following counsel via email to the email addresses listed below:

| | |
|---|---|
| Daniel J. Boland, Esq.<br>Thomas E. Zemaitis, Esq.<br>**PEPPER HAMILTON LLP**<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103<br>bolandd@pepperlaw.com<br>zemaitist@pepperlaw.com | M. Sean Royall, Esq.<br>Sarah Toraason, Esq.<br>Lawrence VanDyke, Esq.<br>Malachi O. Boyuls, Esq.<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2100 McKinney Avenue<br>Dallas, TX 75201<br>sroyall@gibsondunn.com<br>storaason@gibsondunn.com<br>lvandyke@gibsondunn.com<br>mboyuls@gibsondunn.com |
| Monique M. Drake, Esq.<br>Amanda Tessar, Esq.<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1801 California Street<br>Denver, CO 80202<br>mdrake@gibsondunn.com<br>atessar@gibsondunn.com | John M. Desmarais, Esq.<br>Michael P. Stadnick, Esq.<br>**KIRKLAND &ELLIS LLP**<br>Citigroup Center<br>601 Lexington Avenue<br>New York, New York 10022<br>john.desmarais@kirkland.com<br>michael.stadnick@kirkland.com |
| Chong Park, Esq.<br>Elizabeth Bernard, Esq.<br>**KIRKLAND &ELLIS LLP**<br>Citigroup Center<br>655 15th Street, NW, 12th Floor<br>Washington, DC 20005<br>chong.park@kirkland.com<br>elizabeth.bernard@kirkland.com | Arthur Makadon, Esq.<br>Edward D. Rogers, Esq.<br>Susanna R. Greenberg, Esq.<br>**BALLARD SPAHR ANDREWS &INGERSOLL, LLP**<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>215-665-8500<br>makadon@ballardspahr.com<br>rogerse@ballardspahr.com<br>greenbergsr@ballardspahr.com |
| James G. Stranch, III, Esq.<br>**BRANSTETTER STRANCH AND JENNINGS PLLC**<br>227 Second Avenue North- 4th Floor<br>Nashville, TN 37201<br>jims@branstetterlaw.com | J. Cecil Gardner, Esq.<br>Kimberly Calametti Walker, Esq.<br>**THE GARDNER FIRM**<br>1119 Government Street<br>Post Office Drawer 3103<br>Mobile, Alabama 36652<br>251-433-8100<br>jcg@thegardnerfirm.com<br>kwalker@thegardnerfirm.com |

| | |
|---|---|
| David Cohen, Esq.<br>Patrick Howard, Esq.<br>**SALTZ MONGELUZZI BARRETT &**<br>**BENDESKY, P.C.**<br>One Liberty Pl., 52nd Floor<br>1650 Market Street<br>Philadelphia, PA 19103<br>dcohen@smbb.com<br>phoward@smbb.com | Joseph Burns, Esq.<br>**JACOBS, BURNS, ORLOVE, STANTON &**<br>**HERNANDEZ**<br>122 So. Michigan Avenue, Suite 1720<br>Chicago, IL 60603<br>312-372-1646<br>jburns@jbosh.com |
| Kenneth A. Wexler, Esq.<br>Jennifer Fountain Connolly, Esq.<br>Amber M. Nesbitt, Esq.<br>**WEXLER WALLACE LLP**<br>55 West Monroe Street<br>Suite 3300<br>Chicago, IL 60603<br>kaw@wexlerwallace.com<br>jfc@wexlerwallace.com<br>amn@wexlerwallace.com | Joe R. Whatley, Jr., Esq.<br>Richard P. Rouco, Esq.<br>**WHATLEY DRAKE & KALLAS, LLC**<br>1540 Broadway<br>37th Floor<br>New York, NY 10036<br>jwhatley@wdklaw.com<br>rrouco@wdklaw.com |
| Marvin A. Miller, Esq.<br>Lori A. Fanning, Esq.<br>**MILLER LAW LLC**<br>115 S. LaSalle Street, Suite 2910<br>Chicago, IL 60603<br>mmiller@millerlawllc.com<br>lfanning@millerlawllc.com | |

/s/ David F. Sorensen