EXHIBIT 4

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Elizabeth T. Bernard
To Call Writer Directly:
(202) 879-5262
elizabeth.bernard@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

November 6, 2009

**VIA EMAIL**

Peter Kohn, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

John D. Radice, Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Re:   *In re Wellbutrin XL Direct Purchaser Antitrust Litigation*

Dear Counsel:

I write on behalf of GSK regarding Direct Purchaser Plaintiffs Meijer Inc., Meijer Distribution Inc., and Rochester Drug Cooperative, Inc.'s (collectively "Plaintiffs") objections and responses to GSK's First Request for Production of Documents to Direct Purchaser Plaintiffs.

Despite serving these document requests over four months ago, at this time GSK has only received purchase data and a handful of other documents from the Plaintiffs. Based on recent meet and confer discussions between the parties, GSK understands that RDC claims its production (consisting of two documents in addition to purchase data) is complete and that Meijer will produce a limited amount of documents in a "matter of several weeks" to supplement the purchase data and six pages of documents produced to date. Plaintiffs, however, refuse to produce documents in response to numerous document requests propounded by GSK, and Plaintiffs have yet to produce the responsive documents that Plaintiffs indicated they would produce. This letter sets forth our understanding of the status of the Plaintiffs' production relating to GSK's specific document requests.

# KIRKLAND & ELLIS LLP

November 6, 2009
Page 2

1. General Objection Nos. 1-8

GSK understands based on recent meet and confer discussions between the parties that the Plaintiffs do not intend to withhold any documents based on General Objection Nos. 1-8. Please advise if GSK is mistaken and Plaintiffs do intend to withhold documents based on any of these objections.

2. Requests for Production Nos. 1 and 2

GSK's Requests for Production Nos. 1 and 2 seek documents relating to Plaintiffs' purchases of Wellbutrin XL and generic forms of Wellbutrin XL. Plaintiffs have produced data relating to purchases of Wellbutrin XL. Please confirm each Plaintiff has produced all data regarding purchases of Wellbutrin XL since its launch in 2003 and complete purchase data for all forms of generic Wellbutrin XL. With respect to Meijer, please confirm that the transactional data produced also includes data for Frank W. Kerr Co.

3. Requests for Production Nos. 3 and 4

GSK's Requests for Production Nos. 3 and 4 seek documents relating to Plaintiffs' sale of Wellbutrin XL and generic forms of Wellbutrin XL. Plaintiffs refuse to produce any documents responsive to these requests on the basis that information relating to resale is allegedly irrelevant because Plaintiffs only seek damages on an overcharge theory. (*See* General Objection No. 10.) Plaintiffs' objection and refusal to produce documents on this basis is improper, as such information bears on issues relating to class certification. Based on the recent meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing the sales data and that the parties are at an impasse. Please advise if GSK is mistaken and Plaintiffs do intend to produce the requested documents.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Requests for Production Nos. 5 and 6

GSK's Requests for Production Nos. 5 and 6 seek documents relating to Plaintiffs' customers' resale of Wellbutrin XL and generic forms of Wellbutrin XL. Plaintiffs refuse to produce any documents responsive to these requests on the basis that information relating to resale is allegedly irrelevant because Plaintiffs only seek damages on an overcharge theory. (*See* General Objection No. 10.) For the reasons explained above, Plaintiffs' objection and refusal to

**KIRKLAND & ELLIS LLP**

November 6, 2009
Page 3

produce documents on this basis is improper. Based on recent meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing the resale data and that the parties are at an impasse. Please advise if GSK is mistaken and Plaintiffs do intend to produce the requested documents.

Plaintiffs also object on the basis of the Health Insurance Portability and Accountability Act of 1996. GSK believes the Stipulated Protective Order sufficiently protects any implicated information. If Plaintiffs do not agree, please inform GSK of Plaintiffs' specific concerns and GSK will work with Plaintiffs to address any valid concerns. Otherwise, please confirm that Plaintiffs are not withholding the documents on the basis of this objection.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

5. Requests for Production Nos. 7 and 8

GSK's Requests for Production Nos. 7 and 8 seek documents relating to the prices charged and paid for Antidepressants sold by Plaintiffs. Plaintiffs refuse to produce documents in response to these requests on the basis of General Objection Nos. 9, 10 and 11. General Objection No. 10 is improper for the reasons explained above. General Objection Nos. 9 and 11 improperly attempt to limit the scope of discovery in this case to Wellbutrin XL and generic Wellbutrin XL and are without merit. Plaintiffs' purchase and sale of other antidepressants is relevant to at least the issues relating to defining the relevant market in this case. Based on meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing documents regarding other antidepressants and the parties are at an impasse. Please advise if GSK is mistaken and Plaintiffs do intend to produce the requested documents.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

6. Request for Production No. 9

GSK's Request for Production No. 9 seeks documents relating to Plaintiffs' decisions on which Antidepressants Plaintiffs sell and how the Antidepressants are priced. Plaintiffs rely on General Objection Nos. 9, 10 and 11 to support their refusal to produce all documents responsive to this request. For the reasons detailed above, Plaintiffs should not withhold any documents on

# KIRKLAND & ELLIS LLP

November 6, 2009
Page 4

the basis of these objections.  Based on meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing documents regarding sales and other antidepressants and the parties are at an impasse.  Please advise if GSK is mistaken and Plaintiffs do intend to produce the requested documents.

