# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: WELLBUTRIN XL ANTITRUST LITIGATION | ) ) ) ) | Case No. 2:08-cv-2431 |
| | ) | **DIRECT PURCHASER PLAINTIFF** |
| THIS DOCUMENT RELATES TO: | ) ) | **ROCHESTER DRUG COOPERATIVE, INC.'S** |
| | ) | **OBJECTIONS AND RESPONSES** |
| Direct Purchaser Actions | ) | **TOGSK'S FIRST SET OF** |
| | ) | **INTERROGATORIES** |
| | ) ) | |
| | ) | **Hon. Mary A. McLaughlin** |
| | ) ) ) | |

Pursuant to Fed. R. Civ. P. 33, Direct Purchaser Plaintiff Rochester Drug Co-

Operative ("Plaintiff" or "RDC") hereby responds to SmithKline Beecham Corporation

and GlaxoSmithKline plc's (collectively "GSK") First Set of Interrogatories to Plaintiff

("Interrogatories").

**GENERAL OBJECTIONS**

The following General Objections apply to and are hereby incorporated by

reference in response to each interrogatory.

1.  Plaintiff objects to the instructions and definitions purportedly made a part of

the Interrogatories to the extent they are vague, indefinite, ambiguous, or seek to impose

duties and/or responsibilities beyond those which are required by the Federal Rules of

Civil Procedure or the Local Rules of the United States District Court for the Eastern

District of Pennsylvania.

2.  Plaintiff objects to the Interrogatories to the extent that the burden or expense

of the proposed discovery outweighs its benefit.

3.   Plaintiff objects to the definition of "you", "your", "plaintiff", "plaintiffs", and "Direct Purchaser Plaintiffs" as over broad and vague.  For purposes of responding to the Interrogatories, the terms shall be interpreted as to mean the Plaintiffs in this action.

4.   Plaintiff objects to the Interrogatories to the extent they seek information that is unreasonably and needlessly broad in scope, or otherwise not relevant to any claim or defense in this case or reasonably calculated to lead to the discovery of admissible evidence.

5.   Plaintiff objects to the Interrogatories to the extent they seek information immune from discovery by virtue of the attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege or immunity. Any inadvertent production of such protected information shall not be deemed a waiver of any privilege with respect to such information or any work product that may attach thereto.

6.   Plaintiff objects to the Interrogatories to the extent they may be construed to require Plaintiff to search for and disclose information not within Plaintiff's possession, custody, or control.

7.   Plaintiff objects to the Interrogatories to the extent that they seek information already in the possession of or otherwise available to Defendants including, but not limited to, information in the possession of Defendants or in the public records which are accessible to all parties.

8.      Plaintiff objects to the Interrogatory to the extent that Defendants assert Plaintiff's responses thereto constitute an adoption or acceptance of terms or definitions that Defendants have employed.  In responding to the Interrogatories, Plaintiff does not adopt, embrace or accept any term or definition employed by Defendants.  These

responses are made based upon Plaintiff's interpretation of words contained in the

Interrogatories unless a specific definition or instruction has been agreed upon.

9.      Plaintiff objects to the Interrogatories to the extent they seek documents

and information concerning purchases of pharmaceutical products, either prescription or

over the counter, other than brand name Wellbutrin XL and generic Wellbutrin XL, as

being overly broad and unduly burdensome.  Information on named Plaintiffs' purchases

of other drugs is not relevant to the claims or defenses in this case, is not reasonably

calculated to lead to discovery of admissible evidence, and is more burdensome than

beneficial to collect and produce.

10.     Plaintiff objects to the Interrogatories to the extent they request

information concerning the resale of pharmaceutical products by named Plaintiffs as

being overbroad, unduly burdensome, and irrelevant as a matter of law. Moreover,

because Plaintiff has alleged an overcharge theory of damages and is not seeking any

damages relating to lost sales, profits, or other "downstream" or "net" injury, such

information is not relevant to the claims or defenses in this case and is not reasonably

calculated to lead the discovery of admissible evidence.

11.     Plaintiff objects to the definition of "Antidepressant" included in the

Interrogatories as overly broad, vague, ambiguous, and unduly burdensome.

12.     Plaintiff's responses notwithstanding objections are not intended to waive

or prejudice any objections Plaintiff has raised. Plaintiff expressly reserve the right to

objects at trial on relevance or any other grounds to the admission or use of any

interrogatory response provided herein for any purpose, including impeachment.

13.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

14.     Plaintiff reserves the right to supplement or amend these responses and objections.

## INTERROGATORIES

1.     Identify all persons, including, but not limited to, your current and former employees, who have, claim to have, or whom you believe may have knowledge or information relating to this Litigation, any fact alleged in the pleadings (as defined in FED. R. CIV. P. 7(a)) filed in this Litigation, or any fact underlying the subject matter of this Litigation, and identify the nature and substance of the knowledge you believe each such person may have.

**Response**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects in particular to the request that Plaintiff identify current and former employees who "may" have "information" "relating" to "any fact" in the pleadings, or "any fact" "underlying" the subject matter of the litigation. Notwithstanding the foregoing, Plaintiff respectfully refers Defendants to Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosures, which identify individuals likely to have discoverable information that Plaintiff may use to support its claims or defenses.

2.     For each year since January 1, 2003, identify all persons, including, but not limited to, your current and former employees, who have responsibilities relating to the purchase or sale of Antidepressants, including, but not limited to, Wellbutrin XL.

**Response**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible

4

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objections Nos. 9, 10 and 11.   Notwithstanding the foregoing, Plaintiff states that the

following persons employed by Plaintiff are responsible for, have knowledge of, or are

otherwise involved in, communicating with suppliers regarding Plaintiff's purchases of

Wellbutrin XL and generic Wellbutrin XL:  Laurence F. Doud III and Edward Kirker.

