## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: WELLBUTRIN XL ANTITRUST LITIGATION  ) ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ALL DIRECT PURCHASER ACTIONS ) ) ) | Case No. 2:08-cv-2431<br><br>**BIOVAIL'S 30(b)(6) DEPOSITION NOTICE TO DIRECT PURCHASER PLAINTIFF ROCHESTER DRUG COOPERATIVE, INC.**<br><br>**Hon. Mary A. McLaughlin** |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Biovail Corporation, Biovail Laboratories, Inc., and Biovail Laboratories International SRL (collectively, "Biovail"), by and through their undersigned attorneys, will take the deposition, upon oral examination, of Plaintiff Rochester Drug Cooperative, Inc. (hereinafter "you") at the offices of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue, NW, Washington, DC  20036, or such other place as may be agreed upon, on February 10, 2010 at 9:00 a.m., or such other date and time as may be agreed upon, regarding each of the matters set forth in Schedule A.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure.  The deposition will be recorded stenographically and may be videotaped.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are requested to designate one or more officers, directors, managing agents, or other persons who are the most

qualified to testify on your behalf, to testify to the matters set forth in Schedule A attached hereto that are either known or reasonably available to you.

DATED: January 8, 2010

                                    Respectfully submitted,

By:    /s/ Amanda Tessar

Thomas E. Zemaitis
Daniel J. Boland
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

*Admitted Pro Hac Vice*:
M. Sean Royall
GIBSON DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX 75201
Telephone: (214) 698-3256
Facsimile: (214) 571-2923

Monique M. Drake
Amanda Tessar
GIBSON DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Telephone: (303) 298-5957
Facsimile: (202) 313-2815

**ATTORNEYS FOR BIOVAIL**

2

## SCHEDULE A

**I.   DEFINITIONS**

1. "Abrika" means Abrika Pharmaceuticals, Inc. and/or any of its parents, subsidiaries, successors (including but not limited to Actavis Inc. or any of its affiliates), other related entities, officers, directors, employees, agents, attorneys, or other representatives.

2. "Anchen" means Anchen Pharmaceuticals, Inc. and/or any of its parents, subsidiaries, successors, other related entities, officers, directors, employees, agents, attorneys, or other representatives.

3. "Class" means the putative class alleged in your Complaint.

4. "Communication" or "communicating" means any transmission of information (in the form of facts, ideas, inquiries or otherwise) between individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct, or through an intermediary.

5. "Complaint" means the Direct Purchasers' Consolidated Class Action Complaint, filed July 10, 2008, in *In re: Wellbutrin XL Antitrust Litigation*, Case No. 2:08-cv-2431.

6. "Concerning" or "concerns" means discussing, referring to, describing, evidencing, constituting, or in any way relating to the referenced matter.

7. As used in these subjects of testimony, "Defendants" includes all of the entities that are included within the term "Defendants" as it is defined in your Complaint.

8. "Impax" means IMPAX Laboratories, Inc. and/or any of its parents, subsidiaries, successors, other related entities, officers, directors, employees, agents, attorneys, or other representatives.

9. "Including" or "includes" means including, includes without limitation, or including but not limited to.

10. "Person" and "Persons" include any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. For purposes of these subjects of testimony, "Prescription Antidepressant Medication" is defined to have the same meaning as used in paragraph 1 of your Complaint. The term includes, but is not limited to, Wellbutrin XL, any generic versions of extended-release bupropion hydrochloride, and any other medications indicated for the treatment of depression. By setting forth this definition, Defendants do not endorse the accuracy or appropriateness of any definition in any complaint or admit any allegation made in any complaint.

12. "Price" means the amount of money asked for, or given in exchange for, a good. "Price" shall include, but is not limited to, list price, invoiced price, and net price.

13. "Purchase" means buy, purchase, or acquire.

14. "Teva" means Teva Pharmaceutical Industries Ltd. and/or any of its parents, subsidiaries, successors, other related entities, officers, directors, employees, agents, attorneys, or other representatives.

