UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WELLBUTRIN XL ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>Direct Purchaser Action | Case No.: 2:08-cv-2431<br><br>**GSK'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF ROCHESTER DRUG CO-OPERATIVE, INC.**<br><br>**Hon. Mary A. McLaughlin** |

# GSK'S MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants SmithKline Beecham Corporation and GlaxoSmithKline plc (collectively, "GSK") move for an order compelling Direct Purchaser Plaintiff Rochester Drug Co-operative, Inc. to produce documents in response to GSK's First Request for Production of Documents served on June 19, 2009. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Date: February 24, 2010

                                    Respectfully submitted,

                By: _____/s/ Chong S. Park_____

John M. Desmarais (admitted *pro hac vice*)
Michael P. Stadnick (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Chong S. Park (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 15th Street, NW, 12th Floor
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Arthur Makadon
Edward D. Rogers
Susanna R. Greenberg
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Attorneys for Defendant SmithKline Beecham Corp.*

Case 2:08-cv-02431-GAM Document 263 Filed 02/24/10 Page 2 of 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WELLBUTRIN XL ANTITRUST LITIGATION<br><br><br><br><br>THIS DOCUMENT RELATES TO:<br>Direct Purchaser Action | Case No.: 2:08-cv-2431<br><br>**GSK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM PLAINTIFF ROCHESTER DRUG CO-OPERATIVE, INC.**<br><br>**Hon. Mary A. McLaughlin** |

Defendants SmithKline Beecham Corporation and GlaxoSmithKline plc (collectively, "GSK") hereby move pursuant to Fed. R. Civ. P. 37 to compel Direct Purchaser Plaintiff Rochester Drug Co-operative, Inc. ("RDC") to provide complete responses to GSK's First Request for Production of Documents by producing all responsive documents in RDC's possession, custody or control.

**I.   INTRODUCTION**

RDC should not be permitted to shirk its discovery obligations. To date, RDC's production of responsive documents consists of the following: (1) purchase data relating to Wellbutrin XL and generic equivalents; and (2) a grand total of *seventy-five (75) pages* of hard-copy documents, of which forty-three (43) pages is merely a printout of its current public website. *See* Exhibit 1 (attaching RDC's entire hard copy production). On its face, this production is woefully deficient.

RDC cannot be deemed to have made ― as it purports to have done ― a "complete" production of responsive documents. For example, RDC has not produced a single document

relating to its purchasing and pricing decisions. Nor has RDC produced any internal communications ― whether an email or memorandum ― relating to such decisions. Moreover, RDC has not produced any contracts relating to the purchase and sale of Wellbutrin XL or generic Wellbutrin XL. RDC should not be permitted to initiate a class action lawsuit and demand (and obtain) broad discovery from GSK, but then withhold documents directly relevant to issues raised in this litigation.[1] Accordingly, GSK moves this Court to compel RDC to produce documents and information responsive to its document requests.

II.     **BACKGROUND**

RDC is a drug wholesaler "servicing over 800 community retail pharmacies, long-term care pharmacies, and home health care stores in New York State, New Jersey, Pennsylvania, and Ohio." *See* Ex. 1 at RDC-WBXL-0034. As a wholesaler, RDC purchases branded and generic drugs directly from the manufacturer and stocks an inventory of pharmaceuticals for sale to pharmacies and stores. *See id.* RDC's public website touts its long history and financial success ― stating that "[b]y March 31st, 2005, sales had risen to $464 million." *Id.* at RDC-WBXL-0074. RDC's website lists its Board of Directors, a management team, and numerous departments within the company, including, but not limited to, purchasing, sales, marketing, operations & warehousing, and finance. *Id.* at RDC-WBXL-0037-39. Thus, a review of the hard copy printout of its public website reveals RDC to be an established, sophisticated wholesaler. *See id.*

On June 19, 2009, GSK propounded several document requests to RDC seeking documents relevant to the claims and defenses in this case. Ex. 2 (GSK's Reqs. to Direct Pls.)

---

[1] By contrast, in addition to hundreds of thousands of records of transactional data reflecting sales of Wellbutrin XL, GSK has produced over 700,000 pages of documents and its document production remains ongoing.

