# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE OSB ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 06-826 |

## ORDER

1. On August 3, 2007, I certified a multistate class and a nationwide class of consumers who purchased OSB for end use only. (Doc. No. 472.) I struck home buyers from the class, and struck those states that had only home buyer representatives. (Id.) I allowed Plaintiffs to substitute class representatives from those states that were stricken. (Id.) On August 24, 2007, Plaintiffs filed a Notice of Designation of Substitute Class Representatives. (Doc. No. 490.)

2. On August 28, 2007, I granted in part Plaintiffs' Motion for Clarification and Reconsideration of the August 3, 2007 Order. (Doc. No. 492.) I added back the original class representatives from Wisconsin, Massachusetts, and New York, who were also end users of OSB. (Id.) I also clarified that class representatives would need to be actual purchasers of OSB who could separate the costs of the OSB from any other time or materials costs. (Id.) On September 21, 2007, I ordered Plaintiffs to limit the number of representatives to one from each state. (Doc. No. 508.)

3. Plaintiffs designated the following new class representatives: Dwight Finch (California); Tom Koller (Florida); Eric Price (Minnesota); Gary Cardona (Nevada); Claudine Williams (Vermont); and David Colvin (West Virginia). (Doc. Nos. 490, 557.) On November

21, 2007, Defendants filed a Memorandum Opposing Substitution of Proposed Class Representatives. (Doc. No. 554.) On November 30, 2007 Plaintiffs' filed a Response. (Doc. No. 557.)

4. The newly designated class representatives each fit within the definition of the class that I certified: they are consumers who "as end users, indirectly purchased for their own use, and not for resale, new OSB manufactured and sold by one or more of the defendants between June 1, 2002 and the present (the "Class Period")." (Doc. No. 492.)

5. Defendants do not dispute the adequacy of Dwight Finch (California) and Claudine Williams (Vermont). Defendants oppose the other four newly designated class representatives, however, because: (1) Koller and Colvin did not keep the invoices from their OSB purchases; and (2) Price and Cardona did not purchase OSB until 2007 – after the filing of the instant lawsuit. Defendants' arguments are meritless.

6. Defendants argue that Koller and Colvin are rendered "demonstrably inadequate" because they failed to maintain invoices for their OSB purchases. Defendants rely on my August 27, 2007 Order, which provided guidance to Plaintiffs in choosing class representatives. (Doc. No. 492.) In the Order, I referred to separate invoices for OSB as a way in which potential class members could separate the cost of OSB from other construction or renovation costs and thus avoid the common proof problems that doomed the home buyer class. I did not, however, require class representatives to retain such invoices or receipts. Koller and Colvin each testified as to the price they paid for OSB; they can thus separate this cost from any construction costs. Accordingly, their failure to keep the invoices does not render them inadequate representatives.

7. Even though Price and Cardona purchased OSB during the Class Period,

2

Defendants argue that they are inadequate class representatives because they purchased OSB too late. This seems to be a criticism of the class that was certified. It is not relevant to the typicality or adequacy of these individuals as class representatives.

8. The newly designated class representatives meet Rule 23's typicality and adequacy requirements. Fed. R. Civ. P. 23(a). Like the other members of the class, these individuals allege that they suffered an economic injury when they purchased OSB for their personal use. See Fed. R. Civ. P. 23(a)(3); Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178 184 (3d Cir. 2001) (typicality requirement looks to whether the circumstances or legal theory are markedly different) (quoting Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985). They do not have interests that conflict with those of the class, and – as I have already recognized – Plaintiffs' attorneys are competent to prosecute a class action. See id. (adequacy requirement is met if there are no conflicts and attorney is capable of representing the class).

9. Accordingly, the following representative parties will fairly and adequately protect the interests of the respective state classes:

    a. Dwight Finch of California

    b. Claudine Williams of Vermont

    c. Eric Price of Minnesota

    d. David Colvin of West Virginia

    e. Thomas Koller of Florida

    f. Gary Cardona of Nevada

10. A multistate plaintiff class is hereby CERTIFIED, pursuant to Rule 23(b)(3) consisting of:

All residents of the following states who, as end users, indirectly purchased for their own use, and not for resale, new OSB manufactured and sold by one or more of the defendants between June 1, 2002 and the present (the "Class Period"): California, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New York, North Carolina, Nevada, North Dakota, Tennessee, Vermont, West Virginia, and Wisconsin. Excluded from the Class are: all federal, state, or local governmental entities; Defendants and subsidiaries and affiliates of Defendants; all persons who purchased OSB directly from any Defendant or from any other manufacturer of OSB; and all persons who purchased OSB only as part of a house or other structure. The Class shall be divided into subclasses by state.

AND IT IS SO ORDERED.

/s Paul S. Diamond
_____
Paul S. Diamond, J.