**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE WELLBUTRIN XL ANTITRUST LITIGATION )<br>)<br>)<br>) | Case No. 2:08-cv-2431-MAM (direct)<br>Case No. 2:08-cv-2433-MAM (indirect) |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ENLARGE NUMBER OF DEPOSITIONS TO BE TAKEN IN THESE CASES**<br><br>**Hon. Mary A. McLaughlin** |

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs ("Plaintiffs") jointly seek leave to take in excess the number of fact depositions presumptively allowed under Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(1). Plaintiffs collectively specifically seek leave to take up to 60 fact depositions. Plaintiffs have made repeated efforts to meet and confer with Defendants in an effort to reach agreement on this issue, but Defendants have rebuffed these efforts. Hence, motion practice is required.

The scope of this case – and Defendants' own identification of more than 60 individuals with substantial knowledge of relevant issues – warrants increasing the number of depositions permitted to 60. This case involves allegations of an overarching antitrust conspiracy which included the filing and maintenance of four baseless patent infringement suits, a baseless citizen petition, and entry into multiple settlement agreements, which had the purpose and effect of excluding generic competitors for up to 2 1/2 years. Defendants have already produced more than 250,000 documents (although many are duplicates and drafts) from over 150 different document custodians. Moreover, in response to Plaintiffs' interrogatories served on March 9, 2010, Defendants identified over 60 witnesses with substantial knowledge of specified relevant issues in this case. As a result, Plaintiffs anticipate the need for extensive deposition discovery.

Plaintiffs, however, have been unable to get Defendants to discuss this issue in any meaningful way, despite repeated attempts.

In the proposed discovery plan submitted to the Court in August 2009, anticipating the need for more than the presumptive number of fact depositions under Fed. R. Civ. P. 30(a)(2)(A)(1), the parties advised the Court that they would discuss the number of fact depositions to be taken as discovery developed, with the aim of reaching an agreement acceptable to the Court. On November 19, 2010, Plaintiffs approached Defendants to discuss and determine the number of fact depositions to be taken. Plaintiffs proposed that they be allotted up to 60 fact depositions. Plaintiffs set forth their proposal in writing, and provided specific reasons for the proposal, summarized as follows:

1. *Defendants' Interrogatory Responses.* Plaintiffs served interrogatories asking Defendants to identify individuals "with substantial responsibility" for a number of pertinent areas and subjects, including responsibility for the decisions to commence and maintain the underlying actions; responsibility for evaluating the potential threat posed by generic competition to Defendants' sales of Wellbutrin XL; and responsibility for negotiating and executing the agreements between Defendants and the generic manufacturers concerning the settlement of the infringement suits and the timing and sequence of generic entry. In their responses, Defendants collectively identified 61 individuals. Significantly, the interrogatories did not ask Defendants to identify "all" persons with "any" knowledge (interrogatories which might be expected to yield long lists of marginally relevant names), but to identify those with "substantial responsibility." Assuming Defendants' answered in good faith, their identification of 61 individuals, by itself, warrants 60 depositions. And, Defendants' list of 61 did not include third-parties, such as the generic manufacturers, whose testimony also may be needed.

2.      *Experience in Other Generic Suppression Cases.*  In other pharmaceutical antitrust cases based on suppression of generic competition, a like number of depositions have been required.  In the current *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, C.A. 06-052 (GMS) (D. Del.), in which several of the interim co-lead counsel in this case also have been appointed interim co-lead counsel, the parties have agreed that each side would be entitled to 280 hours of depositions.  Under the reasonable assumption that a number of the depositions will consume fewer than 7 hours each, this equates to roughly 50-60 depositions total.  In *In re Remeron Antitrust Litig.,* No. 03-CV-0085 (FSH) (D.N.J.), the plaintiffs required 45 fact depositions.  In *In re Tricor Antitrust Litigation*, C.A. No 05-340 (SLR) (D. Del.), the direct purchaser plaintiffs alone required 40 fact depositions.

3.      *Analysis of this Defendants' Conduct Compared to Other Cases.*  Plaintiffs allege baseless patent infringement litigation involving four generic manufacturers, baseless citizen petitioning, and anticompetitive settlement agreements.  Therefore, Plaintiffs expect that deposition practice in this case will require that we cover substantial ground.

