## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WELLBUTRIN XL ANTITRUST LITIGATION | Case No. 2:08-cv-2431-MAM (direct) |
| THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTION | **Hon. Mary A. McLaughlin** |

### DIRECT PURCHASER PLAINTIFF'S UNOPPOSED MOTION FOR
### PRELIMINARY APPROVAL OF SETTLEMENT WITH BIOVAIL DEFENDANTS

Direct purchaser plaintiff Professional Drug Company, Inc. ("plaintiff"), by its counsel

("class counsel"), moves for an order pursuant to Fed. R. Civ. P. 23(e):

1. Granting preliminary approval of a settlement of this action between the previously-certified direct purchaser class[1] and defendants (1) Valeant Pharmaceuticals International, Inc. f/k/a Biovail Corp., (2) Biovail Laboratories, Inc. and (3) Valeant International Bermuda f/k/a Valeant International (Barbados) SRL f/k/a Biovail Laboratories International SRL (collectively, "Biovail") *only*;

2. Approving the proposed form and manner of notice to the class, plan of distribution, and claim form;

3. Appointing Rust Consulting, Inc. as Settlement administrator;

4. Appointing SunTrust Bank as Escrow Agent; and

5. Authorizing a proposed schedule for completing the approval process.

---

[1] The Court in its August 11, 2011 Order granted plaintiff's motion for class certification defined as follows:

All persons or entities in the United States and its territories who purchased Wellbutrin XL directly from any of the Defendants at any time during the period of November 14, 2005 through August 31, 2009. Excluded from the class are defendants and their officers, directors, management, employees, parents, subsidiaries, and affiliates, and federal government entities: persons or entities who have not purchased generic versions of Wellbutrin XL during the class period after the introduction of generic versions of Wellbutrin XL; and persons or entities who previously properly exercised their right to opt-out of the direct purchaser class pursuant to the Court's class certification order and notice thereof.

Following Court-approved notice, a single entity timely opted out, namely Dixon Shane, LLC d/b/a R&S Northeast LLC.

In support of this motion, plaintiff submits, as more fully described in its accompanying memorandum of law in support of the preliminary approval motion and exhibits thereto, that the settlement represents a beneficial result to the class in that it provides a cash payment to the class of $37.5 million in exchange for certain releases to Biovail only, and an agreement to dismiss this action with prejudice against Biovail only, as set forth in detail in the settlement agreement, annexed as Exhibit A to the accompanying memorandum of law.  By this motion, plaintiff also:

1. Submits for approval a proposed form of notice including procedures for objecting to the settlement, and plan for the notice to be sent by first class mail to all class members.  This manner of notice was employed to notify the class of the Court's class certification order and is in compliance with Fed. R. Civ. P. 23.

2. Submits for approval a proposed plan of distribution calling for the distribution of the settlement amount, net of attorneys' fees and expenses, class representative awards, and other costs as shall be allowed by the Court, to all class members *pro rata* based on their direct purchases of Wellbutrin XL during the class period.

3. Proposes Rust Consulting, Inc. ("Rust") as settlement administrator.  Rust is a highly experienced settlement administrator with special proficiency in the administration of claims involving purchases of pharmaceutical products.  Rust served as the notice administrator of the Court's class certification order.

4. Proposes SunTrust Bank is a subsidiary of SunTrust Banks, Inc.  SunTrust Bank's most direct corporate parent was established in 1891.  SunTrust Banks has approximately $200 billion in assets and operates 1,700 bank branches across 11 states and the District of Columbia.

5. Proposes the following schedule for the provision of notice to class members of the settlement, class counsel's application for attorneys' fees, costs, and class representative awards, class members' filing of any objections to the settlement, and the holding of the hearing on final approval:

| Within 15 days from entry of preliminary approval order | Settlement administrator disseminates notice to the class via first class mail. |
|---|---|
| Within 30 days from entry of preliminary approval order | Class counsel submits motion for attorneys' fees and expenses and incentive award for class representative. |
| Within 60 days from entry of preliminary approval order | Class members' deadline to object to the settlement. |

| Within 75 days from entry of preliminary approval order | Class counsel submits motion for final approval of the settlement. |
|---|---|
| On a date to be set by the Court no less than 100 days following the filing of this motion[2] | Court holds fairness hearing. |

WHEREFORE, based on the foregoing, and for the reasons set forth in the accompanying memorandum of law and exhibits, plaintiff's motion should be granted.

Dated:  July 23, 2012

Respectfully submitted,


**/s/ Thomas M. Sobol**

David F. Sorensen
Eric L. Cramer
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA19103
Telephone: (215) 875-3000
Fax: (215) 875-4604

Thomas M. Sobol
David S. Nalven
HAGENS BERMAN SOBOL
     SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA02142
Telephone: (617) 482-3700
Fax: (617) 482-3003


Joseph F. Roda
Dianne M. Nast
Jennifer S. Snyder
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA17601
Telephone: (717) 892-3000
Fax: (717) 892-1200

Peter Kohn
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA19046
Telephone:  (215) 277-5770
Fax:  (215) 277-5771

---

[2] Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Biovail is required to serve proposed settlement documents (*i.e.*, a copy of the settlement agreement, the complaint, notice of scheduled hearings, and any proposed or final orders or judgments) on appropriate state and federal officials, including the U.S. Attorney General; state attorneys general for each state in which class members reside; and licensing or regulatory bodies, within 10 days of filing a proposed settlement with the Court.  An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the date on which the officials are served.  *See* 28 U.S.C. §1715.

Don Barrett                          Barry Taus
Brian Herrington                     Archana Tamoshounas
DON BARRETT, P.A.                     TAUS, CEBULASH & LANDAU, LLP
P.O. Box 927                         80 Maiden Lane, Suite 1204
Lexington, MS 39095                  New York, NY 10038
Telephone: (662) 834-9168            Telephone: (646) 873-7652
Fax: (662) 834-2628

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day filed and served through the Court's ECF system a true and correct copy of the foregoing.

**<u>/s/ David S. Nalven</u>**