IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: WELLBUTRIN XL ANTITRUST LITIGATION | : : : : : | CIVIL ACTION NO. 08-2431 (direct) |

FILED
AUG 1 7 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

ORDER

AND NOW, this 17th day of August, 2011, upon review and consideration of the settlement agreement, dated July 17, 2012, and exhibits thereto, the Direct Purchaser Plaintiff's Unopposed Motion for Preliminary Approval of Settlement with Biovail, and supporting memorandum of law and exhibits thereto, IT IS HEREBY ORDERED as follows:

1. The Court has jurisdiction over this action and the parties, plaintiff Professional Drug Company, Inc. ("plaintiff") and the direct purchaser class and settling defendants Valeant Pharmaceuticals International, Inc. f/k/a Biovail Corp., Biovail Laboratories, Inc. and Valeant International Bermuda f/k/a Valeant International (Barbados) SRL f/k/a Biovail Laboratories International SRL (collectively, "Biovail"). This Court also has jurisdiction over non-settling defendants SmithKline Beecham Corp. and GlaxoSmithKline plc ("GSK").

2. The Court previously certified a class of direct purchasers of Wellbutrin XL on August 11, 2011.[1] The Court previously defined the Class as:

> All persons or entities in the United States and its territories who purchased Wellbutrin XL directly from any of the Defendants at any time during the period from November 14, 2005 through August 31, 2009 (the "Class Period"). Excluded from the class are defendants and their officers, directors, management, employees, parents, subsidiaries, and affiliates, and federal government entities. Further excluded from the class are persons or entities who have not purchased generic versions of Wellbutrin XL during the class period after the introduction of generic versions of Wellbutrin XL. See Doc. No. 369, ¶ 1.

Pursuant to the Court's Class Certification Order, Court-approved notice was disseminated by First Class mail to all members of the Class. Only direct purchaser Dixon Shane LLC d/b/a R&S Northeast LLC, excluded itself from the class by the opt out deadline of January 4, 2012. The class as certified on August 11, 2011, but excluding Dixon Shane LLC d/b/a R&S Northeast LLC, is hereinafter referred to as the "Class."

3. Upon review of the record and the settlement documents, the Court finds the proposed settlement, which includes a cash payment of $37.5 million by Biovail into an

---

[1] See In re Wellbutrin XL Antitrust Litig., 2011 WL 3563385 (E.D. Pa. Aug. 11, 2011); Doc. No. 369 (Order dated August 11, 2011) ("Class Certification Order").

escrow account for the benefit of the plaintiff and the Class ("settlement fund") in exchange for, <u>inter alia</u>, dismissal of the litigation with prejudice as against Biovail <u>only</u> by plaintiff and the Class as set forth in the settlement agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the fairness hearing provided for below.

      4. The Court finds that the proposed form of notice to Class members of the proposed settlement (Exhibit 1 to the Settlement Agreement, attached as Exhibit A to Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval) and the proposed method of dissemination of notice by first class mail satisfy Fed. R. Civ. P. 23(e) and due process and are otherwise fair and reasonable, and are therefore approved.

      5. The Court finds that because prior notice of class certification, disseminated by first class mail to all Class members on October 4, 2011, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that closed January 4, 2012, there is no need for an additional opt-out period pursuant to Fed. R. Civ. P. 23(e)(4).

6. The settlement administrator, at the direction of class counsel, shall cause the notice substantially in the form annexed to the Settlement Agreement as Exhibit 1 to be disseminated no later than 15 days following the entry of this Order by first-class mail to the last known address of each Class member.

7. The Court appoints Rust Consulting, Inc. to serve as settlement administrator and to assist class counsel in disseminating the notice to the Class. All expenses incurred by the settlement administrator must be reasonable, are subject to Court approval, and shall be payable solely from the settlement fund. The settlement administrator shall establish a website for the purpose of advising the Class about the settlement. The Declaration of Dan Coggeshall of Rust, setting forth Rust's qualifications to serve as administrator, is attached as Exhibit C to Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval.

