UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: WELLBUTRIN XL ANTITRUST LITIGATION | : : : | CIVIL ACTION NO. 08-2431 |
| THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTION | : : : | |

ORDER

AND NOW, this 22nd day of January, 2015, upon consideration of the Direct Purchaser Plaintiffs' Motion to Compel Deposition Testimony (Docket No. 563), GSK's memorandum of law in opposition to the plaintiffs' motion, and the reply in support of the Direct Purchaser Plaintiffs' motion, IT IS HEREBY ORDERED that the motion is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Direct Purchaser Plaintiffs may take the depositions of all five individuals who were interviewed by the defendant's experts. The Direct Purchaser Plaintiffs may depose the four individuals they have already deposed for one hour each, and these depositions may only relate to any information the individuals gave to the experts and the basis for that information. The Direct Purchaser Plaintiffs may depose the individual who they have not yet deposed for two hours. This individual may be questioned more broadly with respect to his background and positions with

the defendant, as the Direct Purchaser Plaintiffs may not yet have this information.

The Court will not attempt to decide the dispute about any earlier agreement by the parties on this subject. The Court assumes that all counsel have been acting in good faith and may just have different perspectives on the events in question. In any event, it is fair that the plaintiffs be able to question the witnesses themselves as to what they told the defendant's experts, rather than having to rely on the experts for that information. The Direct Purchaser Plaintiffs shall not, however, re-question the witnesses about topics already covered in earlier depositions.


                              BY THE COURT:


                              /s/Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.