While RDC has agreed to produce documents relating to its decision to purchase Wellbutrin XL and generic Wellbutrin XL (though it has not done so to date), Meijer states that "it purchases pharmaceutical products based on prescriptions written by independent physicians which Plaintiff then fills for its customers when those customers present the prescriptions to Plaintiff."  This statement does not comply with Meijer's discovery obligations.  Plaintiffs should produce all non-privileged documents responsive to this request relating to how Plaintiffs decide what antidepressants to stock and sell, and at what price.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

7. Request for Production No. 10

GSK's Request for Production No. 10 seeks documents relating to competition among Antidepressants.  Plaintiffs indicate they will produce non-privileged documents in response to this request but have failed to do so.  Please confirm that Plaintiffs are not withholding documents on the basis of the objection that the request is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence, and that Plaintiffs will produce the requested documents without further delay.

8. Request for Production No. 11

GSK's Request for Production No. 11 seeks documents relating to generic forms of Wellbutrin XL.  Plaintiffs refuse to produce documents in response to this request on the ground that such request is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' objection on this basis is improper. Plaintiffs have placed every aspect of generic forms of Wellbutrin XL at issue in this case, including development, composition, bioequivalence, application to the FDA, related litigation and litigation settlements, market entry and sale.  Please confirm Plaintiffs will withdraw the objection to this request and will produce the requested documents without further delay.

# KIRKLAND & ELLIS LLP

November 6, 2009
Page 5

9. Request for Production No. 12

GSK's Request for Production No. 12 seeks documents relating to any impact that drug product detailing of Antidepressants has on Plaintiffs' business. Plaintiffs unilaterally limit production of documents responsive to this request to documents relating to any impact that drug product detailing has on its purchases of branded and generic Wellbutrin XL on the basis of General Objection Nos. 9, 10 and 11. For the reasons explained above, Plaintiffs' attempts to limit the production of documents on the basis of these objections is improper. Based on meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing documents regarding sales and other antidepressants and the parties are at an impasse. Please advise if GSK is mistaken and Plaintiffs do intend to produce the requested documents.

Furthermore, Plaintiffs have failed to produce any documents related to the impact that drug product detailing has on its purchases of branded and generic Wellbutrin XL. Please confirm Plaintiffs will produce the requested documents without further delay.

10. Request for Production No. 13

GSK's Request for Production No. 13 seeks documents relating to insurance coverage and reimbursements, copayments, third party payor coverage and other health benefit coverage for Wellbutrin XL. Plaintiffs refuse to produce any documents on the basis of General Objection Nos. 9, 10 and 11. It is not clear how General Objection Nos. 9 and 11 are applicable, as the request is limited to Wellbutrin XL. Regardless, as explained above, Plaintiffs' refusal to produce documents on the basis of these objections is improper. Based on meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing documents regarding sales and other antidepressants and the parties are at an impasse. Please advise if GSK is mistaken and Plaintiffs do intend to produce the requested documents.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

11. Request for Production No. 14

GSK's Request for Production No. 14 seeks documents concerning any assignment of rights or other transfer of interests relating to your participation in this litigation. Please confirm that Plaintiffs will produce the requested documents without further delay.

# KIRKLAND & ELLIS LLP

November 6, 2009
Page 6

12. <u>Request for Production No. 15</u>

GSK's Request for Production No. 15 seeks documents reflecting communications with third parties related to Wellbutrin XL, Plaintiffs' participation in this litigation or any of the Defendants in this litigation. Plaintiffs refuse to produce any documents responsive to this request. Plaintiffs improperly object to the request on grounds of privilege. Plaintiffs have offered no basis to claim privilege over communications with third parties. Please confirm Plaintiffs are not withholding any documents responsive to this request on the basis of privilege.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