      3.     For each year since January 1, 2003, and by month within each such year,
identify your purchases of Wellbutrin XL, including for each transaction the date and
location of the transaction, the name of the purchaser, the quantity of Wellbutrin XL
purchased, the price charged per unit, the amount of any discounts, coupons, or rebates
that you received, and the total amount you paid.

      **Response**

      Pursuant to Fed. R. Civ. P. 33(d), because the burdens of ascertaining this

information are the same for Plaintiff and Defendant, Plaintiff will produce transaction

data concerning its purchases of Wellbutrin XL and generic Wellbutrin XL from which

the information called for by this Interrogatory can be ascertained.

      4.     For each year since January 1, 2003, by month within each such year,
identify your sales of Wellbutrin XL, including for each transaction the date and location
of the  transaction, the name of the customer, the quantity of Wellbutrin XL sold, the
price charged per unit, the amount of any discounts, coupons, offsets, or rebates that the
customer received, the amount of any insurance or other health benefit co-payment that
applied to the transaction, the name of each insurance carrier or other health benefit
provider that covered any portion of the purchase price, the name of the insurance or
other health benefit plan(s) pursuant to which coverage was provided, and the total
amount the customer paid.

      **Response**

      Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection No. 10.  Notwithstanding the foregoing, Plaintiff states that it neither has nor

had contracts with any of its customers requiring the customer to purchase a fixed amount

of any product regardless of price, and that it is a wholesaler and therefore receives no

amounts in insurance or "other health benefit."

5.      Identify and describe how you decide which Antidepressants to sell and
how to sell them, including: (i) whether or not to stock both the brand-name and generic
versions of a given Antidepressant product; (ii) whether or not to stock more than one
generic version or label of a given Antidepressant product; (iii) whether or not to stock a
brand-name Antidepressant but not its generic counterpart; (iv) whether or not to stock a
generic Antidepressant but not its brand-name counterpart; (v) how much to charge for
generic and brand-name Antidepressants; and (vi) how much to differentiate between the
price you charge for generic and brand-name versions of a given Antidepressant product.

### **Response**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objections Nos. 9, 10 and 11.  Notwithstanding the foregoing, Plaintiff states that it is a

wholesaler and therefore purchases what it believes it can resell, based on estimates of

demand derived from its customers.

6.      For each year since January 1, 2003, and by month within each such year,
identify all insurance providers, third party payors, or other health benefit providers from
whom you received any payments, reimbursements, or compensation relating to the sale
of Wellbutrin XL, including for each transaction the provider's name(s) and address(es),
the plan name(s), whether the plan was employer-sponsored, and if so, by whom, the
policy number(s), the group I.D. number(s), the patient name, and whether the patient
was the principal insured or a dependant of a principal insured.

### **Response**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General

Objection No. 10.  Notwithstanding the foregoing, Plaintiff respectfully refers

Defendants to its response to Plaintiff's response No. 4.

7.      Identify all damages you claim to have suffered.  Please include in your response the total amount of damages claimed and how such damages were calculated.

**Response**

Plaintiff objects to this Interrogatory as premature because Defendants have neither produced documents nor witnesses from which the specification called for by this Interrogatory can be provided.  Plaintiff also objects to this interrogatory as premature to the extent that the information sought may be the subject of expert reports and testimony, which will be disclosed in accordance with the Orders of the Court and the applicable rules.  Notwithstanding the foregoing, Plaintiff states that it seeks damages measured as overcharges, not other types of damages, and respectfully refers Defendants to Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosures, which describes Plaintiff's present information and intention with respect to computation of damages.

8.      Identify and describe every agreement or communication reflecting, referring, or relating to your employment or retention of counsel in this action, and any arrangement regarding fees, costs or expenses, rights to share in a potential recovery, and fee-sharing in this action with any person not a member of Plaintiff's counsels' firm(s).

**Response**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff respectfully refers Defendants, in particular, to General Objections No. 5.

Respectfully yours,

**s/ Peter Kohn**

| | |
|---|---|
| Joseph F. Roda | David F. Sorensen |
| Dianne M. Nast | Eric L. Cramer |
| Jennifer S. Snyder | Peter Kohn |
| **RODANAST, P.C.** | Daniel Simons |
| 801 Estelle Drive | Sarah Schalman-Bergen |
| Lancaster, PA 17601 | **BERGER & MONTAGUE, P.C.** |
| Telephone: (717) 892-3000 | 1622 Locust Street |
| Fax: (717) 892-1200 | Philadelphia, PA 19103 |
| | Telephone: (215) 875-3000 |
| | Fax: (215) 875-4604 |
| | |
| Thomas M. Sobol | Linda P. Nussbaum |
| David S. Nalven | John D. Radice |
| Debra Gaw Josephson | **KAPLAN FOX & KILSHEIMER LLP** |
| **HAGENS BERMAN SOBOL** | 850 Third Avenue |
| **SHAPIRO LLP** | 14th Floor |
| One Main Street | New York, NY 10022 |
| Cambridge, MA  02142 | Telephone: (212) 687-1980 |
| Telephone: (617) 482-3700 | Fax: (212) 687-7714 |
| Fax: (617) 482-3003 | |

*Counsel for Direct Purchaser Plaintiffs*

As to Answers:

_____

Dated: July 20, 2009

## CERTIFICATE OF SERVICE

I hereby certify that I am one of plaintiffs' attorneys and that on this date, I caused copies of the papers annexed hereto to be served on all counsel of record in this proceeding via first class mail and email.

**/s/ David S. Nalven**