15. "You," "your," and "your company" means Plaintiff Rochester Drug Cooperative, Inc. ("RDC"), and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on the Plaintiff's behalf.

16. "Watson" means Watson Pharmaceuticals, Inc. and/or any of its parents, subsidiaries, successors, other related entities, officers, directors, employees, agents, attorneys, or other representatives.

17. The following rules of construction apply to all discovery requests:

    a. The terms "all" and "each" shall be construed as all and each.

      b.      The term "any" means any and all.

      c.      The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

      d.      The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

      e.      The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## II.    SUBJECTS OF TESTIMONY

1.    Your efforts to date to identify, collect, and produce documents in response to Defendants' Requests for the Production of Documents to the Direct Purchaser Plaintiffs.

2.    Purchases of Wellbutrin XL or any generic versions of extended-release bupropion hydrochloride by you from any source, including but not limited to: (a) the terms of sale for such purchases, such as product purchased, price (including but not limited to list prices, net prices, rebates, and discounts), volume, dollars paid, dosage, and date(s) of purchase, (b) whether the terms of sale relating to these purchases were governed by any written or oral contract or agreement, (c) any custom or special terms associated with such purchases, (d) how those terms were negotiated, (e) the suppliers from whom you purchased Wellbutrin XL or any generic version of extended-release bupropion hydrochloride, and (f) your reactions and responses to changes in the price of Wellbutrin XL or any generic version of extended-release bupropion hydrochloride.

3. Purchases of Prescription Antidepressant Medication other than Wellbutrin XL or any generic versions of extended-release bupropion hydrochloride from January 1, 2003 to the present by you from any source, including but not limited to: (a) the terms of sale for such purchases, such as product purchased, price (including but not limited to list prices, net prices, rebates, and discounts), volume, dollars paid, dosage, and date(s) of purchase, (b) whether the terms of sale relating to these purchases were governed by any written or oral contract or agreement, (c) any custom or special terms associated with such purchases, (d) how those terms were negotiated, (e) the suppliers from whom you purchased such Prescription Antidepressant Medication, and (f) your reactions and responses to changes in the price of such Prescription Antidepressant Medication.

4. The Prescription Antidepressant Medication you claim you would have purchased but for the Defendants' alleged conduct, including the types, volumes, prices, and other terms of such transactions.

5. The relative characteristics of different types and dosages of Prescription Antidepressant Medication, and the uses to which those products are put.

6. Any budgets, forecasts, or strategies with respect to your purchases or sales of Prescription Antidepressant Medication, including the purposes for which you purchased Prescription Antidepressant Medication.

7. Any communications or agreements between you and any pharmacy benefits manager ("PBM") or other consultant or advisor concerning purchases or sales of Prescription Antidepressant Medication, including any negotiations of prices, rebates, credits, discounts, allowances or any other terms of trade for the purchase or sale of Prescription Antidepressant Medication.

8. Any communications or agreements between you and any manufacturer, wholesaler, distributor, or other supplier of Prescription Antidepressant Medication concerning purchases of Prescription Antidepressant Medication by you, including any negotiations of prices, rebates, credits, discounts, allowances or any other terms of trade for the purchase of Prescription Antidepressant Medication.

9. Your contention that RDC is a Direct Purchaser Plaintiff that purchased Wellbutrin XL directly from Defendants and/or their affiliates during the Class Period, as pled in paragraph 15 of the Complaint.

10. Your contention that Biovail injured RDC in its business or property, as pled in paragraph 188 of the Complaint.

11. Any information relating to purchases of or payments for Wellbutrin XL made by you directly from any of the Defendants, at any time from the period January 1, 2004 to the present.

12. Any communications between you and any named Plaintiffs, other putative class members, your lawyers or their representatives relating to Prescription Antidepressant Medication or class certification issues.

13. The electronic data processing systems and programs that were used by you or on your behalf to record, store, compute, analyze or retrieve any information relating to purchases or sales of Prescription Antidepressant Medication by you.