2

Specifically, GSK sought documents related to: RDC's purchases and sales of Wellbutrin XL and generic Wellbutrin XL, including all contracts for the purchases of Wellbutrin XL and generic Wellbutrin XL (Nos. 1-6); the purchase, pricing and sale of antidepressants, including how RDC decides which antidepressants to sell and how to price antidepressants (Nos. 7-9); competition among antidepressants (No. 10); generic forms of Wellbutrin XL (No. 11); impact of drug detailing of antidepressants on RDC's business (No. 12); communications with third parties regarding Wellbutrin XL or the subject matter of this litigation (No. 15); RDC's allegations of wrongful actions in this litigation and damages suffered (Nos. 16, 20-24, 27); and all other documents that relate to Wellbutrin XL or this litigation (No. 29). Documents responsive to these requests are relevant to issues relating to, among other things, market definition, market dynamics, as well as antitrust injury and damages.

Following RDC's refusal to produce several categories of documents, Ex. 3 (RDC's Objs. and Resps. to GSK's Reqs. to Direct Pls.), GSK sent several written requests seeking production of responsive documents and conducted a meet and confer with RDC on November 17, 2009. Ex. 4 (11/6/09 Letter from E. Bernard to P. Kohn/J.Radice); Ex. 5 (11/20/09 Letter from E. Bernard to P. Kohn/J.Radice); Ex. 6 (12/3/09 Letter from E. Bernard to P. Kohn); Ex. 7 (12/28/09 Letter from E. Bernard to P. Kohn/J. Radice). In response, RDC claims its 75-page document production — 43 pages of a printout of its public website and 32 pages of communications from generic Wellbutrin XL manufacturers regarding pricing — constitutes its "complete" document production in this case and no additional documents exist.[2] Ex. 8

---

[2] RDC disputes relevance to the extent the requests seek information regarding antidepressant drugs other than Wellbutrin XL and generic Wellbutrin XL and is withholding documents based on this objection. However, as explained in GSK's Motion to Compel Discovery Regarding Other Antidepressants filed on February 18, 2010, discovery regarding other antidepressants

3

(12/16/09 Letter from P. Kohn to E. Bernard). Yet, GSK has pointed out that even the token discovery produced by RDC belies that claim. *See* Ex. 6. Indeed, RDC acknowledged its purchasing decisions are made according to "estimates of demand derived from its customers" but RDC has not produced a single document showing the derivation of these estimates or how the purchasing decisions are made. *See* Ex. 9 at No. 5 (RDC's Resp. to GSK's Interrog.) RDC has failed to produce a single contract or agreement that relates to its purchases of Wellbutrin XL and/or generic counterparts, despite references to preexisting contracts and agreements with generic manufactures in several documents contained in RDC's production. *See, e.g.,* Ex. 1 at RDC-WBXL-0003, RDC-WBXL-0013. Despite the production of a one-way correspondence and emails from generic manufacturers about pricing, RDC has not produced a single communication originating from RDC. Likewise, RDC has failed to produce a single internal document relating to Wellbutrin XL or generic Wellbutrin XL ― not a single internal email, memorandum, budgeting, or strategy document.

Following months of meet and confer negotiations and correspondence between the parties ― and despite the obvious deficiencies and GSK's expressed disbelief ― RDC still claims its production is "complete." The parties remain at an impasse. Therefore, this issue is ripe for resolution by the Court.

### III.     ARGUMENT

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense." FED. R. CIV .P. 26(b)(1). Under Rule 34, a party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated

---

bears directly on the definition of the relevant antitrust product market in this case and should be produced.

4

documents, electronically stored information, or tangible things in the responding party's possession, custody, or control. FED. R .CIV .P. 34(a). If a party fails to permit inspection of documents or produce documents as requested under Rule 34, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection. FED. R. CIV. P. 37(a)(3)(B).