In their November 19, 2010 letter, Plaintiffs invited Defendants to respond in writing or by meet and confer.  Defendants, however, have done neither.  After repeated prodding, Defendants agreed to a conference call on December 8, 2010, but on that call, Defendants demurred, stating only that they needed to confer further among themselves.  Defendants said they would provide a written response early in the following week (the week of December 13).  To date, Defendants have not responded.

Plaintiffs need certainty regarding the number of fact depositions so that the remainder of discovery can be planned and conducted efficiently and effectively.  Plaintiffs should not be made to expose their deposition strategy in advance or justify their choices on a deposition-by-deposition basis.  Nor should the Court be burdened by a series of motions concerning the

3

relevance of individual discovery activities. Plaintiffs' proposed number of 60 is warranted and reasonable under the circumstances of this case.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that their motion be granted.

Respectfully submitted,

| | |
|---|---|
| Joseph F. Roda | **/s/ David S. Nalven** |
| Dianne M. Nast | Thomas M. Sobol |
| Jennifer S. Snyder | David S. Nalven |
| RODANAST, P.C. | Robert M. McGill |
| 801 Estelle Drive | HAGENS BERMAN SOBOL |
| Lancaster, PA 17601 |    SHAPIRO LLP |
| Telephone: (717) 892-3000 | 55 Cambridge Parkway, Suite 301 |
| Fax: (717) 892-1200 | Cambridge, MA 02142 |
| | Telephone: (617) 482-3700 |
| | Fax: (617) 482-3003 |
| | |
| David F. Sorensen | Peter Kohn |
| Eric L. Cramer | FARUQI & FARUQI, LLP |
| BERGER & MONTAGUE, P.C. | 101 Greenwood Avenue, Suite 600 |
| 1622 Locust Street | Jenkintown, PA 19046 |
| Philadelphia, PA 19103 | Telephone: (215) 277-5770 |
| Telephone: (215) 875-3000 | Fax: (215) 277-5771 |
| Fax: (215) 875-4604 | |
| | |
| Don Barrett | Barry Taus |
| Brian Herrington | Archana Tamoshounas |
| DON BARRETT, P.A. | TAUS, CEBULASH & LANDAU, LLP |
| P.O. Box 987 | 80 Maiden Lane, Suite 1204 |
| Lexington, MS 39095 | New York, NY 10038 |
| Telephone: (662) 834-9168 | Telephone: (646) 873-7652 |
| Fax: (662) 834-2628 | |

*Attorneys for Direct Purchaser Plaintiffs*

Kenneth A. Wexler
Amber M. Nesbitt
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
*End-Payor Plaintiffs' Interim Co-Lead Counsel*

**/s/ Gerald Lawrence**
Gerald Lawrence
Richard W. Cohen
Peter D. St. Phillip, Jr.
Karen Iannace
Lowey Dannenberg Cohen & Hart, P. C.
One North Broadway
White Plains, NY 10601-174
Tel: (914) 997-0500
Fax: (914) 997-0035
*End-Payor Plaintiffs' Interim Co-Lead Counsel*

James G. Stranch, III
R. Jan Jennings
J. Gerard Stranch, IV
Joe P. Leniski
Branstetter Stranch & Jennings PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
*End-Payor Plaintiffs' Interim Co-Lead Counsel*

Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 496-8282 - Telephone
(215) 496-0999 – Facsimile
*End-Payor Plaintiffs' Liaison Counsel*

Joe R. Whatley, Jr.
Richard P. Rouco
Whatley Drake & Kallas, LLC
2001 Park Place N., Suite 1000
Birmingham, AL 35203
Telephone: (205) 328-9576
Facsimile: (205) 328-9669
*End-Payor Plaintiffs' Interim Executive Committee*

Marvin A. Miller
Lori A. Fanning
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676
*End-Payor Plaintiffs' Interim Executive Committee*

Daniel E. Gustafson
Karla M. Gluek
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
*End-Payor Plaintiffs' Interim Executive Committee*

Dated: December 29, 2010

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed and served through the Court's ECF system a true and correct copy of the foregoing.

**/s/ David S. Nalven**

Dated: December 29, 2010