8. The Court appoints SunTrust Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the settlement sum. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the settlement fund. A copy of the Escrow Agreement executed by SunTrust Bank and counsel for the parties

is attached as Exhibit D to Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval.

9. A hearing on final approval (the "fairness hearing") shall be held before this Court on November 29, 2012, at 9:30 AM, in Courtroom 13A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

10. At the fairness hearing, the Court will consider, inter alia: (a) the fairness, reasonableness and adequacy of the settlement; (b) the proposed plan of distribution of the settlement fund among Class members annexed to the Settlement Agreement as Exhibit 2; (c) the proposed claim form and process to be used for the distribution of the settlement fund; (d) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to class counsel; (e) whether an incentive award should be awarded to the named plaintiff, and in what amount; and (f) whether entry of a final judgment terminating this litigation should be entered.

11. In the event the fairness hearing is rescheduled or continued, the Court will furnish all counsel with appropriate notice, and class counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on the website established by the settlement administrator for the purpose of advising the class about the settlement.

12. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses and incentive awards for the plaintiff shall be filed with the Court no later than September 17, 2012.

13. Class members who wish to object with respect to the proposed settlement must first send an objection and, if intending to appear at the fairness hearing, a notice of intention to appear, along with a summary statement outlining the position to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Philadelphia PA 19106-1729, with copies to the following counsel:

On behalf of plaintiff and the direct purchaser class:

David F. Sorensen  
Berger & Montague, P.C.  
1622 Locust Street  
Philadelphia, PA 19103  
(215) 875-3000  

Thomas M. Sobol  
David S. Nalven  
Hagens Berman Sobol Shapiro LLP  
55 Cambridge Parkway, Suite 301  
Cambridge, MA 02142  
(617) 482-3700  

On behalf of defendant Biovail:

Andrew D. Lazerow  
Covington & Burling LLP  
1201 Pennsylvania Ave., NW  
Washington, DC 20004  
(202) 662-6000

To be valid, any such objection or notice of intention to appear and summary statement must be postmarked no later than October 16, 2012. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement. All persons and entities who fail to file an objection or notice of intention to appear as well as a summary statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the fairness hearing.

14. All briefs and materials in support of the final approval of the settlement and the entry of the final judgment proposed by the parties to the settlement agreement shall be filed with the Court no later than October 31, 2012.

15. All proceedings in this action against defendant Biovail <u>only</u> are hereby stayed until such time as the Court renders a final decision regarding the final approval of the settlement and, if it finally approves the settlement, enters final judgment and dismisses the action with prejudice.

16. In the event that the settlement does not become final as to defendant Biovail, then litigation of this action will resume in a reasonable manner to be approved by the Court upon joint application by the plaintiff and the defendant Biovail as necessary.

17. In the event the settlement agreement and the settlement are terminated and/or rescinded in accordance with the applicable provisions of the settlement agreement, the settlement, and all related proceedings shall, except as expressly provided to the contrary in the settlement agreement, become null and void, shall have no further force and effect, and plaintiff shall retain full rights to assert any and all causes of action against defendant Biovail and any other released party, and defendant Biovail shall retain any and all defenses and counterclaims hereto. This action shall hereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the settlement agreement and shall proceed as if the settlement agreement and all other related orders and papers had not been executed by plaintiff and defendant Biovail.

18. Neither the settlement agreement nor any other settlement-related document nor anything contained therein or contemplated thereby nor any proceedings undertaken in accordance with the terms set forth in the settlement agreement or in any other settlement-related document shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by defendant Biovail as to the validity of any claim that has been or could have been asserted against defendant Biovail or as

to any liability by defendant Biovail as to any matter set forth in this Order.

                    BY THE COURT:

                    _____
                    MARY A. McLAUGHLIN, J.