13. <u>Request for Production No. 17</u>

GSK's Request for Production No. 17 seeks all sworn testimony given by Plaintiffs, or their agents or representatives, in any litigation relating to prescription drugs or prescription benefits. Plaintiffs again attempt to limit the scope of the document request to documents related to Wellbutrin XL and generic Wellbutrin XL only. Plaintiffs' attempts to limit the document request are improper. Testimony by Plaintiffs regarding other prescription drugs and drug benefits, including, but not limited to, Wellbutrin XL, generic Wellbutrin XL, and other antidepressants, are relevant to many issues in this litigation, including without limitation common impact for class certification, market definition and competition in drug markets. Based on meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing documents regarding other prescription drugs and the parties are at an impasse. Please advise if GSK is mistaken and Plaintiffs intend to produce the requested documents.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

14. <u>Request for Production No. 18</u>

GSK's Request for Production No. 18 seeks documents relating to each instance in which a government entity or agency has accused, charged or convicted Plaintiffs of a crime or other violation of law. Plaintiffs indicate they will produce non-privileged documents concerning any conviction concerning fraud or dishonesty in response to this request. However, the request seeks all documents relating to any accusation, charge or conviction of a crime. Regardless of

# KIRKLAND & ELLIS LLP

November 6, 2009
Page 7

whether Plaintiffs believe such documents or information would ultimately be admissible, admissibility is not the test for discoverability.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

15. Request for Production No. 19

GSK's Request for Production No. 19 seeks documents relating to any contract, agreement or understanding with a third party relating to agreements to purchase, sell, manufacture, supply or distribute any pharmaceutical product on an exclusive basis. Plaintiffs again attempt to limit the scope of the document request and indicate they will only produce documents relating to any contract, agreement or understanding with a third party pertaining to Plaintiffs' purchase of branded Wellbutrin XL or generic Wellbutrin XL. As explained above, Plaintiffs' objections on the basis of General Objection Nos. 9 and 10 are improper. Based on meet and confer discussions between the parties, GSK understands that Plaintiffs maintain their objection to producing documents regarding sales and other pharmaceutical products and the parties are at an impasse. Please advise if GSK is mistaken and Plaintiffs do intend to produce the requested documents.

Finally, please confirm that Plaintiffs are not withholding documents based on the boilerplate objection that these requests are overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

16. Requests for Production Nos. 20-23

GSK's Requests for Production Nos. 20-23 seek documents relating to Plaintiffs' allegations that GSK and/or Biovail filed sham infringement actions against generic manufacturers, improperly listed a patent on the Orange Book, filed a sham Citizen Petition, and Plaintiffs' decision to participate in this Litigation. In response, Plaintiffs refer to Plaintiffs' Rule 26(a)(1) Initial Disclosures and documents listed that Plaintiffs may use to support their claims relating to these allegations. Plaintiffs should produce all documents in their possession, control or custody related to the allegations of sham litigation, listing of the patent on the Orange Book, the sham Citizen Petition during fact discovery and Plaintiffs' decision to participate in this Litigation. GSK does not seek production of documents already produced by GSK and/or Biovail in this litigation. Please confirm Plaintiffs will not limit the production of documents in response to this requests and will produce the requested documents without further delay.

## KIRKLAND & ELLIS LLP

November 6, 2009
Page 8

    17. <u>Request for Production No. 25</u>

    GSK's Request for Production No. 25 seeks documents concerning Plumbers and Pipefitters Local 572 Health and Welfare Fund, IBEW-NECA Local 505-Health and Welfare Plan, Cardinal Health, Inc., and Frank W. Kerr Co. Plaintiffs' refusal to produce any documents in response to this request on the grounds of privilege is improper. Plaintiffs do not have a claim of privilege regarding documents or communications with these third parties. Furthermore, to the extent Plaintiffs object to this document request as overbroad, Plaintiffs should at least produce any documents concerning any of these third parties and this Litigation and the subject matter of any claims in this Litigation, any assignment of any claims of this Litigation, any communications regarding Wellbutrin XL, generic Wellbutrin XL or other Antidepressants, any communications or documents related to certifying a class of direct or indirect purchasers, market definition and competition for pharmaceutical products. Please confirm Plaintiffs will produce the requested documents without further delay.

    18. <u>Request for Production No. 29</u>

    GSK's Request for Production No. 29 seeks all documents that relate to Wellbutrin XL or this Litigation, to the extent not covered by the above requests. Please confirm Plaintiffs will not withhold any non-privileged documents in their possession, control or custody regarding Wellbutrin XL or this Litigation.

    Please immediately inform GSK whether Plaintiffs intend to produce any additional documents in accordance with the requests for production discussed above. This letter serves as a request for a meet and confer regarding Plaintiffs' specific objections and responses to GSK's requests for documents. GSK is available to meet and confer next week regarding Plaintiffs' objections and responses to GSK's document requests. GSK reserves the right to raise any additional issues after further review of Plaintiffs' objections and responses and any documents Plaintiffs produce.

                                                    Very truly yours,

                                                    Elizabeth T. Bernard

cc:    Sarah V. Toraason, Esq.