14. Any information relating to your contention that a class should be certified in this litigation pursuant to Federal Rule of Civil Procedure 23, including your allegations in paragraphs 189 to 198 of the Complaint that: (a) your claims are typical of the claims of the members of the class, (b) you will fairly and adequately protect the interests of the class, (c) the

prosecution of separate actions would create a risk of inconsistent or varying adjudications, (d) questions of law and fact common to members of the class predominate over questions that may affect only individual members, (e) class action treatment is the superior method for the fair and efficient adjudication of this litigation, and (f) your allegations in paragraph 188 and elsewhere in the Complaint regarding the alleged injuries suffered by you and other putative class members.

15. Your claim that you have suffered an injury to your business or property as a result of the Defendants' allegedly anticompetitive conduct, as well as the amount of damages that you claim and the basis for your computation of such damages.

16. Your corporate organization, the locations in which you do business and your principal place(s) of business, including the identity of each parent, subsidiary, division, affiliate, department, unit or other subdivision; and the identities of persons who were officers, directors, or managers of each such parent, subsidiary, division, affiliate, department, unit or other subdivision.

17. The identity of persons who may have knowledge or information relating to any fact alleged in the Complaint or underlying the subject matter of this litigation, and the identity of any person who has provided input into or direction on your purchases or sale of Prescription Antidepressant Medication.

**CERTIFICATE OF SERVICE**

I, Janice Homan, hereby certify that on January 8, 2010, I served a true and correct copy of **BIOVAIL'S 30(b)(6) DEPOSITION NOTICE TO DIRECT PURCHASER PLAINTIFF ROCHESTER DRUG COOPERATIVE, INC.** upon the following counsel via email to the email addresses listed below:

| *Counsel for Direct Purchaser Plaintiffs* |
|---|
| Joseph F. Roda, Esq.            jroda@rodanast.com<br>Dianne M. Nast, Esq.           dnast@rodanast.com<br>Erin C. Burns, Esq.             eburns@rodanast.com<br>Jennifer S. Snyder, Esq.        jsnyder@rodanast.com<br><br>**RODANAST, PC**<br>801 Estelle Drive<br>Lancaster, PA  17601<br>717-892-3000 |
| Thomas M. Sobol, Esq.           tom@hbsslaw.com<br>David S. Nalven, Esq.           davidn@hbsslaw.com<br>Debra Gaw Josephson, Esq.       debraj@hbsslaw.com<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA  02142<br>617-482-3700 |
| Daniel Berger, Esq.             danberger@bm.net<br>David F. Sorensen, Esq.         dsorensen@bm.net<br>Eric L. Cramer, Esq.            ecramer@bm.net<br>Peter R. Kohn, Esq.             pkohn@bm.net<br>Daniel Simons, Esq.             dsimons@bm.net<br><br>**BERGER & MONTAGUE PC**<br>1622 Locust Street<br>Philadelphia, PA  19103<br>215-875-5712 |
| Linda P. Nussbaum, Esq.         lnussbaum@kaplanfox.com<br>John D. Radice, Esq.            jradice@kaplanfox.com<br><br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue, 14th Floor<br>New York, NY  10022<br>212-687-1980 |

| *Counsel for Indirect Purchaser Plaintiff Plumbers and Pipefitters Local 572 Health and Welfare Fund* |  |
|---|---|
| Kenneth A. Wexler, Esq. | kaw@wexlerwallace.com |
| Jennifer Fountain Connolly, Esq. | jfc@wexlerwallace.com |
| Amber M. Nesbitt, Esq. | amn@wexlerwallace.com |
| **WEXLER WALLACE LLP** 55 West Monroe Street, Suite 3300 Chicago, IL  60603 312-346-2222 | |