RDC is an established, sophisticated wholesaler that purchases branded and generic drugs directly from the manufacturer for resale to retail pharmacies and stores. It is inconceivable that RDC does not have in its possession, custody or control even a single document reflecting its purchasing and pricing decisions. Equally inconceivable is that RDC does not have a single document reflecting communications — indeed, not even an email — either internal to RDC or from RDC to outside persons or entities relating to Wellbutrin XL or generic Wellbutrin XL. Moreover, RDC's claim that it does not possess any agreements or contracts with the generic manufacturers regarding the purchasing and pricing of the drugs is flatly contradicted by specific references in the few documents RDC actually has produced. Thus, RDC simply does not appear to have made reasonable efforts to search for and produce responsive documents. Accordingly, GSK requests this Court compel RDC to produce responsive documents without further delay.

## IV. CONCLUSION

For the foregoing reasons, GSK respectfully requests that the Court order RDC to produce documents responsive to GSK's First Request for Production of Documents.

5

6

Date:  February 24, 2010	Respectfully submitted,

      /s/ Chong S. Park

John M. Desmarais (admitted *pro hac vice*)
Michael P. Stadnick (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Chong S. Park (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Arthur Makadon
Edward D. Rogers
Susanna R. Greenberg
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

*Attorneys for Defendant SmithKline Beecham Corp.*

Case 2:08-cv-02431-GAM Document 263 Filed 02/24/10 Page 8 of 11

# CERTIFICATE OF SERVICE

I, Susanna R. Greenberg, hereby certify that, on February 24 ,2010, I served SmithKline Beecham Corporation and GlaxoSmithKline plc's Motion to Compel Discovery, a memorandum in support thereof and a proposed order, upon counsel identified below, via the ECF system and electronic mail:

| | |
|---|---|
| Joseph F. Roda<br>Dianne M. Nast (DMN 1791)<br>Jennifer S. Snyder<br>**RODANAST, P.C.**<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Telephone: (717) 892-3000<br>Fax: (717) 892-1200 | Thomas M. Sobol<br>David S. Nalven<br>Debra Gaw Josephson<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>One Main Street<br>Cambridge, MA 02142<br>Telephone: (617) 482-3700<br>Fax: (617) 482-3003 |
| David F. Sorensen<br>Eric L. Cramer<br>Peter Kohn<br>Daniel Simons<br>Sarah Schalman-Bergen<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Fax: (215) 875-4604 | Linda P. Nussbaum<br>John D. Radice<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Fax: (212) 687-7714 |
| David Cohen, Esq.<br>**SALTZ MONGELUZZI BARRETT & BENDESKY, P.C.**<br>One Liberty Pl., 52nd Floor<br>1650 Market Street<br>Philadelphia, PA 19103 | Joe R. Whatley, Jr., Esq.<br>**WHATLEY DRAKE & KALLAS, LLC**<br>1540 Broadway<br>37th Floor<br>New York, NY 10036 |
| Kenneth A. Wexler, Esq.<br>Jennifer F. Connolly, Esq.<br>Amber Nesbitt, Esq.<br>**WEXLER TORISEVA WALLACE LLP**<br>55 West Monroe Street<br>Suite 3300<br>Chicago, IL 60603 | Daniel J. Boland, Esq.<br>Thomas E. Zemaitis, Esq.<br>**PEPPER HAMILTON LLP**<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103 |

| | |
|---|---|
| M. Sean Royall, Esq.<br>Ashley Johnson, Esq.<br>Malachi O. Boyuls, Esq.<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2100 McKinney Avenue<br>Suite 1100<br>Dallas, TX 75201-6912 | James G. Stranch, III, Esq.<br>**BRANSTETTER STRANCH AND JENNINGS PLLC**<br>227 Second Avenue North- 4th Floor<br>Nashville, TN 37201 |

Dated: February 24, 2010

      */s/ Susanna R. Greenberg*
      Susanna R. Greenberg

## CERTIFICATE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Civ. R. 26.1(f), GSK certifies that it has met and conferred by telephone or in writing with Plaintiff Rochester Drug Co-operative, Inc. on November 6, 2009 (letter), November 17, 2009 (telephone), November 20, 2009 (letter), December 6, 2009 (letter) and December 28, 2009 (letter) in unsuccessful attempts to obtain the requested documents without seeking Court intervention.

                                                  /s/ Elizabeth T. Bernard  
                                                  Elizabeth T. Bernard