| *Counsel for Indirect Purchaser Plaintiff Plumbers and Pipefitters Local 572 Health and Welfare Fund and IBEWNECA Local 505 Health and Welfare Plan* |  |
|---|---|
| David J. Cohen, Esq. | dcohen@smbb.com |
| Patrick Howard, Esq. | phoward@smbb.com |
| **SALTZ MONGELUZZI BARRETT & BENDESKY PC** 1650 Market Street, 52nd Floor Philadelphia, PA  19103 215-496-8282 | |

| *Counsel for Indirect Purchaser Plaintiffs Plumbers and Pipefitters Local 572 Health and Welfare Fund and Mechanical Contractors United Association Local 119 Health and Welfare Plan* |  |
|---|---|
| James G. Stranch, III, Esq. | jims@branstetterlaw.com |
| J. Gerard Stranch, IV, Esq. | gerards@branstetterlaw.com |
| **BRANSTETTER, STRANCH & JENNINGS PLLC** 227 Second Avenue North, Fourth Floor Nashville, TN  37201-1631 615-254-8801 | |

| *Counsel for Indirect Purchaser Plaintiffs IBEWNECA Local 505 Health and Welfare Plan and Mechanical Contractors United Association Local 119 Health and Welfare Plan* |  |
|---|---|
| J. Cecil Gardner, Esq. | jcg@thegardnerfirm.com |
| Kimberly Calametti Walker, Esq. | kwalker@thegardnerfirm.com |
| **THE GARDNER FIRM** 1119 Government Street Post Office Drawer 3103 Mobile, Alabama  36652 251-433-8100 | |

| *Counsel for Indirect Purchaser Plaintiff IBEW-NECA Local 505 Health and Welfare Plan* |
|---|
| Joe R. Whatley, Jr., Esq.　　　　　　　　　　　jwhatley@wdklaw.com<br>Richard P. Rouco, Esq.　　　　　　　　　　　　rrouco@wdklaw.com<br><br>**WHATLEY DRAKE & KALLAS, LLC**<br>2001 Park Place North, Suite 1000<br>Birmingham, Alabama  35203<br>205-328-9576 |

| *Counsel for Indirect Purchaser Plaintiff Painters District Council No. 30 Health & Welfare Fund* |
|---|
| Marvin A. Miller, Esq.　　　　　　　　　　　　mmiller@millerlawllc.com<br>Lori A. Fanning, Esq.　　　　　　　　　　　　　lfanning@millerlawllc.com<br>**MILLER LAW LLC**<br>115 S. LaSalle Street, Suite 2910<br>Chicago, IL  60603<br>312-332-3400 |
| Dianne M. Nast, Esq.　　　　　　　　　　　　dnast@rodanast.com<br>Erin C. Burns, Esq.　　　　　　　　　　　　　eburns@rodanast.com<br>**RODANAST, PC**<br>801 Estelle Drive<br>Lancaster, PA  17601<br>717-892-3000 |
| Joseph Burns, Esq.　　　　　　　　　　　　　jburns@jbosh.com<br>**JACOBS, BURNS, ORLOVE, STANTON & HERNANDEZ**<br>122 So. Michigan Avenue, Suite 1720<br>Chicago, IL  60603<br>312-372-1646 |

| | |
|---|---|
| ***Counsel for Defendants SmithKlineBeecham Corp. and GlaxoSmithKline PLC*** | |
| Arthur Makadon, Esq.<br>Edward D. Rogers, Esq.<br>Susanna R. Greenberg, Esq.<br>Taimarie N. Adams, Esq.<br><br>**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103<br>215-665-8500 | rogerse@ballardspahr.com<br>greenbergsr@ballardspahr.com<br>adamst@ballardspahr.com<br>makadon@ballardspahr.com |
| John M. Desmarais, Esq.<br>Michael P. Stadnick, Esq.<br>Timothy K. Gilman, Esq.<br>Chong Park, Esq.<br><br>**KIRKLAND & ELLIS LLP**<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611<br>212-446-4800 | john.desmarais@kirkland.com<br>michael.stadnick@kirkland.com<br>timothy.gilman@kirkland.com<br>chong.park@kirkland.com |

            /s/  Janice Homan